Alison Helen Fairchild
1308 East Colorado Blvd.
Pasadena, CA 91106
Mobile: (626) 399-2159

Email: fairchildadacrusader@gmail.com

## UNITED STATES DISTRICT COURT
## DISTRICT OF THE STATE OF WASHINGTON
## WESTERN DISTRICT

| | |
|---|---|
| ALISON HELEN FAIRCHILD,<br><br>              Plaintiff,<br><br>       vs.<br><br>wyze labs, inc., dave crosby, los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matt mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, & DOES 1-10<br><br>              Defendant(s), | Case No.  2:21-cv-00397  RAJ<br><br><br>**CIVIL RIGHTS COMPLAINT** |

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 1 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**VERIFIED COMPLAINT FOR GENERAL DAMAGES, COMPENSATORY DAMAGES, & SPECIAL DAMAGES for: VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. §§ 1983, & 1985; VIOLATION OF [42 U.S.C. § 12203(b)] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51.7, & 52.1; VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY, & GROSS NEGLIGENCE.**

This lawsuit is brought due to the horrible choices made by all Defendants.

Defendants los angeles county sheriff's department, sheriff alex villanueva, los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2 violated 42 U.S.C. § 12203(b) and 42 U.S.C. § 12131 by intentionally failing to first arrest, and then criminally charge suspect Christine Marie Perrette for violently pepper spraying Plaintiff Alison Helen Fairchild on March 24, 2021. Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe intentionally discriminated against Plaintiff Alison Helen Fairchild by failing to arrest Christine Marie Perrette for a felony charge of violation of California Penal Code § 22810, since Christine Perrette had violently pepper sprayed Alison Fairchild's fiancé Arogant Hollywood in an unprovoked attack on or about March 14, 2019. While still not acceptable to Alison Helen Fairchild at the bare minimum these bonehead law enforcement officers should have taken Christine Perrette to jail pursuant to California Penal

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 2 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Code § 853.6 subsection (i) subparagraph (7).

Defendants los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis intentionally discriminated against Plaintiff Alison Helen Fairchild by conducting and completing a grossly negligent and inadequate criminal investigation. Defendants los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis also failed to connect the dots between the previous pepper spray attack by Christine Marie Perrette on March 14, 2019. These Defendants were thus grossly negligent for not issuing a warrant for Christine Marie Perrette's arrest. These Defendants intentionally discriminated against Alison Helen Fairchild by not investigation Perrette criminal conduct as both a hate crime and general felony pursuant to California Penal Code § 22810

Defendants los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, and jane doe deputy district attorney 2 intentionally discriminated against Alison Helen Fairchild by not charging Christine Marie Perrette for a felony charge of violation of California Penal Code § 22810.

Defendants, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn violated U.S.C. § 12203(b) by failing to take legal action against Christine Marie Perrette after she violently pepper sprayed Alison Fairchild's fiancé and caretaker Arogant Hollywood on or about March 14, 2019.

Defendants nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn intentionally discriminated against Alison Fairchild by watching her get attacked by Christine Perrette and then doing nothing to help her after Plaintiff was pepper sprayed.

Defendants nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn intentionally discriminated against Alison Fairchild by watching her get attacked by Christine Perrette and not calling 911 so that Alison Fairchild could get help from paramedics and be transferred to a local hospital.

Defendants nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn all indirectly participated in Christine Perrette's pepper spray attacks on March 14, 2019 and

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 3 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

March 24, 2019 because during both attacks they all stood by and watched and did not offer the victims assistance and they failed to contact 911. In fact, upon Arogant Hollywood returning to the Evergreen Inn on March 27, 2019 Defendant Jane Doe Room 110 stated: *"He came back. He must want to get pepper sprayed again. Go get Christine!"*

Defendants nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn intentionally discriminated against Fairchild by voluntarily dismissing their frivolous unlawful detainer after their illegal and unconstitutional lockout was complete.

Defendants yun zhang, dave crosby, wyze labs, inc., violated U.S.C. § 12203(b) by failing to turn over video footage stored on the company's cloud that would have shown that Fairchild was not locked out of her home by Defendants nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, and evergreen inn and pepper sprayed and sent to the hospital on March 24, 2019. Plaintiff Fairchild believes that Defendants yun zhang, dave crosby, wyze labs, inc., still have video of footage from the night of March 24, 2019 in their possession.

Defendants randy galindo, a plus eviction service, william edward windham violated U.S.C. § 12203(b) by lying the Court that they were not properly served papers that led to Arogant Hollywood's ex-parte application to get back in his apartment located at 20022 East Arrow Highway, CA denied.

Defendants randy galindo, a plus eviction service, william edward windham violated U.S.C. § 12203(b) intentionally and deliberately voluntarily dismissing Evergreen Inn's frivolous and meritless unlawful detainer for the sole purpose of preventing Fairchild from reentering her home, Apartment 105.

All private citizen non-governmental Defendants violated state laws by their negligence, negligence per se, negligence, intentional infliction of emotional distress, intentional infliction of emotional distress, civil conspiracy, abuse of process, and gross negligence.

Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild, a Caucasian woman who is non-ambulatory and unable to walk whatsoever.,

Plaintiff Fairchild is a member of disabled persons protected under the federal laws of

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 4 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Title II of the American Disabilities Act of 1990.

Defendants were negligent and grossly negligent by violating Plaintiff's 14th Amendment civil rights by conspiring to deny her possession of real property without due process of law.

Defendants were negligent and grossly negligent by violating Plaintiff Fairchild's constitutional civil rights protected under the American Disabilities Act.

Defendants were negligent and grossly negligent by violating Plaintiff Fairchild's constitutional civil rights protected under the Civil Rights Act of 1964.

Defendants nitin solanki, mrs. solanki, evergreen inn, and sobi investments llc were grossly negligent by after being warned that their tenant Christine Marie Perrette had violently pepper sprayed Arogant Hollywood took no action against his tenant Christine Perrette. This is precisely why just eight days after violently pepper spraying Plaintiff Arogant Hollywood Defendant Christine Perrette violently pepper sprayed Alison Helen Fairchild. Criminal charges were pending after Perrette violently pepper sprayed Arogant Hollywood, and Defendant Solanki was outside at the time of her arrest and cite out. In addition, Defendant Solanki told tenants in Room 104, Room 106, Room 110, and Room 212 to harass Plaintiff Fairchild, in his attempt to run Plaintiff Fairchild out of her apartment.

Defendants grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc) were grossly negligent by failing to take any action against Christine Marie Perrette after receiving an email that she had pepper sprayed Hollywood on March 14, 2019. Defendants failure to act resulted in Christine Perrette thinking it was perfectly okay to pepper spray Alison Helen Fairchild on March 24, 2019.

All Defendants and Does 1-10 actions were done deliberately and intentionally with complete disregard of the welfare and civil rights of Plaintiff, and therefore, Plaintiff Alison Helen Fairchild is entitled to punitive damages against all Defendants.

Plaintiff Alison Helen Fairchild seek a declaration that Defendants nitin solanki, mrs. solanki, sobi investments llc and evergreen inn and Does 1-10 violated Plaintiff's clearly established constitutional rights as set forth in this civil rights complaint; a declaration that

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 5 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Defendants' restriction on Plaintiff's speech violates the United States Constitution, and 42 U.S.C. § 1983, and nominal damages for the loss of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Alison Helen Fairchild also seek an award of reasonable costs of litigation, including attorneys' fees and expenses, pursuant to 42 U.S.C. § 1988 and other applicable law.

Plaintiff Fairchild will seek general damages, compensatory damages, special damages, and punitive damages against all the above stated Defendants.

## I.    INTRODUCTION

1.    No man in this country is so high that he is above the law. No officer of the law may set that law at defiance of impunity. All of the officers of the government from the highest to the lowest, are creatures of the law, and are bound to obey it. ***United States v. Lee, 106 U.S. 196 (1882).***

2.    Plaintiff Alison Helen Fairchild was victimized by Defendants and Does 1 10 who acted under the color of state law to interfere with her constitutional 14th Amendment rights.

All Defendants intentionally discriminated against Plaintiff Alison Helen Fairchild. Defendants Nitin Solanki, Sobi Investments LLC, Christine Marie Perrett, Mrs. Solanki, Jane Doe Room 110 and Jane Doe Room 205 used threats of violence, and actual violence to emotional and physically harm Plaintiff Alison Helen Fairchild.

Plaintiff Alison Helen Fairchild will be forever psychologically, mentally, and emotionally damaged by the wrongful conduct and actions of Defendants.

3.    This is a civil rights action brought by Plaintiff Alison Helen Fairchild, a sixty-four-year-old Caucasian disabled female, pursuant to 42 U.S.C. §§§§ 1981, 1983, 1985, 1986, & 1988, and the Fourteenth Amendment of the United States Constitution for compensatory damages,

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 6 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

general damages, special damages, punitive damages, injunctive relief, and attorney's fees to vindicate profound deprivations of Plaintiff Fairchild's constitutional civil rights including but not limited to negligence, negligent supervision, gross negligence, civil conspiracy, intentional infliction of emotional distress, negligent per se, assault, battery, abuse of process, and negligent intentional infliction of emotional distress.

4.     This is a civil rights action brought by Plaintiff Alison Helen Fairchild, a sixty-four-year-old Caucasian disabled female, pursuant to 42 U.S.C. §§§ 12101 12203, 12132, and the Fourteenth Amendment of the United States Constitution for compensatory damages, punitive damages, injunctive relief, and attorney's fees to vindicate profound deprivations of Plaintiff Fairchild's constitutional civil rights including but not limited to negligence, negligent per se, gross negligence, civil conspiracy, assault, battery, intentional infliction of emotional distress, and negligent intentional infliction of emotional distress.

All Defendant's actions were deliberate, intentional, and done with evil intentions and complete disregard for Plaintiff Alison Helen Fairchild's constitutional civil rights. Plaintiff Alison Helen Fairchild has suffered emotional due to disability discrimination, harassment, threats of violence, actual violence, and other mistreatment by all Defendants.

5.     Plaintiff Alison Helen Fairchild suffered physical, mental, and emotional injuries as a result of Defendants' complete disregard to Plaintiff Fairchild's well-established constitutional rights. All Defendants' actions were deliberate, intentional, and done with evil intentions and complete disregard for Plaintiff Alison Helen Fairchild's constitutional civil rights. Defendants Nitin Solanki, Mrs., Solanki, Sobi Investments LLC, and Evergreen Inn encouraged, indirectly participated, and tolerated violence and threats upon Fairchild done by Christine Perrette, and several other Evergreen Inn tenants. Alison Helen Fairchild has suffered mentally, emotionally, and physically.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 7 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**JURY TRIAL DEMAND AND CIVIL RIGHTS COMPLAINT OF ALISON HELEN FAIRCHILD**

**PLAINTIFF ALISON HELEN FAIRCHILD** individually bring this action against Defendants Los Angeles County, Los Angeles County sheriff's department sheriff alex villanueva, sergeant white, captain andy berg christine marie perrette nitin bhanubhai solanki, sobi investments, llc, Los Angeles County district attorney's office, michael doe defendant, jane doe (room 106). jane doe (room 110), john doe (room 104), & DOES 1-10. The Plaintiff hereby alleges as set forth below:

**II.     SUBJECT MATTER JURISDICTION & ARTICLE III STANDING TO BRING FORTH THIS LAWSUIT**

6.     To establish standings to maintain an action in federal district court, a plaintiff must allege: (1) injury in fact, (2) causation----"a fairly traceable connection between the plaintiff's harm and the complained of conduct of the defendant", and----------------(3) redressability -------"a likelihood that the requested relief will redress the alleged injury." See *Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).*

7.     The Supreme Court has explained that "the irreducible constitutional minimum' of standing consists of three elements." See *Spokeo Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Lujan, 504 U.S. at 560).* A plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of a defendant, and (3) that is likely to be redressed by a favorable judicial decision.

8.     Plaintiff Alison Helen Fairchild is part of a protected class of United States citizens under

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 8 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

the American Disabilities Act of 1990. Plaintiff Fairchild is protected under the American Disabilities Act of 1990 and has filed this lawsuit on her behalf to redress civil rights violations by all Defendants. Plaintiff Fairchild alleges that Defendants' employees and management violated Plaintiff's 14th Amendment rights. Plaintiff Fairchild alleges that Defendants have discriminated against Plaintiff Fairchild in violation of U.S.C. §§ 1981, 12203, 12131 and the American Disabilities Act of 1990. Plaintiff Fairchild alleges that Defendants have conspired to interfere with Plaintiff's constitutional 14th amendment rights by blocking her legal pathway to restore possession to her home.

## III.    PARTIES TO THE ACTION

9.    Plaintiff **ALISON HELEN FAIRCHILD (hereinafter "Plaintiff Fairchild" or "Fairchild")** is currently a resident of San Diego, California and Los Angeles, California. At the present time of the filing of this civil rights complaint Plaintiff Fairchild was a disabled individual living within the city of San Diego. At all relevant times stated throughout this federal civil rights complaint Plaintiff Fairchild was a California state legal tenant of the residential real estate property located at 20022 E. Arrow Highway, Covina, CA, 91724, located in the city limits of Covina, CA, 91724, Apartment 105.

10.    At all times relevant hereto, and stated throughout this lawsuit, Alison Helen Fairchild was an individual over the age of 18 years-old, a resident of the state of California, and a citizen to the United States of America. Plaintiff Fairchild currently has a written rental lease agreement with Evergreen inn, which is owned by Defendants Nitin Solanki and Sobi Investments, LLC. Plaintiff Fairchild has an interest in this lawsuit through her residential tenancy of Defendants' residential hotel pursuant to California Health & Safety Code § 50519, her illegal and unconstitutional lockout by Defendants, and discrimination forbidden by Title II and Title III of the American Disabilities Act of 1990. Plaintiff Fairchild is a proper and appropriate party

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 9 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

to this federal district court lawsuit through her residential tenancy at Defendants' Evergreen inn. Plaintiff Fairchild has an interest in this lawsuit because Defendants Sobi Investments LLC, Evergreen Inn, Mrs. Solanki, and Nitin Solanki are all responsible for the harm Plaintiff suffered by being pepper sprayed by their Evergreen Inn tenant Christine Marie Perrette.

11.     Plaintiff **ALISON HELEN FAIRCHILD** is a "physically handicapped person", a "physically disabled person", and a "person with physical disabilities" (hereinafter the terms "physically disabled", "physically handicapped" and "person with physical disabilities" are used interchangeably, as these words have similar or identical common usage and legal meaning, but the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically handicapped persons" and the Unruh Civil Rights Act, §§ 51, 51.5, 54, 54.1 and 55, and other statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff **ALISON HELEN FAIRCHILD** is a "person with physical disabilities", as defined by all applicable California and United States laws. Plaintiff Alison Fairchild has severe brain damage, chronic arthritis all over her entire body, spinal meningitis, multiple sclerosis and constant joint inflammation, pain and swelling. Plaintiff Fairchild suffers from degenerative joint disease, in her neck, shoulders, and spine, an irregular heartbeat, multi-joint arthritis. Plaintiff Fairchild was diagnosed with Multiple Sclerosis in 2004, and it is a progressive disease that will only get worse over time. MS causes Plaintiff Fairchild to suffer from blurred vision, double vision, migraines, muscle spasms, muscle weakness, joint pains, and additional lesions on her brain as result of her MS illness and symptoms. Plaintiff Fairchild has no control over her muscles, which are deteriorating faster than doctors thought they would, and she is forced to use a wheelchair at all times, Plaintiff cannot walk. Plaintiff Fairchild also suffers from severe cervical degenerative disk disease, ruptured discs in her back and heart disease. In addition, Plaintiff Fairchild's multiple sclerosis attacks her brain, and during intense emotional distress, leads to migraines caused by addition legions formed on her brain. Plaintiff

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 10 of 210         *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**ALISON HELEN FAIRCHILD** requires the use of a wheelchair to travel about in public. Consequently, plaintiff **ALISON HELEN FAIRCHILD** is a member [1] of that portion of the public whose rights are protected by the provisions of Health & Safety Code § 19955, et seq. (entitled "Access to Public Accommodations by Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code §§ 51 and 51.5 the Disabled Persons Act, Civil Code § 54, and the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.

Plaintiff Alison Helen Fairchild is protected from harm by all Defendants pursuant to Title II and III of the American Disabilities Act of 1990.

12.     Defendant **WYZE LABS, INC. [hereinafter "Defendant Wyze or "Wyze]** is a U.S. based technology company based in Seattle, Washington, that specializes in smart home products and wireless cameras. Wyze Labs is a small start-up, formed by former Amazon employees Yun Zhang and Dave Crosby. The company was incorporated on July 19, 2017. On January 31, 2019, Wyze announced a $ 20 million investment from Northwest Venture Partners. In December 2019, the company acknowledged that a server leak had exposed the details of roughly 2.4 million customers. Defendant Wyze Is a foreign profit corporation based in the state of Washington. Defendant Wyze's Washington State corporate entity number is 604-179-152. Defendant Wyze's jurisdiction lies within the state of Washington.

13.     Defendant **DAVE CROSBY [hereinafter "Defendant Crosby" or "Crosby"]** is the Cofounder of Wyze Labs Inc. located in Washington state. Crosby is also an accomplished musician who was a contestant on the Voice Season 13 and has a YouTube Channel with his daughter Claire Crosby that has amassed over 3 million subscribers in the past four years alone. Defendant Dave Crosby is being sued for intentional discrimination of Plaintiff Alison Helen Fairchild. Defendant Crosby is a 30 something years-old Caucasian American man. The federal court has jurisdiction has diversity jurisdiction over Defendant Crosby as he lives and works in the state of Washington.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 11 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

14.     **Defendant Los Angeles County Sheriff Deputy 1 [hereinafter "Defendant Deputy 1 or Deputy 1"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of deputy. At all times alleged in this civil rights complaint Deputy 1 was acting under the color of state law. Defendant Deputy 1 is being sued because he failed to arrest Christine Marie Perrette for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Deputy 1 is being sued in both his official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Deputy 1 because he is employed by the county of Los Angeles and lives in the state of California.

15.     **Defendant Los Angeles County Sheriff Deputy 2 [hereinafter "Defendant Deputy 2 or Deputy 2"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of deputy. At all times alleged in this civil rights complaint Deputy 2 was acting under the color of state law. Defendant Deputy 2 is being sued because he failed to arrest Christine Marie Perrette for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Deputy 2 is being sued in both his official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Deputy 1 because he is employed by the county of Los Angeles and lives in the state of California.

16.     **Defendant Los Angeles County Sheriff Deputy 3 [hereinafter "Defendant Deputy 3 or Deputy 3"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of deputy. At all times alleged in this civil rights complaint Deputy 3 was acting under the color of state law. Defendant Deputy 3 is being sued because he failed to arrest Christine Marie Perrette for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Deputy 3 is being sued in both his official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 12 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

America. The federal district court has jurisdiction over Deputy 3 because he is employed by the county of Los Angeles and lives in the state of California.

17.    **Defendant Los Angeles County Sheriff Deputy 4 [hereinafter "Defendant Deputy 4 or Deputy 4"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of deputy. At all times alleged in this civil rights complaint Deputy 4 was acting under the color of state law. Defendant Deputy 4 is being sued because he failed to arrest Christine Marie Perrette for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Deputy 4 is being sued in both his official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Deputy 3 because he is employed by the county of Los Angeles and lives in the state of California.

18.    **Defendant Los Angeles County Sheriff's Department Detective Doe [hereinafter "Defendant Detective Doe" or "Detective"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of detective. At all times alleged in this civil rights complaint Detective Doe was acting under the color of state law. Defendant Detective Doe is being sued because of he or she's intentionally inadequate criminal investigation of Christine Marie Perrette, which led to the intentional discrimination of Alison Helen Fairchild for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Lieutenant Doe is being sued in both his or her official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Defendant Detective Doe because he or she is employed by the county of Los Angeles and lives in the state of California.

19.    **Defendant Sergeant Doe** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of sergeant. At all times alleged in this civil rights complaint Sergeant Doe was acting under the color of state law. Defendant Sergeant Doe is

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 13 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

being sued because he failed have deputy 1-4 arrest Christine Marie Perrette for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Sergeant Doe is being sued in both his official capacity as a law enforcement peace officer, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Defendant Sergeant Doe because he is employed by the county of Los Angeles and lives in the state of California.

20.    **Defendant Los Angeles County Sheriff's Department Sergeant Nicole Davis [hereinafter "Defendant Davis" or "Davis"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of detective sergeant. At all times alleged in this civil rights complaint Davis was acting under the color of state law. Defendant Davis is being sued because of he or she's intentionally inadequate criminal investigation of Christine Marie Perrette, which led to the intentional discrimination of Alison Helen Fairchild for a felony investigation after she pepper sprayed Fairchild on March 24, 2019. Defendant Davis had the most power, authority, control, and decision making to charge Christine Marie Perrette. Defendant Davis was aware of Christine Marie Perrette attacking Fairchild's fiancé Arogant Hollywood on or about March 14, 2019 yet she still failed to charge Christine Marie Perrette for a felony charge pursuant to California Penal Code § 22810. Defendant Davis is being sued in her official capacity as a law enforcement peace officer, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Defendant Nicole Davis because she is employed by the county of Los Angeles and lives in the state of California.

21.    **Defendant Captain Andy Berg [hereinafter "Defendant Berg" or "Berg"]** is a Los Angeles County Sheriff's Department sworn in peace officer who has the law enforcement rank of captain. At all times alleged in this civil rights complaint Berg was acting under the color of state law. Defendant Berg is an approximately forty-five to fifty-five year=old Caucasian male

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 14 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

and a United States citizen. Defendant Berg is being sued in both his official capacity as a law enforcement sergeant, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Berg because he is employed by the county of Los Angeles and lives in the state of California.

22.     Defendant **LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE [hereinafter "Defendant DA or "Los Angeles DA"]** was, at all times relevant herein, a municipal agency of the LOS ANGELES COUNTY and was charged with the responsibility of enhancing the quality of life in the Los Angeles County by working in accordance with constitutional rights to enforce the law. In addition, Defendant Los Angeles DA is in charge of the office that prosecutes felony and misdemeanor crimes that occur within Los Angeles County, California, United States. The current district attorney (DA) as of December 2020 is George Gascon. The Los Angeles County District Attorney's Office is one of the largest local prosecutor's offices in the United States

23.     Defendant **JACQUELYN LACEY [hereinafter "Defendant Lacey" or "Lacey"]** was the acting Los Angeles District Attorney at the time of said civil rights violations alleged throughout this lawsuit. In March 2019 Defendant Lacey was the DISTRICT ATTORNEY of the LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE and was responsible for, and was the chief architect of, the policies, practices, and customs of the LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling and control of the civilian employees and California state bar licensed attorneys under her command. Defendant Lacey is an approximately sixty-four years-old African American woman and a United States citizen. Defendant Lacey is being sued in both her official capacity as a local governmental attorney, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Lacey because at the time of said allegations and statement of facts of

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 15 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

this civil rights complaint she was employed by the county of Los Angeles and lived in the state of California.

24.    Plaintiff Fairchild hereby reserves her right to add current Los Angeles DA George Gascon as a Defendant to this action in the near future.

25.    Defendant **DEANNE B. CASTORENA [# 150475] [hereinafter "Defendant Castorena" or "Deanne"]** is a governmental criminal attorney that has been authorized to practice criminal law in the state of California since December 4, 1990. Deanne is the attorney in charge of the Los Angeles County District Attorney's office in West Covina where the LASD's criminal case against Christine Marie Perrette was forwarded to. Deanne was the final decision maker and approved and ratified her deputy district attorney's poor decision to not charge Christine Marie Perrette in the unprovoked and hate based pepper spray attack of Alison Helen Fairchild. Defendant Castorena is an approximately fifty-five years-old Caucasian or Anglo woman and a United States citizen. Defendant Castorena is being sued in both her official capacity as a local governmental attorney, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Deanne because at the time of said allegations and statement of facts of this civil rights complaint she was employed by the county of Los Angeles and lived in the state of California.

26.    Defendant **JANE DOE DEPUTY DISTRICT ATTORNEY 1 [hereinafter "Defendant DA 1" or "DA 1"]** is a governmental criminal attorney that has been authorized to practice criminal law in the state of California. Deanne is a deputy district attorney working out of the Los Angeles County District Attorney's office in West Covina where the LASD's criminal case against Christine Marie Perrette was forwarded to. DA 1 played a part in the intentional discrimination of Alison Helen Fairchild. DA 1 was involved with the conspiracy to violate the civil rights of Alison Fairchild by not charging Christine Marie Perrette with a felony

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 16 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

for her unprovoked and hate based pepper spray attack of Alison Helen Fairchild. Defendant DA 1 is a Caucasian or Anglo woman and a United States citizen. Defendant DA 1 is being sued in both her official capacity as a local governmental attorney, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over DA 1 because at the time of said allegations and statement of facts of this civil rights complaint she was employed by the county of Los Angeles and lived in the state of California.

27.     Defendant **JANE DOE DEPUTY DISTRICT ATTORNEY 2 [hereinafter "Defendant DA 2" or "DA 2"]** is a governmental criminal attorney that has been authorized to practice criminal law in the state of California. DA 2 is a deputy district attorney working out of the Los Angeles County District Attorney's office in West Covina where the LASD's criminal case against Christine Marie Perrette was forwarded to. DA 1 played a part in the intentional discrimination of Alison Helen Fairchild. DA 1 was involved with the conspiracy to violate the civil rights of Alison Fairchild by not charging Christine Marie Perrette with a felony for her unprovoked and hate based pepper spray attack of Alison Helen Fairchild. Defendant DA 2 is a Caucasian or Anglo woman and a United States citizen. Defendant DA 2 is being sued in both her official capacity as a local governmental attorney, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over DA 2 because at the time of said allegations and statement of facts of this civil rights complaint she was employed by the county of Los Angeles and lived in the state of California.

28.     Defendant **CHRISTINE MARIE PERRETTE (hereinafter "Defendant Perrette" or "Perrette")** is a Hispanic, Caucasian, or Anglo individual over the age of eighteen years old. Defendant Perrette had resided at the Evergreen Inn for approximately six months to one year at the time of unconstitutional incidents that led to the allegations made against her in this civil rights lawsuit. Defendant Christine Marie Perrette is being sued for assisting Defendants Sobi Investments LLC, Mrs. Solanki, Evergreen Inn, and Nitin Solanki with violating the civil rights

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 17 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

of Alison Helen Fairchild. Perrette is being sued for too many California torts, violations of federal and state law to list herein.

29.    Defendant **Nitin Bhanubhai Solanki (hereinafter "Defendant Solanki")** operates in the business of residential hotel real estate. Defendant Solanki operates a residential hotel called Evergreen Inn. At all relevant times state throughout this lawsuit Defendant Solanki was an individual over the age of 18 years old. Defendant Solanki has violated ADA laws pursuant to U.S.C. §§ 12203. Defendant Solanki has violated the Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990. Defendant Solanki owns, manages, and operates a public accommodation known as Evergreen Inn, located at 20022 East Arrow Highway, Covina, CA, 91724. Defendant Solanki is being sued for too many California torts and violation of state and federal statutes to list herein.

30.    Defendant Mrs. Solanki **[hereinafter "Defendant Mrs." or "Defendant Mr. Solanki"]** operates in the business of residential hotel real estate. Defendant Mrs. Solanki operates a residential hotel called Evergreen Inn. At all relevant times state throughout this lawsuit Defendant Mrs. Solanki was an individual over the age of 18 years old. Defendant Mrs. Solanki has violated ADA laws pursuant to U.S.C. §§ 12203. Defendant Mrs. Solanki has violated the Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990. Defendant Mrs. Solanki owns, manages, and operates a public accommodation known as Evergreen Inn, located at 20022 East Arrow Highway, Covina, CA, 91724. Defendant Mrs. Solanki is being sued for too many California torts and violation of state and federal statutes to list herein.

31.    Defendant Sobi Investments, LLC **[hereinafter "Defendant Sobi" or "Sobi"]** is a California limited liability company that is the property owner and real estate developer of Evergreen inn. Defendant Solanki is the chief officer, secretary, chief financial officer, director,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 18 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

and registered agent for service of this summons a complaint. Sobi Investments, LLC's executive headquarters are located at 20022 East Arrow Highway, Covina, CA 91724. Sobi Investments, LLC's California Secretary of State business entity number is 200435610009. Sobi Investments, LLC is being sued because it is responsible for the actions and conduct of its Evergreen Inn tenants, employees, visitors, and guests. Sobi Investments, LLC is being sued because it is owned by Defendants Solanki and Mrs. Solanki. The federal court has jurisdiction over Defendant Sobi Investments because it was incorporated in the State of California and operates out of the city of Covina, Los Angeles County, California.

32.    **Defendant Evergreen Inn [hereinafter "Evergreen" or Defendant Evergreen"]** is a residential hotel owned and operated by Defendants Nitin Solanki and Mrs. Solanki. Evergreen Inn is being sued because it is responsible for what happens on its premises. Evergreen Inn is being sued because Plaintiff Alison Helen Fairchild was violent pepper sprayed on its premises on March 24, 2019. Defendant Evergreen has violated ADA laws pursuant to U.S.C. § 12203. Defendant Evergreen has violated the Title II of the Civil Rights Act of 1964 and Title III of the American Disabilities Act of 1990.

33.    Defendant **JANE DOE (Room 110) (hereinafter "Defendant 110" or" Room 110")** is a Hispanic individual over the age of eighteen years old. Defendant 110 had resided at the Evergreen Inn for several years at the time of said unconstitutional actions. Defendant 110 is being sued because she was part of the conspiracy to inflict physical harm upon Fairchild and even instigated and encouraged Defendant Perrette to violently pepper spray Fairchild on March 24, 2019. The Court has jurisdiction over Defendant Room 110 because she is over the age of 18 years-old and a citizen of the State of California.

34.    Defendant **JANE DOE (Room 205A) (hereinafter "Defendant 205" or" Room 205")** is a Hispanic individual over the age of eighteen years old. Defendant 205 had resided at the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 19 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Evergreen Inn for several years at the time of said unconstitutional actions. Defendant 205 is being sued because she was part of the conspiracy to inflict physical harm upon Fairchild and even instigated and encouraged Defendant Perrette to violently pepper spray Fairchild on March 24, 2019. The Court has jurisdiction over Defendant Room 110 because she is over the age of 18 years-old and a citizen of the State of California.

35.    Defendant **MATTHEW MAYER MALONEY** [hereinafter "Defendant Maloney or "Maloney] is the founder, director, and chief operating officer of GrubHub Inc. and GrubHub LLC. The federal court has jurisdiction has diversity jurisdiction over Defendant Maloney as he lives and works in the state of Illinois.

36.    **Defendant Grubhub LLC**, together with its subsidiaries, provides an online and mobile platform for restaurant pick-up and delivery orders in the United States. The company connects approximately 300,000 local restaurants with diners in various cities. It offers Grubhub and Seamless mobile applications and mobile websites, and operates websites through grubhub.com, seamless.com, and menupages.com. The company also provides a corporate program that offers employees with various food and ordering into a single online account. In addition, it offers Allmenus.com, which provide an aggregated database of approximately 595,000 menus from restaurants in 50 U.S. states; Grubhub for Restaurants, a responsive web application that can be accessed from computers and mobile devices, as well as Grubhub provided tablets, point of sale (POS) integration, which allows restaurants to manage Grubhub orders and update their menus directly from their existing POS system, and Website and mobile application design and hosting services for restaurants, as well as technology and fulfillment services, including order transmission and customer relationship management tools. The company was formerly known as GrubHub Seamless inc. and changed its name to Grubhub Inc. and changed its name to GrubHub Inc. in February 2014. Grubhub LLC was founded in 1999 and its headquartered is located at 1601 S. Indiana Avenue, Chicago, Illinois. Defendant Grubhub LLC's Office of the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 20 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Secretary of State of Illinois' corporate entity number identification number is 01352458. Defendant GrubHub LLC's jurisdiction lies within the state of Delaware.

37.    **Defendant Grubhub Inc.**, together with its subsidiaries, provides an online and mobile platform for restaurant pick-up and delivery orders in the United States. The company connects approximately 300,000 local restaurants with diners in various cities. It offers Grubhub and Seamless mobile applications and mobile websites, and operates websites through grubhub.com, seamless.com, and menupages.com. The company also provides a corporate program that offers employees with various food and ordering into a single online account. In addition, it offers Allmenus.com, which provide an aggregated database of approximately 595,000 menus from restaurants in 50 U.S. states; Grubhub for Restaurants, a responsive web application that can be accessed from computers and mobile devices, as well as Grubhub provided tablets, point of sale (POS) integration, which allows restaurants to manage Grubhub orders and update their menus directly from their existing POS system, and Website and mobile application design and hosting services for restaurants, as well as technology and fulfillment services, including order transmission and customer relationship management tools. The company was formerly known as GrubHub Seamless inc. and changed its name to Grubhub Inc. and changed its name to GrubHub Inc. in February 2014. Grubhub Inc. was founded in 1999 and its headquartered is located at 1601 S. Indiana Avenue, Chicago, Illinois. Defendant Grubhub Inc.'s Office of the Secretary of State of Illinois' corporate entity number identification number is **69228801**. Defendant GrubHub Inc.'s jurisdiction lies within the state of Delaware.

38.    Defendant **Just Eat Takeway.com N.V.** is an Anglo-Dutch dot-com cp, [amu specializing in online food ordering and home delivery. Takeawau.com is an intermediary online portal between customers and the restaurants, where customers can order food online from restaurants' menus, and have it delivered by the restaurants directly to their home. Following clearance by the UK's Competition and Markets Authority on April 22, 2020. Takeaway.com

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 21 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

merged with British food delivery service Just Eat, in February 2020. Defendant Just East does business in the United States as Grubhub Inc.

39.    Defendant **YUN ZHANG [hereinafter "Defendant Zhang" or "Zhang"]** is the Cofounder of Wyze Labs Inc. located in Washington state. Defendant Yun Zhang is being sued for intentional discrimination of Plaintiff Alison Helen Fairchild. Defendant Zhang is a 30 something years-old Chinese American man. The federal court has jurisdiction has diversity jurisdiction over Defendant Zhang as he lives and works in the state of Washington.

40.    Defendant **RANDY GALINDO [hereinafter: Defendant Galindo" or "Galindo"]** is a real estate eviction service owner. His sole proprietor company A Plus Eviction is not incorporated in the state of California. Randy Galindo conspires with corrupt real estate attorney William Edward Windham to illegally and unconstitutionally evicts single tenants, couples, and families from their residence without due process of law. Defendant Galindo and A Plus Eviction violate California Business & Professions Code § 6126(a) by drafting and completing unlawful detainer complaints and then forging the signature of William Edward Windham.

41.    Defendant **A PLUS EVICTION SERVICE [hereinafter "Defendant Eviction, Defendant A Plus or Eviction"]** is a San Bernardino county based real estate legal services business. Eviction is a sole proprietor business owned by Defendant Randy Galindo. Defendant Eviction is also a fictitious business owned by Randy Galindo. Defendant eviction's County of San Bernardino's fictitious business name identification number is FBN20150002980.

42.    Defendant **WILLIAM EDWARD WINDHAM [# 122214] [hereinafter "Defendant Windham" or "Windham"]** is a real estate attorney that has been authorized to practice criminal law in the state of California since December 31, 1985. Defendant Windham's actions of deliberately refusing to accept Fairchild's fiancé's ex-parte notice by hanging up the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 22 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

telephone was a major contributor to the civil rights violations plead herein. Defendant Windham is being sued in both his official and professional capacity as a local attorney, and in his personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over Windham because at the time of said allegations and statement of facts of this civil rights complaint he was an attorney practicing law in the state of California and lived in the state of California.

43.     Defendants **Jane and John Doe** court clerks participated directly or indirectly in the conspiracy to violate Fairchild's civil rights by processing a voluntarily dismissal of Evergreen Inn's frivolous and meritless unlawful detainer action. Defendants Jane Does and John Does are being sued in both his or her official capacity as local governmental court clerks, and in their personal capacity as citizens of the United States of America. The federal district court has jurisdiction over these Defendants because at the time of said allegations and statement of facts of this civil rights complaint they were all employed by the county of Los Angeles and lived in the state of California.

44.     Defendant **K. QUACH [hereinafter "Quach" or "Defendant Quach"]** is a Los Angeles superior court clerk for West Covina Superior Court. Defendant Quach was the Los Angeles County employee who foolishly processed the voluntarily dismissal of Fairchild's fiancé's unlawful detainer action after her clerk's office was told not to do so. Defendant Quach is being sued in her official capacity as a local governmental court clerk, and in her personal capacity as a citizen of the United States of America. The federal district court has jurisdiction over these Defendant Quach because at the time of said allegations and statement of facts of this civil rights complaint he or she was employed by the county of Los Angeles and lived in the state of California.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 23 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

45.    **Defendant Los Angeles County [hereinafter "Defendant Los Angeles" or "Defendant LA"]** is a municipal entity with the capacity to sue and be sued. Los Angeles County is a Charter law County under the laws of the State of California. Defendant Alejandro Villanueva has been responsible for the oversight, supervision, and training of the Los Angeles Sheriff's Department **[hereinafter "LASD"]** since he assumed public office on December 3, 2020. Defendant Los Angeles was at all times relevant in this civil rights complaint the employer of Defendants Alejandro Villanueva, Los Angeles County Sheriff Deputy 1, Los Angeles County Sheriff Deputy 2, Los Angeles County Sheriff Deputy 3, Los Angeles County Sheriff Deputy 4, Lieutenant Doe, Los Angeles County Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office. Jacquelyn Lacey, Deanne Castorena, Jane Doe Deputy District Attorney 1,

and Jane Doe Deputy District Attorney 2,

The departments of the Los Angeles County are Fire Department, Health Services, Public Health, Public Social Services, Public Works, District Attorney, Public Defender, Probation and Sheriff's department. The Los Angeles Superior Court is the county's court of general jurisdiction. The employees of Defendant Los Angeles County have engaged in the acts complained of herein pursuant to policies, practices, and customs of the Los Angeles County.

46.    Defendant Los Angeles County was at all times relevant herein a municipal entity created and authorized under the laws of the State of California. Defendant Los Angeles is the legal entity responsible for itself and for the Los Angeles Sheriff's Department. Defendant Los Angeles is the employer of the individual Los Angeles County Defendants and is a proper entity to be sued under 42 U.S.C. § 1983.

47.    **Defendant Los Angeles County** was, at all times relevant herein, authorized by law to maintain, and did maintain a law enforcement agency known as LOS ANGELES COUNTY SHERIFF'S DEPARTMENT which acted as an agent in the area of law enforcement, including,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 24 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

without limitation, conducting investigations, evaluating, and causing charges to be brought against alleged crimes, and executing residential and commercial unconstitutional self-help eviction lockouts of real property on behalf of that property's owner or owners.

48.     Defendant LOS ANGELES COUNTY SHERIFF'S DEPARTMENT **[hereinafter "Defendant LASD or "LASD"]** was, at all times relevant herein, a municipal agency of the LOS ANGELES COUNTY and was charged with the responsibility of enhancing the quality of life in the Los Angeles County by working in accordance with constitutional rights to enforce the law.

49.     **Defendant Alejandro Villanueva [hereinafter "Defendant Alex" or "Alex"]** was, at all times relevant herein, was the Sheriff of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT and was responsible for, and the chief architect of, the policies, practices, and customs of the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, as well as responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of the police officers and detectives under his command. Defendant Alex is hereby sued in his office capacity as the current Sheriff of Los Angeles County. Defendant Alex is employed by the Los Angeles County, and at all times relevant in this civil rights complaint Alex acted under the color of state law.

50.     **Defendants Los Angeles County and Alejandro Villanueva** are hereby properly sued directly under U.S.C. § 1983 for their own, and for their delegated deliberately indifferent unconstitutional decisions, policies, practices, habits, customs, usages, training, and derelict supervision, ratification, acquiescence, and intentional failures which were the moving forces in the complained of constitutional and statutory violations and resulting injuries.

51.     Defendant **Los Angeles County** is properly sued under 42 U.S.C. § 1983 for the challenged delegated final decisions of Defendant Alejandro Villanueva in his official capacity

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 25 of 210           *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

as the current Sheriff of the Los Angeles County Sheriff's Department, and for those of any final delegated decision makers, with respect to the hereinafter challenged deliberately indifferent policies, decisions, widespread habits, customs, usages, and practices of the Los Angeles County Sheriff's Department.

52    At all times relevant to the subject matter of this litigation, John Doe Defendants were citizens of the United States and residents of California and were acting under color of state law in their capacities as a law enforcement officers employed by the Los Angeles County Sheriff's Department and Los Angeles County.

53.    At all times relevant to the subject matter of this litigation, John Doe and Jane Doe Defendants were citizens of the United States and residents of California and were acting under color of state law in their capacities as governmental attorney employed by the Los Angeles County District Attorney's Office and Los Angeles County.

54.    At all times relevant to the subject matter of this litigation, John Doe and Jane Doe Defendants were citizens of the United States and residents of California and were acting under color of state law in their capacities as governmental court clerks employed by the Los Angeles County Superior Court and Los Angeles County.

55.    Plaintiff Alison Helen Fairchild hereby reserves her right to add Los Angeles County Superior Court as a Defendant in a future civil rights complaint or the amended version of this original civil rights complaint.

56.    Each of the Defendants, their employees, and agents, participated personally in the unlawful conduct challenged herein and, to the extent that they did not personally participate, authorized, acquiesced, set in motion, or otherwise failed to take necessary steps to prevent the acts that resulted

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 26 of 210         ALISON HELEN FAIRCHILD, v. wyze labs, inc.

in the unlawful conduct and the harm suffered by Plaintiff Alison Helen Fairchild. Each Defendant acted in concert with each other. The challenged acts caused the violations of Plaintiff Fairchild's civil rights.

57.    Plaintiff Fairchild is unaware of the true names of Defendants listed as DOES 1 through 10, inclusive, and therefore sued them by the foregoing names which are fictitious. Plaintiff will amend her civil rights complaint by inserting the true names in lieu of said fictitious names, together with apt and proper charging words, when said true names are ascertained. Plaintiff is informed and believe and thereon allege that each of the Defendants designated herein as a DOE is responsible and liable to Plaintiff in some manner for the events, happenings, and contention referred to in this civil rights complaint. All references herein to "Defendant: or "Defendants" shall be deemed to include all DOE Defendants.

58.    Plaintiff Alison Helen Fairchild is informed and believe and thereon allege that each Defendant, including DOES 1 through 10 was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative or each other Defendant, and that all of things alleged to have been done in the course and scope of said agency, employment, service, subsidiary, partnership, membership, association, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives. Each Defendant has authorized, ratified, acknowledged, consented, acquiesced, and/or approved of all acts, conduct, and/or omissions, by each other Defendant. Plaintiff is informed and believes and thereon alleges, that each of the fictitiously named defendants is responsible in some manner for the occurrences alleged in this complaint, and that Plaintiff's damages as alleged in this civil rights complaint were proximately caused by those defendants.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 27 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

59.    The allegations of this civil rights complaint stated on information and belief are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## IV.    CONTINUING VIOLATIONS

60.    The wrongful acts and omissions giving rise to the Defendant's liability in this action commenced on or about January 25, 2019 and have been and are "continuing" in nature as of the date of filing of this civil rights complaint. Plaintiff Alison Helen Fairchild therefore hereby reserves her right to amend this civil rights complaint as new and additional facts and claims arise or become known to Plaintiff, including but not limited to after the taking of Defendants' depositions, personal service on their attorneys of Special Interrogatories, and Requests for Admission.

## V.    JURISDICTION AND VENUE

61.    This action arises from a violation, inter alia, of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12203, *et seq*., Title II of the American Disabilities Act of 1990, 42 U.S.C. §§ 12203, 12132 *et seq*., discrimination in violation of the Civil Rights Act of 1964. Violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986. Plaintiff Fairchild seeks to redress violations of state law rights and/or federal law rights via the supplemental jurisdiction of this Court.

62.    Plaintiff Fairchild alleges that Defendants acted under the color of state law, and in addition violated Plaintiff's 14th Amendment rights to not be denied real property without due process of law. This court has jurisdiction because Plaintiff alleges not only a violation of her constitutional civil rights, but Plaintiff makes allegations of violation of her 14th Amendment rights as well.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 28 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

63.     This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and supplemental jurisdiction under 28 U.S.C. § 1367(a). Declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201, 2202, and 1343.

64.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(3) because Defendants Wyze Labs, Yun Zhang, and Dave Crosby live and work in the state of Washington.

65.     Venue is proper pursuant to 28 U.S.C. § 1391(b) (3.) because Defendants Matt Mayer Maloney, GrubHub LLC, GrubHub Inc., and Just Eat Takeaway.com N.V. live and operate in the state of Illinois.

66.     Pursuant 28 U.S.C. § 1332(a) (1) The Western District Court of Washington has diversified jurisdiction over Defendants Matthew Mayer Maloney, GrubHub Inc. GrubHub LLC, and Just Eat Takeway.com because these Defendants are all citizens of the State of Illinois, and Plaintiff Alison Helen Fairchild resides in the state of California and damages are sought in excess of $ 75,000.

67.     Pursuant 28 U.S.C. § 1332(a) (1) The Western District Court of Washington has diversified jurisdiction over Defendants Yun Zhang, Dave Crosby, and Wyze Labs, Inc. because these Defendants are all citizens of the State of Washington, and Plaintiff Fairchild resides in the state of California and damages are sought in excess of $ 75,000.

68.     Personal jurisdiction is proper over each of the defendants because they are either domiciled in the States of California, Illinois, Washington, and/or have regularly transacted business in these states.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 29 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

69.     To maintain an action under 42 U.S.C. § 1985, Plaintiff Alison Helen Fairchild need not first exhaust administrative or state remedies. Neither does the availability of a state remedy preclude Plaintiff Fairchild from seeking relief under the Civil Rights Act when the Complaint otherwise states a claim. See *Hazzard v. Weinberger,* 383 F. Supp 255 (1974), affirmed 512 F.2d 1397 (2nd Cir. 1975*)* or state court remedies *(Burt v. City of New York,* 156 F.2d 791 (1946)).

70.     Plaintiff Alison Helen Fairchild reserve her right to amend this civil rights complaint to include state cause of actions of negligence, negligent intentional infliction of emotional distress, civil conspiracy, and intentional infliction of emotional distress and any other claims for relief related to this the allegations stated throughout this civil rights complaint.

## VI.     STATEMENT OF FACTS
### A.     FACTUAL BACKGROUND

### GENERAL ALLEGATIONS OF COMPLAINT ON BEHALF OF PLAINTIFF ALISON HELEN FAIRCHILD

71.     Arogant Hollywood and Plaintiff Alison Helen Fairchild were told by Defendant Solanki that he would request that the Los Angeles County Sheriff's Department forcefully remove them from their apartment which was paid up in full on the day of Defendant Solanki's planned and conspired unlawful lock out and self-help eviction.

### B.     PLAINTIFF FAIRCHILD MOVES INTO THE EVERGREEN INN

72.    On January 25, 2019 Arogant Hollywood and his fiancée Alison Helen Fairchild moved into Defendant Solanki's residential hotel located at: 20022 East Arrow Highway, Covina, California, Apartment 105.

73.    On January 25, 2019 Hollywood paid Evergreen Inn owner Nitin Solanki $ 375.00. Hollywood was told by Defendant Solanki that only cash was accepted. Evergreen Inn owner Nitin Solanki told Hollywood that his next scheduled check out date would be on February 1, 2019.

74.    On February 2, 2019 Hollywood paid Defendant Solanki $ 375.00. Hollywood was told by Defendant Solanki that only cash was accepted. Defendant Solanki told Hollywood that his next scheduled check out date would be on February 8, 2019.

75.    On February 8, 2019 Hollywood paid Defendant Solanki $ 175.00. Evergreen Inn management agreed to allow Hollywood to pay remaining balance a few days later. On or about February 12, 2019 Hollywood paid the remaining balance to Nitin Solanki. At this time Defendant Solanki created a receipt for Hollywood that showed that Hollywood had paid him $ 375.00. Defendant Solanki told Hollywood that his next scheduled check out date would be on February 15, 2019.

76.    On February 15, 2019 Plaintiff Alison Helen Fairchild paid Defendant Solanki $ 275.00. Defendant Solanki agreed to accept the remaining $ 100.00 owed no later than Tuesday, February 19, 2019.

77.    On February 19, 2019 Plaintiff Alison Helen Fairchild and her fiancé Arogant Hollywood informed Defendant Solanki that the Los Angeles County environmental health department would be inspecting his residential hotel room for inhabitable conditions on Wednesday,

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 31 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

February 20, 2019.

78.     On February 20, 2019 at approximately 10:20 a.m. Arogant Hollywood had his inspection conducted by two Los Angele county environmental health specialists. Many inhabitable living conditions were discovered including broken door frame, cracks in bathtub, leaking ceiling, among other things discovered.

79.     On February 20, 2019 at approximately 11:30 a.m. Hollywood walked to Evergreen Inn's front desk and told Nitin Solanki that he could not pay him the remaining money until after 4 p.m. because he had a mandatory Amazon job orientation to attend in Glendale, California. Defendant Solanki demanded the money and told Hollywood that if he did not pay him immediately, he would contact law enforcement.

80.     On February 20, 2019 at approximately 11:50 a.m. Los Angeles County Sheriff's Department **(hereinafter "LASD")** responded to a call made by Nitin Solanki. The arriving deputies told Hollywood that if he did not pay his rent he would be arrested for trespassing upon their return. The deputies who stated this were aware from Defendant Solanki that Plaintiff Fairchild was resting inside of her residential hotel room. Thus, LASD deputies had conspired to remove Fairchild from her apartment beginning on February 20, 2019.

81.     On February 20, 2019 at approximately 5:00 p.m. Hollywood returned home after completing his mandatory Amazon job orientation. Upon arriving Hollywood attempted to hand the owed $ 100.00 to Nitin Solanki who replied: "I do not want your money. Check out you stupid "nigger" and take your crippled girlfriend with you.

82.     On February 20, 2019 at approximately 5:30 p.m. L.A.S.D deputies responded to a telephone call for law enforcement assistance made by Defendant Solanki. Defendant Solanki

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 32 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

requested that law enforcement physically remove Hollywood and his fiancée Alison Helen Fairchild from their residential hotel room. When Hollywood told Defendant Solanki that they could not be removed from a residential hotel prior to 30 days if he had the rent money, the deputies called in their sergeant. The acting sergeant ("Bodell") spoke to Nitin Solanki and advised him to file an unlawful detainer action against Hollywood and Plaintiff Fairchild.

## C.    EVERGREEN INN OWNER AND TENANT HARASSMENT IN FURTHERANCE OF CONSPIRACY BEGINS

83.    On February 21, 2019 Defendant Solanki called L.A.S.D. and requested that deputies assist with removing Arogant Hollywood and Plaintiff Fairchild from their apartment.

84.    On February 22, 2019 Defendant Solanki hired legal assistance A Plus Eviction Service, who forged the signature of William E. Windham and served a copy of a 3-day notice to pay rent or quit upon Plaintiff's fiancé Arogant Hollywood. In addition to the 3-day notice to pay or quit not being signed by attorney Windham, it also stated that Defendant owed rent that had not yet been past due. It would have been shocking if Defendants' frivolous unlawful detainer action had made it past the stage of a demurrer.

85.    On February 22, 2019 Defendant Solanki knocked on the front door of Plaintiff Fairchild saying:" Check *out time."* A few short moments later Defendant Solanki knocked a second time saying: *"Check out time."* Hollywood turned on his camera and then proceeded to tell Defendant Solanki through his apartment window that sergeant Bodell had already told him that he had to go through the eviction process to get them out. Defendant Solanki then replied: "*No, no you are a guest, you are not a tenant here."*

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 33 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

86.    On or about February 22, 2019 Defendant JANE DOE (Room 110) contacted the Los Angeles County Adult Protective Services and made a false elder abuse call claiming that Arogant Hollywood was abusing his fiancée, Plaintiff Alison Helen Fairchild.

87.    On or about February 23, 2019 JOHN DOE (Room 104) intentionally blasted his music to a level that would not only disturb Plaintiff Fairchild but wake her up out of her sleep as well. When Arogant Hollywood walked to the Evergreen Inn office and requested that Defendants Solanki and Mrs. Solanki instruct Defendant 104 to shut his music off. Defendant Solanki replied: ***"You call the sheriffs."*** Arogant Hollywood then called the sheriff's and law enforcement then requested that Defendant Room 104 shut his music off for the remainder of the night.

88.    During the early morning of February 24, 2019 Arogant Hollywood was standing in the back parking lot of Evergreen Inn speaking to another tenant when suddenly JANE DOE (Room 110) started yelling at Hollywood stating the following verbatim: "***get your black ass all the way up there. Get away from my room nigger, before I call police on you and for elder abuse."***

89.    On February 24, 2019 L.A.S.D deputies arrived at the Evergreen Inn and spoke with both Hollywood and Defendant 110. Hollywood told law enforcement that Room 110's verbal attack on him was unprovoked and for no reason Defendant 110 had come out of her apartment verbally attacking him, while calling Hollywood a ***"nigger."*** This incident was recorded on Arogant Hollywood's audio recorder.    27-3, motion expand record

90.    During the late evening of February 24, 2019 Plaintiff's fiancé Arogant Hollywood was standing outside of his apartment [Room 105] when suddenly Defendant 110 began threatening Hollywood by telling another female tenant the following: ***"I'll go back to prison knowing that***

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 34 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

*he doesn't have a pulse."* This incident was reported to the LASD San Dimas sheriff's substation. A video of the criminal threats made by Defendant 110 was also given to police so that they could investigate.

91.    During the afternoon of February 24, 2019 Plaintiff's fiancé Arogant Hollywood requested that Defendants Solanki and Mrs. Solanki do something about Evergreen Inn tenants harassing him and Alison Fairchild. Hollywood told Defendants Solanki and Mrs. Solanki if they did not do something about his tenants threatening and harassing him and his fiancée Alison that they both would be held liable for damages in federal district court. Mrs. Solanki told Hollywood that her and her husband could not control the mouth of Evergreen Inn tenants. Defendants Solanki and Mrs. Solanki did nothing at all to stop future physical, emotional, and verbal abuse by several Evergreen Inn tenants that was inflicted upon Plaintiff Fairchild and her fiancé Arogant Hollywood.

92.    On February 24, 2019 Defendant Solanki contacted L.A.S.D. San Dimas alleging that Arogant Hollywood was vandalizing his property. Once there deputies immediately determined that no vandalism had occurred, and that Hollywood had only removed a screen from his apartment's window.

93.    On or about February 26, 2019 Hollywood filed a police report based on the criminal threats made by Defendant 110 on February 24, 2019. The threats made by Defendant 110 terrified Plaintiff Fairchild so much that Hollywood installed video cameras inside of their apartment's windows on or about February 26, 2019.

94.    On February 27th or 28th 2019 Defendant 110 walked by the front door of Plaintiff Fairchild and Hollywood and yelled through their front door: *"I am going to fucking kill you nigger."*

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 35 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

95.    Several times throughout late February and early March 2019 JOHN DOE (Room 104) intentionally played his music too loud, and police had to be called due to Defendant 104's deliberately and intentionally disturbing the peace. In early March 2019 Hollywood filed a police report against Defendant 104 for disturbing the peace.

96.    Several times throughout the entire month of February 2019 and during most of the month of March 2019 Hollywood told Defendant Solanki to not allow any Evergreen Inn tenants to park out in front of his apartment because the space needed to be clear and accessible for Alison Fairchild when she is being transported. Nevertheless, tenants continued to park in front of Plaintiff Fairchild's apartment and often Plaintiff Fairchild was blocked from entering her UBER ride that was attempting to pick her up and take her to various places.

**D.    EVERGREEN INN DEFENDANTS' HARASSMENT ELEVATES TO VIOLENCE AND SERIOUS ADA, CIVIL RIGHTS, AND 14TH AMENDMENT RIGHTS VIOLATIONS**

97.    In late February 2019 Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn filed a frivolous and groundless unlawful detainer complaint against Plaintiff's fiancé Arogant Hollywood. The complaint was bogus because at the time of filing Defendants did not have a fictitious business name registered with the County of Los Angeles. Additionally, the complaint was supported by a three-day notice that requested late payments of rent.

98.    On or about March 2, 2019 Hollywood was standing outside of his apartment when suddenly Defendant 110 drove by in the parking lot and said: ***"You're nothing but a dirty mayate."***

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 36 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

99.    On March 6, 2019 Plaintiff Hollywood walked to the Evergreen Inn's front office and requested that Defendant Solanki give him the full name of Defendant 110 so that he could obtain a restraining order against her. Hollywood also told Nitin Solanki that Defendant 110 had made criminal threats against him and that one of the incidents was captured on video. Arogant Hollywood showed the video of Room 110 threatening to end his life to Nitin Solanki. Defendant Solanki replied that Defendant 110 was telling him and showing him videos of the same type of thing. Even after law enforcement requested that he do so Defendant Solanki still refused to give out information of Defendant 110.

100.    On March 8, 2019 Defendant Solanki filed a frivolous and perjurious civil harassment restraining order alleging that Hollywood had told him on different days *"to be careful", and "watch his back."* None of these false allegations were ever reported to law enforcement.

101.    On March 9, 2019 Arogant Hollywood filed a police report with the West Covina police department because Defendant Blair Greene's legal assistant stated that the declaration was created at the law offices of Blair Greene, which is in the city of West Covina. A report was taken and there is a detective sergeant investigating Hollywood's claims of perjury by Nitin Solanki as of March 29, 2019.

102.    On or about March 11, 2019 Hollywood spoke to attorney Blair C. Greene and warned him that he was prosecuting a frivolous and perjurious civil harassment restraining order. Defendant Greene replied that his client was more credible than Hollywood. Hollywood told Defendant Greene that he had already filed a police report against Nitin Solanki, and he submitted at least ten videos with his police report that contradicted Solanki's perjurious statements.

103.    On March 13, 2019 sometime after 2 p.m. Evergreen Inn tenant (Room 205A) told

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 37 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Hollywood the following: *"I'll put something in your forehead mother fucker."* Plaintiff Fairchild reported this incident to both Defendants Solanki and his wife Defendant Mrs. Solanki, yet one again no action was ever taken against this Evergreen Inn tenant. Room 205A's threat was so loud that Fairchild could hear her threatening Arogant Hollywood while inside of her apartment, Room 105.

104.    On March 14, 2019 sometime after 2 p.m. Defendant Christine Marie Perrette parked her car in front of Plaintiff's apartment. An argument ensued after Hollywood stated that he was going to sue Defendant Perrette. During the confrontation Defendant Perrette stated: *"I got more than you nigger."* During the confrontation between Perrette and Hollywood Evergreen Inn tenant in Room 205A stated the following: *"You do not know me. I will sock you."* and shortly thereafter tenant in 205A warns Hollywood by stating the following: *"My homeboys are going to fuck you up."* Evergreen Inn tenant 205A then repeats this: *"my homeboys are going to fuck you up."* The entire incident was recorded by Hollywood.

105.    By now Evergreen Inn tenants had received the message that they could say and do anything they wanted as Nitin Solanki stood by and did nothing about several Evergreen Inn tenants harassing and threatening Arogant Hollywood and Plaintiff Fairchild.

106.    On March 14, 2019 Plaintiff Hollywood walked outside of his apartment just after Defendant Perrette had pulled into the parking spot area that he had designated for his fiancée Alison Helen Fairchild. After Defendant Perrette had walked outside of her car Hollywood told her that if she kept parking in front of his apartment, he would sue the shit out her. Hollywood continued *"I hope you got good money for a lawyer."* To which Defendant Perrette replied: Keep talking shit fucking nigger. Defendant Perrette then replied while approaching Hollywood:" I *hope you got money to get a damn house. Get a fucking job. Get the fuck out of here. I told you to stop fucking threatening people you fucking nigger.*

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 38 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

107.    On March 14, 2019 Hollywood placed Defendant Perrette under arrest and she was cited out by L.A.S.D. deputies. Hollywood then was transported to a nearby hospital and was not however treated. Shortly thereafter sheriff deputies told Hollywood that Defendant Perrette was placing him under arrest for assaulting her. This was nonsense as the video showed that Defendant Perrette pepper spray attack was unprovoked, and the surveillance video did not show Hollywood fighting back whatsoever. The racist and bias sheriff deputies refused to watch Hollywood's video of the incident. LASD deputies should not have let Christine Perrette go. They rather should have arrested her pursuant to California Penal Code § 853.6(i)(7). However, the racist and bias Anglo and Caucasian sheriff deputies did nothing to Christine Marie Perrette after she had violently pepper sprayed Hollywood, and thus set the stage for Christine Marie Perrette's attack on Alison Helen Fairchild.

108.    On March 14, 2019 shortly after Hollywood left his apartment to go to the hospital Plaintiff Alison Helen Fairchild witnessed Defendant Solanki watching Defendant 104 speaking to law enforcement about the pepper spray incident and Solanki told him to not speak to police.

109.    On March 15, 2019 at approximately 4 p.m. Arogant Hollywood sent an email to GrubHub Inc. chief operating officer, founder, and director Matthew Mayer Maloney **[hereinafter "Maloney"]**. Plaintiff Fairchild and Hollywood's email was sent to Matthew Maloney's company business address of <u>mmaloney@grubhub.com</u>. The email was received and did not bounce back. In Plaintiff Fairchild's email she stated that she was in fear for her safety after Maloney's employee Christine Narie Perrette had pepper sprayed her fiancé Arogant Hollywood. It should be noted that Plaintiff Fairchild had Defendant Perrette's name when she emailed Maloney GrubHub because she and Hollywood used an online company that was able to do research online using only Defendant Perrette's license's plate number. GrubHub C.E.O. Maloney never responded to Fairchild's email address, nor instructed any person under him at the company to fix the issue Fairchild had complained to Maloney about.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 39 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

110.    On March 15, 2021 and March 16, 2021 both Arogant Hollywood and Plaintiff Alison Helen Fairchild requested that Nitin Solanki and Mrs. Solanki begin the eviction process for Christine Marie Perrette as she had violently pepper sprayed Hollywood on March 14, 2019 in an unprovoked attack. Hollywood and Fairchild specifically told Defendants Solanki and Mrs. Solanki if they failed to take legal action against Christine Marie Perrette they would both be sued in federal district court. Despite several legal warnings in the past and the present legal warning on March 15, 2019. Defendants Solanki and Mrs. Solanki did nothing at all to evict Perrette, and both Defendants did nothing to prevent Christine Marie Perrette from harming Plaintiff Alison Helen Fairchild and Arogant Hollywood in the future.

111.    On March 15th, 16th, and 17th 2019 Plaintiff Alison Helen Fairchild requested that Defendant Solanki tell Defendant Perrette to stop parking in front of her apartment. Fairchild also made a request to Defendant Solanki that he move forward with evicting Defendant Perrette after she had pepper sprayed her fiancée Arogant Hollywood on March 14, 2019.

112.    On March 15, 2019, March 16, 20219, March 17, 2019, March 18, 2019, March 19, 2019 Defendant Christine Marie Perrette intentionally parked her vehicle in the parking space in front of Fairchild's apartment, which blocked Fairchild from safely exiting her home to get into an UBER or Lyft ride.

113.    During the months of February and March on at least ten separate occasions Defendant Solanki intentionally parked his vehicle in the front of Evergreen Inn's handicapped walkway so that Fairchild could not safely get to her room. There was no other passage for Fairchild. This was one of the very cruel things that Defendant Solanki did to Fairchild too many times for any human being to count on both hands.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 40 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

114.    On March 16, 2019 Plaintiff Alison Helen Fairchild with the assistance of her fiancé and caretaker Arogant Hollywood sent a second email to GrubHub chief operating officer, founder, and director Matthew Mayer Maloney. The email was sent to the email address of mmaloney@grubhub.com. In the email Plaintiff Fairchild told Maloney that he was responsible for the actions of his employee Christine Perrette and that both he and GrubHub were violating her rights under Title III of the American Disabilities Act of 1990. Plaintiff Fairchild told Maloney that his company employee Christine Perrette was intentionally parking in front of her apartment, which blocked her access to come and go in an UBER vehicle. Fairchild told Maloney that Christine Perrette usually wore a Grubhub t-shirt when exiting her vehicle and always was carrying a GrubHub food carrier bag. Plaintiff Fairchild also told Maloney that his employee Christine Perrette had a GrubHub company logo glued on the back on the back window of her car. GrubHub C.E.O. Matthew Maloney never responded back to Fairchild's email.

115.    On Saturday, March 15, 2019 Defendant Solanki observed his maintenance worker helping Hollywood clean out his refrigerator, which was in apartment 105 at the time of Plaintiff Fairchild's move in on January 25, 2019. Defendant Solanki began to walk towards Hollywood saying: *"Mike, take the refrigerator and put it in storage."* When Hollywood replied for Mike not to do so. Defendant Solanki replied: *"I am going to call the sheriff's and tell them that you are violating your restraining order."* Defendant Solanki. A cold and heartless slumlord wanted to leave a sixty-something disabled woman without a refrigerator.

116.    March 19, 2019 Plaintiff Alison Helen Fairchild with the assistance of her fiancé and caretaker Arogant Hollywood sent a second email to GrubHub president and chief financial officer Adam DeWitt. The email was sent to the email address of adewitt@grubhub.com. In the email Plaintiff Fairchild told Adam DeWitt that he was responsible for the actions of his employee Christine Perrette and that both he and GrubHub were violating her rights under Title III of the American Disabilities Act of 1990. Plaintiff Fairchild told DeWitt that Christine

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 41 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Perrette was a danger to the community and herself after she had violently pepper sprayed her fiancé Arogant Hollywood in an unprovoked physical attack. Plaintiff Fairchild told Adam DeWitt that his company employee Christine Perrette was intentionally parking in front of her apartment, which blocked her access to come and go in an UBER vehicle. Fairchild told Adam DeWitt that Christine Perrette usually wore a Grubhub t-shirt when exiting her vehicle and always was carrying a GrubHub food carrier bag. Plaintiff Fairchild also told Dewitt that his employee Christine Perrette had a GrubHub company logo glued on the back window of her car. Plaintiff Fairchild with the assistance of her fiancé Arogant Hollywood attached a copy of an image showing that Christine Perrette had a GrubHub sticker on her car.

Also, Fairchild attached the YouTube website link for the unprovoked violent pepper spray attack on Arogant Hollywood. GrubHub C.F.O. Adam DeWitt never responded back to Fairchild's email. The YouTube video that depicts Christine Marie Perrette pepper spraying Hollywood was originally uploaded on YouTube on March 17, 2019. The link can be viewed at

https://youtu.be/g3gCyqRFVZ0

The YouTube video link was sent to GrubHub Inc. President, and Chief Financial Officer Adam DeWitt just two days after it was uploaded. GrubHub Inc. executives were aware of the significant danger that Christine Marie Perrette posed to the public and then nothing.

117.    On March 20th, 21st, and 22nd 2019 Defendant 110 intentionally parked in the parking stop outside of Plaintiff Fairchild's apartment while also intentionally honking her horn to either wake up or otherwise disturb Plaintiff Fairchild.

118.    On March 18th, 19th, 20th, 21st and 22nd 2019 Defendant Perrette intentionally parked in front of the apartment of Plaintiff Fairchild. Since Defendant Perrette had pepper sprayed Plaintiff fiancé Arogant Hollywood on March 15, 2019 this made Plaintiff Fairchild uneasy that Defendant Perrette was parking in front of her apartment. Defendant Solanki allowed her to and

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 42 of 210         ALISON HELEN FAIRCHILD, v. wyze labs, inc.

even encouraged her actions. In addition, during these five days Defendant Solanki intentionally left a long garden water hose directly on the handicapped sidewalk that led to Fairchild having access to her apartment.

119.    On Friday, March 22, 2019 Defendant Perrette intentionally parked in front of Plaintiff Fairchild's apartment. As Plaintiff Fairchild attempted to leave her home in an UBER, Defendant Perrette intentionally blocked her from doing so by moving her car. Arogant Hollywood and Defendant Perrette contacted law enforcement. Upon arriving Defendant Perrette requested that L.A.S.D. deputies serve a copy of her granted TRO. In her TRO Defendant Perrette stated that Hollywood had told her to *"watch her back"*, and was filming her children. Of course, since Hollywood has a GOPRO just like the bogus restraining order of Defendant Solanki no times were given for incidents. Defendant Solanki also stated that Hollywood told him to *"watch his back."* It is easy to see that Defendant Solanki and Defendant Perrette conspired together to interfere with the real property rights of Plaintiff Fairchild.

120.    On the late evening of March 22, 2019 Hollywood was standing outside of his apartment speaking to other tenants about how Nitin Solanki was violating the civil rights of Alison Helen Fairchild when suddenly Defendant 110 pulled up in her car and parked in front of his apartment. After verbally attacking Hollywood Defendant stated the following as she was leaving the parking lot: *"Word to the wise. "The next time you call me a bitch, the police won't be the only ones you'll have to worry about*."

121.    On Sunday March 24, 2019 at approximately Hollywood contacted L.A.S.D. dispatch so that law enforcement could stand by while he served an ex-parte motion upon Christine Perrette. law enforcement stood by as Hollywood left two ex-parte applications to shorten time on his motion to request evidentiary hearing and to strike the declaration of Christine Perrette. Shortly

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 43 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

thereafter Defendant 110's young adult or minor son removed the papers from Christine Perrette's car and threw them at the apartment door of Hollywood and Plaintiff Alison Helen Fairchild.

122.    On March 24, 2019 at approximately 3:30 p.m. Hollywood once again placed the same ex-parte application legal papers on the vehicle of Defendant Perrette. As he was doing this Nitin Solanki came out of his office, walking on the opposite side of Perrette's vehicle and began snapping photographs of the papers left on the car. The actions of Nitin Solanki prove a prima facie case of him conspiring with tenants of Evergreen Inn.

**E.    THE IGNORANCE OF THE LAW AND EVIL MINDEDNESS OF NITIN SOLANKI LEADS TO FORCEFUL ENTRY, FORCEFUL DETAINER, AND ILLEGAL LOCKOUT OF PLAINTIFF ALISON HELEN FAIRCHILD**

123.    On March 24, 2019 at approximately 6:20 p.m. Hollywood noticed on his video cameras that Defendant Perrette was parking her car. At this time Hollywood walked out of his apartment and dropped fresh ex-parte application papers on the hood of Defendant Perrette vehicle. Defendant Perrette then drove her car forward and the papers fell off the hood of her car.

124.    On March 24, 2019 at approximately 6:30 p.m. Hollywood gave the ex-parte papers to Plaintiff Fairchild to serve. Fairchild approached the vehicle of Defendant Perrette and stated: "You've been served." After Plaintiff Fairchild walked back inside of her apartment. Defendant Perrette drove her car in front of Plaintiff's apartment honked her horn, screamed, and threw the papers in front of her apartment.

125.    On March 24, 2019 Hollywood instructed his fiancée to serve the papers on Defendant Perrette a second time. As Fairchild approached Defendant Perrette's vehicle and walked by the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 44 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

driver's side of her car, Fairchild stated: *"You've been served."* To which Defendant Perrette yelled: *"Bitch"*, and then Defendant Perrette proceeded to violently pepper spray Fairchild in the exact same vicious manner she had pepper sprayed Hollywood on March 14, 2019. The pepper spray attack dramatically burned the face, chest area, and eyes of Fairchild and went inside of her mouth and body. Because Fairchild suffered from multi sclerosis, asthma, high blood pressure, and brain damage, the pepper spray attack could have easily **ENDED HER LIFE**! Defendants Room 205A and Room 110 watched the whole attack, were laughing about it, and even were both speaking at the car of Christine Perrette just minutes prior to the assault and battery on Fairchild.

126.    After Plaintiff Fairchild was attacked Nitin Bhanubhai Solanki, and Mrs. Solanki did not rush to her aid to ask or inquire if she was okay. This was intentional discrimination. After Fairchild was pepper sprayed Nitin Bhanubhai Solanki and his wife Mrs. Solanki then not quickly call 911 emergency number so that they could assist Fairchild with an ambulance. After Plaintiff Fairchild was attacked Nitin Bhanubhai Solanki, and Mrs. Solanki just stood by and then nothing at all, yet they were outside, and both witnessed the pepper spray attack on Alison Helen Fairchild. As owners of Evergreen Inn both Nitin Solanki and his wife Mrs. Solanki owed a duty of care to help Fairchild and to seek help for her and aid her themselves. They could have gone and got milk for her eyes, they could have called 911, but since they were part of the conspiracy to permanently remove Fairchild from her apartment, they were happy when she got attacked.

127.    On March 24, 2019 L.A.S.D. deputies arrived after Plaintiff Fairchild and her fiancé Arogant Hollywood contacted them regarding Defendant Perrette violently pepper spraying her. Fairchild was transported to a local nearby hospital **WITH BURNING EYES AND AN INABILITY TO BREATHE NORMALLY.** Perrette was arrested [but never taken into custody or put in handcuffs] and cited out for pepper spraying Plaintiff Fairchild.  However, the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 45 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Los Angeles County District Attorney's office never charged Christine Perrette. Hollywood was arrested for violating the TRO granted to Defendant Perrette by indirectly contacting her. Nitin Solanki and his wife Mrs. Solanki contributed to Perrette's second slap on the wrist by deliberately and intentionally failing to tell responding LASD sheriff deputies that they had just witnessed Christine Marie Perrette violently pepper spray Alison Helen Fairchild, and the Solanki's failed to tell LASD peace officers that Christine Marie Perrette had also violently pepper sprayed Fairchild's fiancé Arogant Hollywood just days prior.

128.    The disability and racist sheriff deputies and sergeant were deliberately indifferent to the American Disabilities Act of 1990 rights of Fairchild and intentionally discriminated against Plaintiff Fairchild by not taking Christine Perrette in for felony violation of California Penal Code § 22810 since it was her second time violently pepper spraying an American citizen in just the past ten days. Los Angeles County peace officers were grossly negligent and intentionally discriminated against Plaintiff Fairchild pursuant to 42 U.S.C. § 12203.

129.    After his arrest Hollywood requested that deputies check on his apartment until his fiancée Alison Fairchild arrived home from the hospital. The arresting senior deputy sheriff stated that he would have a patrol car check on Plaintiff's apartment ever thirty minutes. The LASD deputies who arrested Hollywood assured him that they would make sure that a deputy monitored his apartment so that Plaintiff Fairchild and Hollywood's landlord did not try to lock him out. This of course never occurred. LIARS!

130.    On March 24, 2019 at approximately 10:00 p.m. Defendant Nitin Solanki unlocked the front door of the apartment of Plaintiff Fairchild by using the original key issued to Plaintiff on January 25, 2019. Once inside he instructed his maintenance worker Michael Doe to remove the current bottom lock and install a different lock. Next Defendant Solanki removed all of Plaintiff Fairchild's personal belongings and furniture out of their apartment of the past sixty days. This

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 46 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

of course was equally the fault of Los Angeles County sheriff's department peace officers as they were deliberately indifferent by intentionally failing to secure the home of Plaintiff Alison Helen Fairchild after being requested to do so by Plaintiff's fiancé Arogant Hollywood on March 24, 2019 at approximately 7:30 p.m. just two to three hours prior to Defendants Nitin Solanki, Sobi Investments LLC, and Evergreen Inn's illegal and unconstitutional lock out of Plaintiff Fairchild.

131.    On the early morning March 25, 2019 Plaintiff Fairchild arrived back at her apartment and noticed that her apartment front door had an overlock device on it like the ones used in three-, four-, and five-star hotels. Plaintiff Fairchild left her apartment locked out and slept on the cold streets of Los Angeles County on the night of March 25, 2019. In addition, Plaintiff Fairchild suffered physically as she did not have access to her medication since Defendant Nitin Solanki and his maintenance employee Michael had removed all of her personal property from her apartment and changed the locks on her home.

132.    On the early afternoon of Tuesday March 26, 2019 Plaintiff Arogant Hollywood was arraigned in West Covina superior court for violating the perjurious and frivolous restraining order of Defendant Perrette. Interestingly enough, the conspiring Defendant Solanki was also present at Hollywood's arraignment. Hollywood's public attorney stated that Nitin Solanki wanted to address the court and request that Hollywood not be able to return to his apartment. The Court ordered Hollywood to stay away from Christine Perrette, but the Court did not order Hollywood to not be on his own property.

133.    On the early morning of Wednesday March 27, 2019 at approximately 9:25 a.m. Hollywood was released from L.A.S.D. Twin Towers facility in downtown Los Angeles. After getting out Hollywood first went to LA.S.D. San Dimas station to pick up his GOPRO and other property he took to jail with him when he was arrested just days prior.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 47 of 210              ALISON HELEN FAIRCHILD, v. wyze labs, inc.

134.    On March 27, 2019 at approximately 1:50 p.m. Hollywood arrived back at his apartment located at 20022 East Arrow Highway, Apartment 105, Covina, CA 91724. Upon arriving Hollywood walked up to his apartment and noticed that his bottom lock was a different color.

135.    On March 27, 2019 at approximately 1:53 p.m. Hollywood knocked on his front door, and a female voice said: "Who is it.? To which Hollywood replied: "Alison, let me in." The voice then replied back:" Who?" At this point it was clear to Hollywood that the woman living inside of his apartment was not Plaintiff Alison Helen Fairchild.

136.    On March 27, 2019 at approximately 2:00 p.m. Hollywood contacted the L.A.S.D. San Dimas by dialing (909) 450-2700. At the very same time Defendant 110 was standing in the parking lot recording Hollywood while telling Room 205A: "***He came back he must want to get pepper sprayed again. Go get Christine.***" At this time Defendant Nitin Solanki came outside, standing in the parking lot and then began speaking to Hollywood: "***I told you I would take care of it. Yes, I took care of it.***"  Even after not one but two physically pepper spray attacks on Evergreen Inn tenants do the owners of Evergreen Inn do anything to legally remove Perrette which should have been by way of a Los Angeles County Superior Court workplace violence restraining order that requested that the judge force Perrette to move out based upon her violently attacking two people in less than ten days. Nitin Solanki and his wife Mrs. Solanki never sought a workplace violence restraining order because they approved, ratified, glorified, and condoned both physical attacks on Arogant Hollywood and Alison Helen Fairchild by Christine Perrette. Nitin Solanki and his wife Mrs. Solanki indirectly participated in the attack of Alison Helen Fairchild.

137.    On March 27, 2019 Hollywood contacted the law office of William Edward Windham by dialing (951) 784-5133. Hollywood told William Windham that there would be an ex-parte application to order the Court to put him and his fiancée back in their apartment. Hollywood told

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 48 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

William Windham that they hearing would take place on March 28, 2019 at 1:30 p.m. at the West Covina Courthouse. Without responding Windham hung up the phone in Hollywood's face without saying a word!

138.    On March 27, 2019 after L.A.S.D. sheriff deputies had arrived they spoke to Defendant Solanki. Hollywood told deputies and their sergeant that he wanted to press charges against Nitin Solanki for breaking into his apartment. Arogant Hollywood also told sergeant White and other present peace officers that Nitin Solanki and Evergreen Inn had already filed an unlawful detainer action and could not lock him and Alison Fairchild out because both had been living in the apartment for nearly sixty days. Sergeant White stated that what his landlord did was not criminal. Sergeant White told Hollywood that his department had spoken to the Los Angeles County district attorney's office headquarters about the incident and they told LASD San Dimas sheriff's station that what Nitin Solanki had done was not criminal. Hollywood next told sheriff deputies and their sergeant that he would break back into his own apartment. To which sergeant white stated that *"you are not going back on that property, and if you do try to get back in you will be arrested."*

139.    Instead of helping Arogant Hollywood and his fiancée Alison Helen Fairchild restore possession of their apartment L.A.S.D. sheriffs prevented Fairchild from reentering her home. Hence, why L.A.S.D. is a Defendant in this lawsuit along with their Sheriff and Sergeant White.

140.    On March 27, 2019 at approximately 8 p.m. Arogant Hollywood and Alison Helen Fairchild returned to their property to check on their personal property. Their property was thrown into a garage without care and without inventory. Among the personal property of Plaintiff Fairchild and Hollywood missing were a Razer 4k Gaming Laptop ($4,500) IPAD Mini 128 GB), Two Samsung Galaxy A Tabs. Among damages property was a $ 100.00 Air Fryer, a $ 300.00 Best Buy Insigma floor freezer. In addition to missing and stolen property several

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 49 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

items belonging to Plaintiff Fairchild and Hollywood were damaged upon them picking up their property. But lost, stolen, and damaged personal property is for a separate lawsuit. Additionally, all of the home cameras that Fairchild and Hollywood had installed inside of their apartment's window were missing. Before Hollywood and Fairchild were locked out there were six Yi Technology cameras stationed in the window seal of the apartment's only window. These six Yi indoor security cameras were facing and looking towards the outside and would have to had to capture Defendants Nitin Solanki and his maintenance employee Michael breaking into Plaintiff Fairchild's apartment. At the time of Defendants' forceful entry all six of the Yi Technology home cameras had the cloud recording feature enabled.

Before Hollywood and Fairchild were locked out there were two identical Wyze Camera Pan 1080p HD cameras stationed in the window seal of the apartment's only window. These two Wyze indoor security cameras were facing and looking towards the outside and would have to had to capture Defendants Nitin Solanki and his maintenance employee Michael breaking into Plaintiff Fairchild's apartment. At the time of Defendants' forceful entry all of the Wyze home cameras had the cloud recording feature enabled.

141.    On March 27, 2019 at approximately 11 p.m. Hollywood and Plaintiff Fairchild sent an email to Yi Technology Inc. owner and chief operating officer Shengwei (Sean) Da **[hereinafter "Da"]**. The email was sent to Sean Da's business email address of sean@yitechnology.com. In this email Fairchild and Hollywood told Da that their landlord had broken into their apartment on March 27, 2019 had stolen six Yi cameras that had recorded the break in. Plaintiff Fairchild told Da that she was disabled and could not walk and would need the video footage to assist her in court with getting back into her apartment. Plaintiff Fairchild and Hollywood requested that Da make sure that his company preserved the videos as he could not see them on the cloud on his phone, but Hollywood knew that the cloud feature was enabled at the time of the March 24, 2019 forceful entry. Da nor anyone from his company ever responded to Hollywood's email. The email never bounced back. Da and his company Yi Technology Inc. could be sued in an

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 50 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

amended civil rights complain herein.

142.    On March 27, 2019 at approximately 11:45 p.m. Hollywood and Plaintiff Fairchild sent an email to Wyze Labs, Inc. executives Dave Crosby [Cofounder], Yun Zhang [Cofounder, and Dongsheng Song [Cofounder]. The email was sent to the following email addresses:

DAVE CROSBY:    dave@wyze.com, and davecrosby87@gmail.com

YUN ZHANG:    yzhang@wyze.com and yunzhang77@gmail.com

DONGSHENG SONG: dsong@wyze.com and songdongsheng80@gmail.com

In this email Fairchild and Hollywood told Dave Crosby, Yun Zhang, and Dongsheng Song that their landlord had broken into their apartment on March 27, 2019 and had stolen two Wyze Camera Pan 1080p HD cameras that had recorded the break in. Plaintiff Fairchild told the three above stated executives that she was disabled and could not walk and would need the video footage to assist her in court with getting back into her apartment. Plaintiff Fairchild and Hollywood requested that Dave Crosby, Yun Zhang, and Dongsheng Song all make sure that their company Wyze Labs, Inc. preserve the videos as he could not see them on the cloud on his phone, but Hollywood knew that the cloud feature was enabled at the time of the March 24, 2019 forceful entry. Dave Crosby, Dongsheng Song and Yun Zhang nor anyone from their company ever responded to Hollywood's email. The email never bounced back. Dave Crosby, Dongsheng Song, Yun Zhang, and their company Wyze Labs ignored Plaintiff Fairchild's email and did not care.

143.    On March 28, 2019 Hollywood was at the West Covina courthouse for his ex-parte application hearing which he had given notice to attorney Windham the previous day. However, Windham's appearance attorney lied to the Court and stated that they had not received proper notice of hearing. The presiding judge stated on the record that Defendant Solanki could not lock Hollywood out of his apartment. The ex-parte application was denied because Solanki's eviction attorneys and legal service agency William Windham and A Plus Eviction stated that

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 51 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

they had not received proper notice. Hollywood's ex-parte application was also denied because the lying sack of crap appearance attorney refused to waive notice so the merits of Hollywood's motion could have been heard. A Plus Eviction and Windham's appearance attorney lied to the judicial officer presiding by stating that Plaintiff Evergreen Inn had never received ex-parte application notice for the hearing. BOLD FACE LIARS!

144.    On March 29, 2019 at approximately 9 a.m. Hollywood gave attorney William Windham ex-parte notice of a hearing on Tuesday April 2, 2019 at 1:30 p.m. Before Hollywood could finish William Windham hung up the telephone in Hollywood's face.

145.    Due to being misplaced out of her home by Defendant Solanki Plaintiff Fairchild was hospitalized on March 30th and 31st 2019 due to illness, multiple sclerosis symptoms, and not having access to her medication as Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn had locked Fairchild out of her apartment on March 24, 2019.

146.    On April 1, 2019 Hollywood personally went to the office of William Windham in Rialto and hand delivered a copy of his ex-parte application to shorten time on his motion for order ceasing illegal and criminal lockout and restoring possession to Windham's office. Since the building was closed a copy of ex-parte application and motion were left taped on suite building door, and in the mailbox of a nearby attorney's office.

147.    On April 2, 2019 at approximately 9 a.m. Hollywood confirmed that attorney Windham had received all motions by calling the attorney's office who's mailbox Hollywood had left his legal pleadings inside of.

148.    On April 2, 2019 Hollywood arrived at the West Covina courthouse for his ex-parte hearing. However, the court clerk's office informed him that the presiding judge stated that his

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 52 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

ex-parte application were taken off the calendar and would not be heard because Nitin Solanki on behalf of Evergreen Inn Inc. had voluntarily dismissed his frivolous unlawful detainer action on March 29, 2019. Defendants Evergreen Inn, Nitin Solanki, Sob, and Mrs. Solanki and his attorney's actions were a clear abuse of process. Shortly thereafter Hollywood learned that Los Angeles Superior Court judicial court clerk K. Quach had filed Defendants' improper and unconstitutional voluntary dismissal which was only filed to stop Hollywood and Fairchild from easily restoring possession of the apartment in which they were locked out of illegally by Defendants Nitin Solanki, Sobi, and Evergreen Inn on the night of March 24, 2019.

149.    The unlawful detainer action was dismissed for two reasons on March 29, 2019. (1) Defendants were confident that they had obtained permeant possession of Hollywood and apartment and (2) Because Defendants A Plus Eviction, Sobi, Windham, Galindo, Evergreen Inn, and Mrs. Solanki knew that the unlawful detainer action that they filed on March 1, 2019 was frivolous, groundless, meritless and without probable cause or legal justification.

150.    Sometime between late March and mid-April 2019 Los Angeles County sheriff's department detective doe and his or her supervisor sergeant Nicole Davis completed an inadequate investigation of Christine Marie Perrette's violent attack on Fairchild. Davis and her peace officers were deliberately indifferent for not picking up Perrette for felony investigation after she had twice deliberately and intentionally violated California Penal Code § 22810. The investigation was so inadequate that these foolish peace officer detectives most likely failed to connect the dots between the first attack on Hollywood on March 14, 2019 and the second attack on Plaintiff Fairchild on March 24, 2019. Detective Doe and Nicole Davis were deliberately indifferent for not charging Christine Perrette for a hate crime for deliberately pepper spraying Alison Helen Fairchild who cannot walk and was protected under the American Disabilities Act of 1990. Detective Doe and Nicole Davis were deliberately indifferent for failing to charge Christine Perrette with a felony after she had violently pepper sprayed Alison Helen Fairchild,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 53 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

who suffers from multiple sclerosis, high blood pressure, brain damage, and asthma and could have thus been killed by the pepper spray attack on Fairchild. Nicole Davis and her detectives were also deliberately indifferent by once again sending a message to Evergreen Inn tenants that they could get away with physically harming both Plaintiff Fairchild and her fiancé and caretaker Arogant Hollywood. ***"He came back. He must want to get pepper sprayed again. Go get Christine."***

151.    On August 19, 2020 at approximately 3:45 p.m. Hollywood and Plaintiff Fairchild sent a second email to Wyze Labs, Inc. executives Dave Crosby [Cofounder], Yun Zhang [Cofounder, and Dongsheng Song [Cofounder]. The email was sent to the following email addresses:

DAVE CROSBY:    dave@wyze.com, and davecrosby87@gmail.com

YUN ZHANG:        yzhang@wyze.com and yunzhang77@gmail.com

DONGSHENG SONG: dsong@wyze.com and songdongsheng80@gmail.com

In this email Fairchild and Hollywood told Dave Crosby, Yun Zhang, and Dongsheng Song that their landlord had broken into their apartment on March 27, 2019 and had stolen two Wyze Camera Pan 1080p HD cameras that had recorded the break in. Plaintiff Fairchild told the three above stated executives that she was disabled and could not walk and would need the video footage to assist her in court with getting back into her apartment. Plaintiff Fairchild and Hollywood requested that Dave Crosby, Yun Zhang, and Dongsheng Song turn over the video footage that they had previously requested be preserved in an email sent to Crosby, Song and Zhang in March 2019. Dave Crosby, Dongsheng Song, and Yun Zhang, nor anyone from their company ever responded to Hollywood and Fairchild's second email. The second email never bounced back. Dave Crosby, Dongsheng Song, Yun Zhang, and their company Wyze Labs ignored Plaintiff Fairchild's email and did not care.

152.    On August 19, 2020 at approximately 11 p.m. Hollywood and Plaintiff Fairchild sent an email to Yi Technology Inc. owner and chief operating officer Shengwei (Sean) Da **[hereinafter**

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 54 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**"Da"].** The email was sent to Sean Da's business email address of sean@yitechnology.com. In this email Fairchild and Hollywood told Da that their landlord had broken into their apartment on March 27, 2019 had stolen six Yi cameras that had recorded the break in. Plaintiff Fairchild told Da that she was disabled and could not walk, and would need the video footage to assist her in court with getting back into her apartment. Plaintiff Fairchild and Hollywood requested that Da turnover the video footage that they had previously requested be preserved by his company Yi Technologies Inc. in an email sent to him in March 2019. Sean Da, nor anyone from their company ever responded to Hollywood and Fairchild's second email. The second email never bounced back. Sean Da and his company Yi Technologies Inc. ignored Plaintiff Fairchild's email and did not care.

153.    On March 12, 2021 Plaintiff's fiancé Arogant Hollywood contacted the Los Angeles County District Attorney's office by dialing (626) 814-3301. Hollywood asked to speak to the attorney in charge and was transferred to the voicemail of Deanne Castorena. Shortly thereafter Defendant Castorena returned Hollywood's phone call. On the phone call Hollywood told Castorena that Christine Perrette should have been charged with a felony for pepper spraying his woman Alison Helen Fairchild. Hollywood stated that Christine Perrette should have been charged with a felony hate crime for calling him a nigger and then pepper spraying Hollywood in an unprovoked attack. Hollywood told Defendant Castorena that he should have not been arrested for violating a frivolous restraining order filed by Christine Perrette since judicial officer Sarah J. Heidel had dismissed her petition and told her on the court record that Hollywood did not violate her temporary restraining order by serving legal documents on her car. Defendant Castorena stated that she would review the file and determine if her office could prove the cases beyond reasonable doubt. Castorena stated that she would take responsibility for any criminal filings by her deputy attorneys that should have not been filed. Hollywood provided his Instagram handle of futurekingofentertainment and his YouTube account of causeofaction40@gmail.com so that Deanne Castorena could watch the video of Christine

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 55 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Marie Perrette pepper spraying Hollywood in an unprovoked attack. Castorena stated to Hollywood that she would review the video.

154.    On Monday March 15, 2021 Defendant Castorena called Hollywood on his Verizon mobile device phone number of (323) 200-4449. Hollywood missed Deanne's call and then called back her office by dialing (626) 813-3301 and was transferred to Defendant Castorena. Castorena told Hollywood that she agreed with her deputy attorneys not charging Christine Marie Perrette for anything in both pepper spraying cases. When Hollywood asked Castorena if she felt that Perrette should have not been charged after watching the video of the attack on Instagram Castorena said no. Hollywood then told Castorena that both he and Fairchild would sue her in federal district court and contact her superiors. Castorena then replied: "You go ahead and do whatever it is you need to do.

155.    On March 16, 2021 Plaintiff Fairchild the Los Angeles County District Attorney's office by dialing (626) 814-3301 and asked the receptionist March if she could look up to see if charges were filed against Christine Perrette. After researching the case on her computer Martha told Fairchild that no charges had been filed against Christine Marie Perrette and that the case was rejected by the West Covina district attorney's office.

156.    On March 17, 2021 on behalf of both himself and his fiancée Alison Helen Fairchild Hollywood sent an email to Los Angeles County District attorney office executives Maria Ramirez **[Director of Specialized Prosecutions, Admitted to the Cal State Bar in 1990]**, Cynthia Michiko Nakao **[Professional Responsibility Advisor, admitted to the Cal State Bar in 1988]**, Kris Cater **[Deputy Chief of Bureau of Investigations, a Detective]**, Joseph Esposito **[Chief Deputy District Attorney, admitted to the Cal State Bar in 1989]**, George Gascon **[Los Angeles District Attorney, replaced Defendant Lacey, admitted to the Cal State Bar in 1996]**, and Michelle Daniels **[Bureau of Victim Services Director, Admitted to the Cal**

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 56 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**State Bar in 1985],** Admitted to the Cal State Bar in 1985]. In the email Hollywood stated all of the facts of Fairchild's case stated herein in this lawsuit. Hollywood demanded that above stated attorneys fix the mistakes of West Covina district attorney's office and Deanne Castorena. Hollywood also stated that all attorneys receiving the email could be liable for damages in federal court including pursuant to 42 U.S.C. § 1986.

157.    On March 18, 2021 Plaintiff's fiancé Arogant Hollywood receiving a telephone call from the Los Angeles County district attorney's office of Michele Daniels, which is located in the city of El Monte. On the phone call Hollywood told the lady from Ms. Daniels office that he could not believe that Deanne Castorena had stated that charges should have not been filed against Christine Perrette after Deanne had seen the video on Instagram. Hollywood gave the female representative his Instagram screen name and YouTube account name so that she could watch the video herself. This representative told Hollywood that they would have supervisors from Michel Daniels office contact the West Covina office to see what was going on.

158.    On or about March 18, 2021 Defendant Matt Maloney changed his GrubHub email from mmaloney@grubhub.com to matt@grubhub.com . The sudden email address change was part of Defendant Maloney's failed attempt to shield himself and his company GrubHub from liability after learning about Hollywood's Instagram video of his employee Christine Perrette attacking Hollywood. The video can be viewed by visiting weblink address https://www.instagram.com/p/CMaKml4nFlt/ As of March 20, 2021 Hollywood's Instagram video of the attack has amassed 123, 107 views in approximately seven calendar days.

159.    On or about March 18, 2021 Defendant Matt Maloney changed his GrubHub title from Founder, Chief Executive Officer and Director to Tech Lead—Security Engineering.  The sudden email company title change was part of Defendant Maloney's failed attempt to shield

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 57 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

himself and his company GrubHub from liability after learning about Hollywood's Instagram video of his employee Christine Perrette attacking Hollywood. The video can be viewed by visiting weblink address https://www.instagram.com/p/CMaKml4nFlt/

160.    In March 2021 Plaintiff Alison Helen Fairchild sent Hollywood the following messages in her own words regarding the actions of Defendants.

Christine Perrette committed not only a deliberate premeditated act # 1. Sheriff's never charged her. Shame. Shame, Shame. And was this because of her White Privilege you so often hear about nowadays? Because I sure as f*** know that they would have charged a black man. The owners of Evergreen Inn. I think one of their name's are Nitin Solanki. Never apologized to me for his tenant Christine Perrette's attack on me. Nitin never made a personal inquiry to me regarding my physical health. Like are you okay. The owners of Evergreen Inn converted my property and it up and yet when it was retrieved there were many missing items such as your computers and my three Samsung Galaxy Tabs. Plus costly cases and keyboards for my three galaxy tabs. After the Evergreen Inn owners had converted my property they did not put in a safe place. But rather they put in a garage where every single tenant checking in and out of every 28 calendar days had access to it: a community free for all with a very questionable meth addict maintenance handyman having 24-hour access to this storage and garage area of Evergreen Inn. When locking me out of my apartment of the past sixty days the Evergreen Inn owners kept me from my medication which I need all the time. I could have a heart attack, stroke, or loss a life without my high blood pressure medication. Christine Perrette a.k.a. Ms. Pepper Spray committed an actual felony and Sheriffs did nothing to charge her. The conduct and actions of the L.A. Sheriffs was not only just irresponsible but highly negligent. They made me feel like a piece of s*** by doing nothing and L.A. Sheriffs have to this day caused me constant emotional distress over something that happened almost two years ago. The Sheriffs and District Attorney have failed to realized that since I have multi sclerosis, asthma, and brain damage I could have died from the violent pepper spray attack made on me by Christine. Also

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 58 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

being denied the use of my Galaxy Tabs have been perpetually damaged intellectually, psychologically, and emotionally. I cannot see well on anything smaller than the size of my three Samsung Galaxy tabs that were stolen by Nitin Solanki and Evergreen Inn tenants. I also know that Evergreen Inn owners intentionally stole our Wyze and Yi surveillance cameras.

**FIRST CLAIM FOR RELIEF---INTENTIONAL DISCRIMINATION, RETALIATION, INTIMIDATION, THREATS, AND INTERFERENCE IN VIOLATION OF THE AMERICAN WITH DISABILITIES ACT, 42 U.S.C. § 12203 ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY SHERIFF DEPUTY DOES 1-4, LIEUTENANT DOE, LOS ANGELES SHERIFF DETECTIVE DOE, LOS ANGELES COUNTY SHERIFF SERGEANT DOE, SERGEANT NICOLE DAVIS, CAPTAIN ANDY BERG, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DEANNE CASTORENA, JANE DOE DEPUTY DISTRICT ATTORNEYS 1-2, CHRISTINE MARIE PERRETTE, NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS, LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, MATT MAYER MALONEY, GRUBHUB LLC, GRUBHUB LLC, JUST EAT TAKEAWAY.COM N.V., YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, JANE DOE COURT CLERK 1-2, JOHN DOE COURT CLERK 3, & DOES 1-10**

161.   Plaintiff Alison Helen Fairchild reincorporates by reference each and every allegation stated in paragraphs 1-160 above.

162.   Plaintiff Alison Helen Fairchild is disabled within the means of ADA, ambulatory and unable to walk whatsoever.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 59 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

163.    Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to requesting reasonable accommodations from all Defendants stated herein.

164.    Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to being protected from intentional discrimination of all Defendants listed herein and above.

165.    Plaintiff Alison Helen Fairchild engaged in conduct protected by the ADA, including but not necessarily limited to being protected from interference with her ADA constitutional rights that were interfered with by all Defendants listed herein and above.

166.    42 U.S.C. § 12203(a) prohibits retaliation against any individual because the person opposed any act or practice made unlawful by the ADA. 42 U.S.C. § 12203(b) further provides that "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercise or enjoyed… any right granted or protected by this Chapter."

167.    As with Section 504, there is also a private right of action for persons with disabilities, which includes the full panoply of remedies. Again, consistent with section 504, it is not the Committee's intent that persons need to exhaust Federal administrative remedies before exercising their private right of action. See H.R. REP. NO. 485(II) 101st Cong., 2d Sess., at 98 (1990) reprinted in 1990 U.S.C.C.A.N. at 381.

168.    "Our conclusion is consistent with the "well settled" rule that "where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done." See *Barnes v. Gorman*,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 60 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

536 U.S. 181 at 189 (2002) quoting *Bell v. Hood*, 327 U.S. 678 (1946) at 685

169.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by allowing Evergreen Inn tenant Christine Marie Perrette to physically harm Fairchild by pepper spraying her in the face, neck, and chest area.

170.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately and intentionally failing to call 911 emergency number on their mobile and landline phones after witnesses Christine Perrette attack her with pepper spray.

171.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing the attack.

172.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by intentionally and deliberately failing to physically help her by providing her with milk, a wet towel, etc.

173.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by failing to legally act against Christine Perrette on or about March 14, 20219 while knowing that Arogant Hollywood had a disabled lady who Perrette's first attack put the safety of Fairchild in jeopardy.

174.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by conspiring with Christine Marie Perrette and other Evergreen Inn tenants to physically harm Fairchild with the goal of ending her life or hospitalizing her.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 61 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

175.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by failing to apply for a workplace violence temporary restraining order against Christine Perrette after her second attack on an Evergreen Inn tenant in less than ten calendar days.

176.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

177.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately and intentionally failing to tell law enforcement that they had just witnessed Christine Marie Perrette pepper spray their tenant Alison Helen Fairchild in an unprovoked physical attack.

178.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and sent her to the hospital physically injured.

179.     Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and sent her to the hospital physically injured.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 62 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

180.    Defendants Solanki, Mrs. Solanki, Sobi, and Evergreen Inn violated U.S.C. § 12203 and intentionally discriminated against Fairchild by denying and blocking her access to her physical health and life essential medications.

181.    Defendants Room 110 and Room 205A violated U.S.C. § 12203 and intentionally discriminated against Fairchild by watching her get attacked and then laughing about it.

182.    Defendants Room 110 and Room 205A violated U.S.C. § 12203 and intentionally discriminated against Fairchild by instigating the attack on Fairchild.

183.    Defendants Room 110 and Room 205A violated U.S.C. § 12203 and intentionally discriminated against Fairchild by indirectly participating to the violent attack on Fairchild.

184.    Defendants Room 110 and Room 205A violated U.S.C. § 12203 and intentionally discriminated against Fairchild by conspiring with Christine Marie Perrette to physically harm Fairchild.

185.    Defendant Christine Marie Perrette violated U.S.C. § 12203 and intentionally discriminated against Fairchild by violently pepper spraying her face and body on March 24, 2019.

186.    Defendant Christine Marie Perrette violated U.S.C. § 12203 and intentionally discriminated against Fairchild by conspiring to physically harm Alison Helen Fairchild.

187.    Defendants LASD sheriff deputy DOES 1-4, sergeant doe, lieutenant doe, and captain berg violated U.S.C. § 12203 and intentionally discriminated against Fairchild by failing to arrest Christine Marie Perrette for felony violation of California Penal Code § 22810.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 63 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

188.    Defendants LASD sheriff deputy DOES 1-4, sergeant doe, lieutenant doe, and captain berg violated U.S.C. § 12203 and intentionally discriminated against Fairchild by slapping Christine Marie Perrette by giving her a citation for her second unprovoked pepper spray attack on an U.S. citizen in ten days.

189.    Defendants LASD sheriff deputy DOES 1-4, sergeant doe, lieutenant doe, and captain berg violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately and failing to arrest Christine Marie Perrette for violation of California Penal Code § 853.6(i)(6) and (7) after Perrette second pepper spray attack on an individual in ten calendar days.

190.    Defendants Nicole Davis and Detective Doe violated U.S.C. § 12203 and intentionally discriminated against Fairchild by conducting and completing an inadequate criminal investigation of Christine Marie Perrette's pepper spray attack on Fairchild.

191.    Defendants Nicole Davis and Detective Doe violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately and intentionally failing to recommend that the district attorney of Los Angeles charge Perrette for felony violation of Cal Pen Code § 22810 based upon her violent unprovoked peppery spray attack on Fairchild.

192.    Defendants Los Angeles County District Attorney's office, Castorena, Jane Doe deputy district attorneys 1-2 violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately and intentionally failing to charge Christine Marie Perrette for felony violation of Cal Pen Code § 22810 based upon her violently attacking Fairchild.

193.    Defendants Los Angeles County District Attorney's office, Castorena, Jane Doe deputy district attorneys 1-2 violated U.S.C. § 12203 and intentionally discriminated against Fairchild by rejecting the criminal case of Christine Marie Perrette's pepper spray attack on Fairchild.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 64 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

194.    Defendants Los Angeles County District Attorney's office and Castorena violated U.S.C. § 12203 and intentionally discriminated against Fairchild by refusing to charge Christine Marie Perrette for a felony violation of Cal Pen Code § 22810 after seeing an internet video of her violently pepper spraying Fairchild's fiancé Arogant Hollywood just ten days prior to Perrette's attack on Fairchild.

195.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and intentionally discriminated against Fairchild by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

196.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and intentionally discriminated against Fairchild by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

197.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and intentionally discriminated against Fairchild by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

198.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and interfered with the ADA rights of Fairchild by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 65 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

199.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and interfered with the ADA rights of Fairchild by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

200.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated U.S.C. § 12203 and interfered with the ADA rights of Fairchild by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

201.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated U.S.C. § 12203 and intentionally discriminated against Fairchild by ignoring Fairchild and Hollywood's email sent in March 2019.

202.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated U.S.C. § 12203 and intentionally discriminated against Fairchild by failing to act against Christine Marie Perrette prior to her attack on the disabled Fairchild on March 24, 2019.

203.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated U.S.C. § 12203 and intentionally discriminated against Fairchild by their GrubHub employee Christine Marie Perrette violently pepper spraying the face and body of Fairchild on March 24, 2019.

204.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 and intentionally discriminated against Fairchild by ignoring her email sent to them in March 2019.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 66 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

205.   Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 and intentionally discriminated against Fairchild by ignoring her email sent to them in September 2020.

206.   Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 and intentionally discriminated against Fairchild by deliberately failing to save the Wyze cloud video footage of Defendant Nitin Solanki and his maintenance employee Michael breaking into the apartment of Alison Helen Fairchild on March 24, 2019.

207.   Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 and intentionally discriminated against Fairchild by ignoring Fairchild's email that was sent to them in August 2020.

208.   Defendants Jane Doe Court Clerk 1-2, and John Doe Court Clerk violated U.S.C. § 12203 and intentionally discriminated against Fairchild by intentionally filing Evergreen Inn's voluntarily dismissal after being told not to do so by Fairchild's fiancé Arogant Hollywood.

209.   As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, multiple sclerosis relapses, depression, panic attacks, anxiety, insomnia, a complete disruption of her life and other damages in an amount to be determined according to proof at the time of trial.

210.   As a direct and proximate result of all Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer tightness in her chest, and heart palpitations.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 67 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

211.    As a direct and proximate result of Defendants' violation of 42 U.S.C. § 12203, Plaintiff Alison Helen Fairchild has suffered and continues to suffer emotional distress, and other damages in an amount to be determined according to proof at the time of trial.

212.    As a further direct, foreseeable, and proximate result of said wrongful acts by all Defendants Plaintiff Fairchild incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

213.    Pursuant to California state and federal law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional discrimination of Plaintiff Fairchild pursuant to 42 U.S.C. § 12202(b)

214.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4 , Lieutenant Doe, Los Angeles County Sheriff Detective Doe, Los Angeles County Sheriff Detective Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's office, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, GrubHub Inc., GrubHub LLC, Matt Mayer Maloney, Just East Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc., Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk, and DOES 1-10 on the first claim for relief of Plaintiff's civil rights complaint in the amount that will justly compensate Plaintiff Fairchild for her damages, together with costs and attorneys' fees in this action.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 68 of 210         *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**SECOND CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE § 51.7 ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS NITIN BHANUBHAI, MRS. SOLANKI, SOBI INVESTMENTS LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, CHRISTINE MARIE PERRETTE, GRUBHUB LLC, GRUBHUB INC., JUST EAT TAKEAWAY.COM N.V., MATT MAYER MALONEY & DOES 1-10.**

215.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-214.

216.    The conduct of Defendants violated California Civil Code § 51.7 in that Defendants violated Plaintiff Fairchild's rights to be free from any violence, or intimidation by threat of violence because of her race, color, religion, ancestry, disability, and national origin.

217.    As a direct, foreseeable, and proximate result of Defendants' violation of Civil Code § 51.7 and other state constitutional rights, Plaintiff Alison Helen Fairchild suffered violation of her civil rights.

218.    Defendants Nitin Bhanubhai Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn violated Cal Civ Code § 51.7 by allowing their Evergreen Inn tenant Christine Perrette to violently pepper spray the face and body of Alison Helen Fairchild and taking no action against her after she had violently pepper sprayed Arogant Hollywood on March 14, 2019.

219.    Defendants Room 110 and Room 205A violated Cal Civ Code § 51.7 by instigating the violent attack on Fairchild and then laughing about it after Fairchild was attacked.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 69 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

220.    Defendant Christine Marie Perrette violated Cal Civ Code § 51.7 by violently pepper Spraying Plaintiff Fairchild in an unprovoked physical attack on March 24, 2019.

221.    Defendants GrubHub Inc., Grubhub LLC, Maloney, and Just Takeaway violated Cal Civ Code § 51.7 by allowing their employee Christine Marie Perrette to violently pepper spray Plaintiff Fairchild in an unprovoked physical attack on March 24, 2019

222.    As a direct, foreseeable, and proximate result of said wrongful acts by all the above stated Defendants, Plaintiff Fairchild suffered incidental and consequential damages and losses, all in an amount to be proven at time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code § 3287 and any other provision of law providing for prejudgment interest.

223.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiff Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, a complete disruption of his life, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

224.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants. Plaintiff Alison Helen Fairchild suffered and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, a complete disruption of her life, and mental pain and anguish, all to Plaintiff's damage in an amount to be proven at time of trial.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 70 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

225.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, Evergreen Inn, Christine Marie Perrette, JANE DOE Room 110, JANE DOE Room 205A, GrubHub Inc., Grubhub LLC, Maloney, Just Takeaway and DOES 1-10 Plaintiff Fairchild incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

226.    The conduct of all the above stated Defendants as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff's rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, Christine Marie Perrette, JANE DOE Room 110, JANE DOE Room 205A, GrubHub Inc., Grubhub LLC, Maloney, Just Takeaway and DOES 1-10, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

227.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of California Civil Code § 51.7.

228.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demand judgment against Defendants Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, JANE DOE Room 110, JANE DOE Room 205A, GrubHub Inc., Grubhub LLC, Maloney, Just Takeaway and DOES 1-10 on the second claim for relief of the Plaintiff Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 71 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

## THIRD CLAIM FOR RELIEF---VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS LLC, CHRISTINE MARIE PERRETTE, EVERGREEN INN, GRUBHUB INC, GRUBHUB LLC, JUST EAST TAKEAWAY N.V., MATT MAYER MALONEY & DOES 1-10.

229.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-228.

230.    California Civil Code § 52.`1 (b), states the following: Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (a), may institute and prosecute in his or her own name and on his or her own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the right of rights secured.

231.    The conduct of Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Christine Marie Perrette and Evergreen Inn, GrubHub Inc., GrubHub LLC, Just Eat Takeaway, and Maloney violated California Civil Code § 52.1, in that Defendants, attempted to, and did, by threats, intimidation, or coercion, and threatening to use wrongful and deadly force, interfere with Plaintiff Alison Helen Fairchild's civil rights secured by the Constitution or laws of the United States, including the right to be free from discrimination.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 72 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

232.    Defendants deliberate and intentionally interference with Plaintiff Fairchild's exercise and enjoyment of her civil and constitutional rights, as herein alleged, were due to Plaintiff's race, color, religion, ancestry, national origin, or disability.

233.    Defendants' interference with Plaintiff Fairchild's exercise and enjoyment of her civil and constitutional rights, as herein alleged, were due to Plaintiff's disability.

234.    Defendants attempted to, and did, by threats, intimidation, and coercion, interfere with the exercise and enjoyment of the civil and constitutional rights of Plaintiff Alison Helen Fairchild secured by the California State Constitution.

235.    Such actions by Defendants were without any legitimate cause or justification and were intentional, malicious, reckless, and in bad faith.

236.    As a direct and legal result of Defendants' violation of Civil Code § 52.1 and other state constitutional rights, Plaintiff Fairchild suffered violations of her civil rights.

237.    By virtue of the provisions of Civil Code § 52.1, Defendants acted willfully, maliciously, intentionally, oppressively and in reckless disregard of the possible consequences of his conduct and accordingly, Plaintiff Fairchild is entitled to and hereby demand punitive and exemplary damages for the sake of example and by way of punishing Defendants Nitin Solanki, Sobi Investments LLC, Evergreen Inn, Christine Marie Perrette, Mrs. Solanki, GrubHub Inc., GrubHub LLC, Just Eat Takeaway, and Maloney in an amount to be proven at trial.

238.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Alison Helen Fairchild is entitled to and demand three times the amount of actual damages.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 73 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

239.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Alison Helen Fairchild is entitled to and demand three times the amount of actual damages.

240.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Fairchild is entitled to and demands a civil penalty of twenty-five thousand dollars.

241.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Alison Helen Fairchild is entitled to and demands and award of reasonable attorneys' fees.

242.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Fairchild seeks on her own behalf and on behalf of the general public, an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein, including but not limited to Evergreen Inn owners allowing their tenant Christine Marie Perrette to violently pepper spraying Plaintiff Fairchild.

243.    By virtue of the provisions of Civil Code § 52.1, Plaintiff Fairchild seeks on her own behalf and on behalf of the general public, an injunction to prohibit Defendants from engaging in the unfair business practices complained of herein, including but not limited to GrubHub Inc. executives allowing their employee Christine Marie Perrette to violently pepper spraying Plaintiff Fairchild.

244.    The conduct of Defendants as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiffs Arogant Hollywood and Alison Helen Fairchild's civil rights. Plaintiffs are thereby entitled to an award of punitive damages against Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, GrubHub Inc., GrubHub LLC, Just Eat Takeaway, and Maloney in an amount appropriate to punish and make an example of all Defendants, and in an amount to conform to proof.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 74 of 210                 ALISON HELEN FAIRCHILD, v. wyze labs, inc.

245.   Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of California Civil Code § 52.1.

246.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demand judgment against Defendants Nitin Bhanubhai Solanki, Mrs. Solanki, Evergreen Inn, Sobi Investments LLC, GrubHub Inc., GrubHub LLC, Just Eat Takeaway, Maloney and DOES 1-10 on the third claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Plaintiff for her damages, together with costs and attorneys' fees in this action.

**FOURTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 12132 ET SEQ.), INTENTIONAL DISCRIMINATION---ALLEGED BY ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY SHERIFF DEPUTY DOES 1-4, LIEUTENANT DOE, LOS ANGELES SHERIFF DETECTIVE DOE, LOS ANGELES COUNTY SHERIFF SERGEANT DOE, SERGEANT NICOLE DAVIS, CAPTAIN ANDY BERG, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DEANNE CASTORENA, JANE DOE DEPUTY DISTRICT ATTORNEYS 1-2, JANE DOE COURT CLERK 1-2, JOHN DOE COURT CLERK, & DOES 1-10.**

247.   Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint for damages as if fully set forth herein.

248.   The American Disabilities Act of 1990 is a sweeping civil rights law designed to "provide a clear and comprehensive national mandate for the elimination of discrimination against person with disabilities." 42 U.S.C. § 12131 (a). In passing the ADA, Congress

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 75 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

expressly found:

*The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt if services or the participation in programs or activities provided by a public entity.*
42 U.S.C. § 12131(2)

249.    Congress enacted the ADA in light of its findings that "individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities. "42 U.S.C. § 12101 (a)(5). Further, Congress stated that a primary purpose of the ADA is "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities. "42 U.S.C.§ 12101 (1)(b).

250.    To succeed as a matter of law under Title II of the ADA, Plaintiff Alison Helen Fairchild must prove that:

a. Defendants Los Angeles County Sheriff's Department Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, and Captain Berg operate and oversee a local government place of public accommodation.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 76 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

b. That Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

c. Defendants' local government agency accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

251.    To succeed as a matter of law under Title II of the ADA, Plaintiff Alison Helen Fairchild must prove that:

a. Defendants Los Angeles County District Attorney's Office, Deanne Castorena, and Jane Doe District Attorneys 1-2 operate and oversee a local government place of public accommodation.

b. That Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

c. Defendants' local government agency accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

252.    To succeed as a matter of law under Title II of the ADA, Plaintiff Alison Helen Fairchild must prove that:

a. Defendants Jane Doe Court Deputy Court Clerk 1-2, and John Doe Court Clerk operate and oversee a local government place of public accommodation.

b. That Alison Helen Fairchild, the aggrieved individual, is an individual with a disability; and

c. Defendants' local government agency accommodations discriminated against Plaintiff Alison Helen Fairchild based on her disability.

253.    Defendants supervise, operate, manage, and oversee local government agencies that are required by federal law to not discriminate against individual that a disabled and protected under the American Disabilities Act of 1990.

254.    To address this broad range of discrimination in the context of public accommodations, Congress enacted Title II, which provides in part:

*Title ii applies to State and local government entities, and, in subtitle A, protects qualified individuals with disabilities from discrimination on the basis of disability in services, programs, and activities provided by State and local government entities. Title II extends the prohibition on discrimination established by section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. 794, to all activities of State and local governments regardless of whether these entities receive Federal financial assistance.*

255.    42 U.S.C. § 12131. By its clear text, Title II requires a local government agency public accommodation to provide individuals with disabilities more than simple physical access to the accommodation's facilities. Congress recognized that "individuals with disabilities more than simple physical access, but also other forms of exclusion and "relegation to lesser services, programs, activities, benefits, jobs, or other opportunities." 42 U.S.C. § 12131, *supra*

256.    A local government agency public accommodation also may not refuse to make reasonable modifications to a policy or practice that has the consequences of denying such

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 78 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

individuals access to its services unless making a reasonable modification to that policy would fundamentally alter the nature of the services.

257.    All the above stated Defendants operate, manage, supervise, or work for a local government place of public accommodation, they may not discriminate against individuals with disabilities "in the full and equal enjoyment" of the services, facilities, privileges, advantages, or accommodations of any place of public accommodation.

258.    Defendants LASD sheriff deputy DOES 1-4, sergeant doe, lieutenant doe, and captain berg violated U.S.C. 12132 by intentionally and deliberately failing to arrest Christine Marie Perrette for felony violation of California Penal Code § 22810.

259.    Defendants LASD sheriff deputy DOES 1-4, sergeant doe, lieutenant doe, and captain berg violated U.S.C. 12132 by slapping Christine Marie Perrette by giving her a citation for her second unprovoked pepper spray attack on an U.S. citizen in ten days.

260.    Defendants Nicole Davis and Detective Doe violated U.S.C. 12132 by conducting and completing an inadequate criminal investigation of Christine Marie Perrette's pepper spray attack on Fairchild.

261.    Defendants Nicole Davis and Detective Doe violated U.S.C. 12132 by deliberately and intentionally failing to recommend that the district attorney of Los Angeles charge Perrette for felony violation of Cal Pen Code § 22810 based upon her violent unprovoked peppery spray attack on Fairchild.

262.    Defendants Nicole Davis and Detective Doe violated U.S.C. 12132 by deliberately and intentionally failing to recommend that the district attorney of Los Angeles charge Perrette for

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 79 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

felony violation of Cal Pen Code § 22810 based upon her violent unprovoked peppery spray attack on Fairchild.

263.    Defendants Los Angeles County District Attorney's office, Castorena, Jane Doe deputy district attorneys 1-2 violated U.S.C. 12132 by deliberately and intentionally failing to charge Christine Marie Perrette for felony violation of Cal Pen Code § 22810 based upon her violently attacking Fairchild.

264.    Defendants Los Angeles County District Attorney's office, Castorena, Jane Doe deputy district attorneys 1-2 violated U.S.C. 12132 by rejecting the criminal case of Christine Marie Perrette's pepper spray attack on Fairchild.

265.    Defendants Los Angeles County District Attorney's office, Castorena, Jane Doe deputy district attorneys 1-2 violated U.S.C. 12132 by refusing to charge Christine Marie Perrette for a felony violation of Cal Pen Code § 22810 after seeing an internet video of her violently pepper spraying Fairchild's fiancé Arogant Hollywood just ten days prior to Perrette's attack on Fairchild.

266.    All Defendants violated U.S.C. 12132 by intentionally and deliberately failing to provide reasonable public accommodations to the fragile and disabled Alison Helen Fairchild pursuant to federal law.

267.    Plaintiff Alison Fairchild is informed and believed and thereon alleges that the aforementioned conduct of Defendants, and each of them, denied, aided, or incited in a denial of, discriminated or made a distinction that denied Plaintiff Fairchild full and equal advantages, privileges, and services to Plaintiff, solely upon Plaintiff's disability, and therefore constituted a violation of federal law.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 80 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

268.   Defendants' actions and omissions as specified had denied to Plaintiff Alison Helen Fairchild full and equal accommodations, advantages, facilities, privileges, and services in a local government agency, on the basis of physical disability. Which was also in violation of federal disability laws and/or statutes.

269.   As a legal result of the violation of Plaintiff Alison Helen Fairchild's civil rights as herein above described, Plaintiff Alison Helen Fairchild has suffered general damages, bodily injury, mental anguish, depression, insomnia, panic attacks, heart palpitations, tightness in chest, relapsing multiple sclerosis attacks on her physical body, humiliation, embarrassment, physical injury, a complete disruption of her life, and severe emotional distress (all to plaintiff's damage according to proof and incurred reasonable attorneys' fees and costs).

270.   Plaintiff Fairchild is further informed and believes, and based thereon alleges, that Defendants, and each of them, acted and continue to act, with full knowledge of the consequences and damages being caused to Plaintiff Fairchild by Defendants' actions, and Defendants' actions were, and are, willful, oppressive, and malicious. Accordingly, Plaintiff is entitled to punitive damages against all Defendants, and each of them, in a sum according to proof at trial.

271.   Pursuant to California state and federal Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of 42 U.S.C. § 12132.

272.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 81 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Deanne Castorena, Jane Doe Deputy district Attorneys 1-2, Jane Doe Court Clerk 1-2, John Doe Court Clerk and DOES 1-10 on the fourth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**FIFTH CLAIM FOR RELIEF---VIOLATION OF 42 USC § 1985 (CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS) ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, LOS ANGELES COUNTY SHERIFF DEPUTY DOES 1-4, LIEUTENANT DOE, LOS ANGELES SHERIFF DETECTIVE DOE, LOS ANGELES COUNTY SHERIFF SERGEANT DOE, SERGEANT NICOLE DAVIS, CAPTAIN ANDY BERG, LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE, DEANNE CASTORENA, JANE DOE DEPUTY DISTRICT ATTORNEYS 1-2, CHRISTINE MARIE PERRETTE, NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS, LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, MATT MAYER MALONEY, GRUBHUB LLC, GRUBHUB LLC, JUST EAT TAKEAWAY.COM N.V., YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, JANE DOE COURT CLERK 1-2, JOHN DOE COURT CLERK, & DOES 1-10**

273.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-272.

274.    On information and belief Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 82 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk, and DOES 1-10, and each of them, engaged in an illegal conspiracy to interfere with Plaintiff Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

275.    42 U.S.C. § 1985(3) provides citizens with a cause of action against private conspiracies to violation constitutional rights. No state action prerequisite exists for such lawsuits.

276.    On information and belief all Defendants and each of them, engaged in an illegal conspiracy to interfere with Plaintiff Alison Helen Fairchild's civil rights in violation of 42 U.S.C. § 1985.

277.    Specifically, the Defendants, and each of them, did, in violation of 42 U.S.C. § 1985(3), conspire with another for the purpose of depriving, either directly or indirectly, Plaintiff Alison Helen Fairchild as a member of the disabled/handicapped class of persons, of the equal protection of the laws, and of equal privileges and immunities under the laws.

278.    As alleged herein, Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 83 of 210        ALISON HELEN FAIRCHILD, v. wyze labs, inc.

Clerk, and DOES 1-10 maliciously conspired with conspirators/co-conspirators with the intent to injure Plaintiff Alison Helen Fairchild. Defendants violated § 1985 by each of them \ participating in plans and conspiracies to fail to file criminal charges, physically harm Plaintiff, fail to keep her safe, fail assist her after she had been physically harmed, by interfering with her constitutional 14 amendment due process rights, and many other conspiracies stated herein and throughout this civil rights complaint.

279.    By engaging in these conspired acts together, and with multiple conspirators involved, all Defendants deprived Plaintiff Alison Helen Fairchild of her constitutional civil rights under Titles II and VI Civil Rights Act of 1964, under Titles II and III of American Disabilities Act of 1990, and pursuant to the 14th amendment of the United States constitution.

280.    By doing all the above, Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk and DOES 1-10 violated Plaintiff Alison Helen Fairchild's civil rights pursuant to 42 U.S.C. § 1985(3), and all of evil, cruel, malicious, and discriminatory acts were done solely, and specifically based on Plaintiff Fairchild's disability.

281.    Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 84 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk, each and every one of them, acquired, possessed, and maintained a general knowledge of the conspiracy's objectives to inflict wrongs against and/or injury on Plaintiff Alison Helen Fairchild as described in this civil rights complaint.

282.   On information and belief Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk combined to engage in a scheme which was intended to violate the law and concealed and secreted same.

283.   On information and belief Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 85 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk and DOES 1-10 combined to engage in a scheme which was intended to violate the right of Plaintiff Alison Helen Fairchild.

284.    On information and belief Plaintiff Fairchild avers that Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk combined to engage in a scheme which was intended to violate the rights of the public-at-large.

285.    The facts, evidence and legal conclusion set forth in this instant civil rights complaint supports that Defendants (which consist of two or more persons):
 (a) engaged in conspiracy(ies) leveled against Plaintiff Alison Helen Fairchild.
 (b) engaged in conspiracy(ies) to deter, intimidate, and threaten Plaintiff Alison Helen Fairchild from engaging in protected activities, i.e., attempting to serve legal papers on Christine Perrette, being on her own real property, petitioning criminal district attorney's offices to criminally charge Christine Perrette, requesting that video footage be preserved and handed over. Warning corporations about violent employees, not being denied property without due process of law and (c) engaged in conspiracy(ies) which resulted in injury/harm to Plaintiff Alison Helen Fairchild.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 86 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

286.   All Defendants violated the rights of Plaintiff Fairchild for personal reasons and bias towards Plaintiff Alison Helen Fairchild. Moreover, said conspiracy(ies) was/were inspired and motivated by Defendants' engagement in systematic racial bias disability bias, discriminatory and retaliatory practices against Arogant Hollywood because of his race (African American/black), and against Plaintiff Alison Helen Fairchild because of her disability.

287.   Because of all Defendants' knowledge of Plaintiff Fairchild's engagement in protected activities, and because of Defendants' systematic discriminatory practices –discrimination, retaliation, and harassment—as well as a conspiracy based on Defendants' knowledge of Plaintiff Alison Helen Fairchild's engagement in protected activities; attempting to serve legal papers on Christine Perrette, being on her own real property, petitioning criminal district attorney's offices to criminally charge Christine Perrette, requesting that video footage be preserved and handed over., and Plaintiff Fairchild exercising her constitutional civil rights, all Defendants thereby conspired to deprive Plaintiff Alison Helen Fairchild of her constitutional civil rights secured and guaranteed under the Constitution and other laws of the United States.

288.   Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk combined to violate the civil and constitutional rights of Plaintiff Alison Helen Fairchild.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 87 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

289.    Defendants Room 110, Room 205A, Evergreen Inn, Sob, Mrs. Solanki, Perrette, and Evergreen Inn all directly or indirectly participated in violence against Plaintiff Fairchild so she could be locked out while hospitalized.

290.    Governmental Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2 all participated in a conspiracy to intentionally discriminated against Plaintiff Fairchild.

291.    Defendants Los Angeles County Superior Court clerks Jane Doe 1-12, and John Doe Court Clerk conspired to deny Fairchild of real property without due process of law.

292.    Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. conspired to physically harm Fairchild by not taking action against Perrette sooner.

293.    Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. conspired to shield their liability, and ignore the emails of Fairchild.

294.    Yun Zhang, Dave Crosby, and Wyze Labs, Inc all conspired to interfere with the civil rights of Fairchild and intentionally discriminate against her by three Wyze Labs executives intentionally failing to respond to two emails separately emailed to them by Fairchild.

295.    Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham conspired with Defendants Sob, Evergreen Inn, Nitin Solanki, and Evergreen Inn to intentionally discriminate against Fairchild by voluntarily dismissing their frivolous unlawful detainer action which blocked the path for Fairchild to restore possession of her apartment

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 88 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

quickly and easily.

296.     Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham conspired with Defendants Sob, Evergreen Inn, Nitin Solanki, and Evergreen Inn to intentionally discriminate against Fairchild by voluntarily dismissing their frivolous unlawful detainer action after hearing a judicial officer say on the court record that Nitin Solanki could not lock Hollywood out of his apartment.

297.     Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham conspired with Defendants Sob, Evergreen Inn, Nitin Solanki, and Evergreen Inn to intentionally discriminate against Fairchild to deny Fairchild of real property without due process of law.

298.     For all the above stated reasons, Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk are liable for violation of 42 U.S.C. § 1985.

299.     Defendants Solanki, Room 110, Room 205A, and Perrette's actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus when Defendants Solanki, Sobi Investments LLC, Evergreen Inn, and Mrs. Solanki allowed Christine Marie Perrette to pepper spray Plaintiff Fairchild and never take legal action against Perrette.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 89 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

300.    Defendants' actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus when Defendants Nitin Solanki, Sobi Investments LLC, Michael Doe, Evergreen Inn, and Mrs. Solanki failed to assist Fairchild in any way after eye witnessing Fairchild getting pepper sprayed by Christine Marie Perrette.

301.    Defendants' actions, conduct and behavior was demonstrated to be part of a class-based invidiously discriminatory animus when Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2 deliberately and intentionally failed to arrest and charge Christine Marie Perrette with a felony charge of violation of California Penal Code § 22810.

302.    Pursuant to California state and federal Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of 42 U.S.C. § 1985.

303.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Los Angeles County Sheriff's Department, Los Angeles County Sheriff Deputy Does 1-4, Lieutenant Doe, Los Angeles Sheriff Detective Doe, Los Angeles County Sheriff Sergeant Doe, Sergeant Nicole Davis, Captain Andy Berg, Los Angeles County District Attorney's Office, Deanne Castorena, Jane Doe Deputy District Attorneys 1-2, Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 90 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

on the fifth claim for relief of Plaintiff Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SIXTH CLAIM FOR RELIEF---CIVIL CONSPIRACY-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, CHRISTINE MARIE PERRETTE, GRUBHUB LLC, GRUBHUB INC. JUST TAKEAWAY.COM N.V., MATT MAYER MALONEY, YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, & DOES 1-10.**

304.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-303.

305.    "[T]he major significance of the conspiracy lies in the fact that it renders each participant in the wrongful act responsible as a joint tortfeasor for all damages ensuing from the wrong, irrespective of whether or not he was a direct actor or regardless of the degree of his activity. See *Applied Equipment Corp.*, supra, 7 Cal. 4th at p. 511.

306.    "The basis of a civil conspiracy is the formation of a group of two or more persons who have agreed to a common plan or design to commit a tortious act. The conspiring defendants must also have actual knowledge that a tort is planned and concur in the tortious scheme with knowledge of its unlawful purpose." *Kidron v. Movie Acquisition Corp.*, 40 Cal.App.4th 1571 (Cal. Ct. App. 1995)

307.    A civil conspiracy is a combination of two or more persons to accomplish by concerted action a criminal or unlawful purpose or a lawful purpose by criminal or unlawful means. See*;*

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 91 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

*Parkinson Co. v. Bldg. Trades Council*, 154 Cal. 581 (Cal. 1908); *Peskin v. Squires*, 156 Cal.App.2d 240 (Cal. Ct. App. 1957)

308.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, JANE DOE Room 110, JANE DOE, and Room 205A, entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Alison Helen Fairchild's civil rights under federal law and California state law.

309.    Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, and Just Eat Takeaway.com N.V. entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Alison Helen Fairchild's civil rights under federal law and California state law.

310.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs, Inc, entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Alison Helen Fairchild's civil rights under federal law and California state law.

311.    Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham entered into an agreement and/or understanding and otherwise conspired with other named and yet unnamed Defendants to tortuously interfere with Plaintiff Alison Helen Fairchild's civil rights under federal law and California state law.

312.    In furtherance of the conspiracy, Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A conspired together to physically harm Fairchild so that she could be removed from her apartment at Evergreen Inn.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 92 of 210                    *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

313.    In furtherance of the conspiracy, Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. conspired together to intentionally discriminated against Plaintiff Fairchild.

314.    In furtherance of the conspiracy, Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. conspired together to intentionally fail to protect Fairchild from the dangerous and violent Christine Marie Perrette.

315.    In furtherance of the conspiracy, Defendants Yun Zhang, Dave Crosby, and Wyze Labs, Inc. conspired together to intentionally discriminated against Plaintiff Fairchild.

316.    In furtherance of the conspiracy, Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham conspired together to intentionally discriminated against Plaintiff Fairchild.

317.    In furtherance of the conspiracy, Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham, Inc. conspired together to intentionally interfere with the ADA rights of Fairchild.

318.    In furtherance of the conspiracy, Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham, Inc. conspired together to intentionally interfere with the 14th Amendment rights of Fairchild.

319.    In furtherance of the conspiracy, Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham, Inc. conspired together to deny Fairchild real property without due process of law.

320.    All Defendants conspired to violate Plaintiff Fairchild's rights by conspiring to harm her physically, emotionally, and mentally.

321.    All Defendants conspired together to substantial interfere with Plaintiff's civil rights.

322.    Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they failed to help her after she was pepper sprayed.

323.    Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they locked her out her apartment just two hours after she was hospitalized for being violently pepper spraying by an Evergreen Inn tenant.

324.    Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they intentionally ignored her emails.

325.    Defendants Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V. demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they intentionally failed to terminate the employment of Perrette prior to her March 24, 2019 pepper spray attack on Fairchild.

326.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they intentionally ignored her emails sent in March 2019 and September 2020.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 94 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

327.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs demonstrated invidiously discriminatory animus towards Plaintiff Fairchild when they intentionally failed to turn over Wyze Labs, Inc cloud stored video footage that would have proven that Defendants Nitin Solanki, Sobi, and Evergreen Inn had forcefully entered Fairchild's home on the night of March 24, 2019.

328.    Plaintiff Alison Helen Fairchild hereby alleges that upon information and belief, that all Defendants combined and conspired wrongfully to discriminate against Plaintiff for the purpose of injuring Alison Helen Fairchild physically, emotionally, and mentally.

329.    As a direct and proximate result of Defendants' tortious acts committed in furtherance of the above-referenced conspiracy, Plaintiff Alison Helen Fairchild has suffered actual damages and is entitled to the relief sough herein.

330.    As a direct and proximate result of all Defendants' conduct, Plaintiff Alison Helen Fairchild might be required to obtain mental health treatment in an amount to be determined by proof at trial and will, in the future, be compelled to incur additional obligations for mental health treatment in an amount to be determined by proof at trial.

331.    Plaintiff Alison Helen Fairchild hereby alleges that Defendants Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, and William Edward Windham all\demonstrated invidiously discriminatory animus and are hereby liable to Plaintiff Fairchild for actual and punitive damages given their civil conspiracy.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 95 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

332.    Under the doctrine of respondeat superior, Defendants Nitin Solanki, mrs. Solanki, Sobi Investments LLC, and Evergreen Inn are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

333.    Under the doctrine of respondeat superior, Defendants Yun Zhang, Dave Crosby, and Wyze Labs Inc. are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

334.    Under the doctrine of respondeat superior, Defendants Matt Mayer Maloney, GrubHub Inc., GrubHub LLC, Just Eat Takeaway.com N.V. are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

335.    Under the doctrine of respondeat superior, Defendants Randy Galindo, A Plus Eviction Service, and William Edward Windham are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

336.    Pursuant to California state Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort civil conspiracy.

337.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 96 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham and DOES 1-10 on the sixth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**SEVENTH CLAIM FOR RELIEF---NEGLIGENCE-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CHRISTINE MARIE PERRETTE, NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS, LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, MATT MAYER MALONEY, GRUBHUB LLC, GRUBHUB LLC, JUST EAT TAKEAWAY.COM N.V., YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM**

338.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-337.

339.    A cause of action for negligence requires Plaintiff Alison Helen Fairchild establish (1) Defendants Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, Sobi Investments, LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc, Randy Galindo, A Plus Eviction Service, William Edward Windham and DOES 1-10 owed a duty of care to Plaintiff Alison Helen Fairchild; (2) at least one or more of Defendants breached that duty by a negligent act or omission; and (3) the Defendants' breach was the actual and proximate cause of Plaintiff  Alison Helen Fairchild's injury(ies); and (4) Plaintiff Alison Helen Fairchild suffered an injury or damages resulting from Defendants' breach.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 97 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

340.    Negligence is governed by California Civil Code § 1714. The presumption of negligence based on violation of statute is governed by California Evidence Code § 669.

341.    Comparative negligence is governed by assumption of the risk. *Nga Li v. Yellow Cab Co.*, 13 Cal.3d 804 (Cal. 1975); see also; Knight v. Jewett, 3 Cal.4th 296 (Cal. 1992)

342.    The cause of action for negligence requires that the defendant breached a duty of care owed to the plaintiff or to a class of persons of which the plaintiff is a member. This is an indispensable prerequisite to the imposition of liability based on negligence. See *Valdez v. J.D. Diffenbaugh Co.,* 51 Cal.App.3d 494 (Cal. Ct. App. 1975) at p. 505

343.    The requirement of duty is an obligation, recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks. See *Hilyar v. Union Ice Co.*, 45 Cal.2d 30 (Cal. 1955); Peter W. v. San Francisco Unified Sch. Dist*, 60 Cal.App.3d 814 (Cal. Ct. App. 1976)

344.    Negligence is a failure to exercise the degree of care in a given situation that a reasonable man under similar circumstances would exercise to protect others from harm. See *Donnelly v. Southern Pacific Co.*, 18 Cal.2d 863 (Cal. 1941) at p. 869

345.    All Defendants executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

346.    The elements necessary to establish a presumption of negligence arises from statutory violations are pursuant to California Evidence Code § 669 (a).

■ The person violated a statute, ordinance, or regulation of a public entity.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 98 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

■ The violation directly and legally (proximately) caused death or injury to person or property.

■ The death or injury resulted from an occurrence of the nature that the statute, ordinance, or

regulation was designed to prevent; and

■ The person suffering the death or injury to his or her person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

347.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, Mrs. Solanki, Christine Marie Perrette, Jane Doe Room 110, and Jane Doe Room 205A violated many state and federal laws by intentionally discriminating against Plaintiff Fairchild.

348.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by deliberately and intentionally failing to call 911 emergency number on their mobile and landline phones after witnesses Christine Perrette attack her with pepper spray.

349.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing the attack.

350.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by intentionally and deliberately failing to physically help her by providing her with milk, a wet towel, etc.

351.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by intentionally and deliberately failing to legally act

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 99 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

against Christine Perrette on or about March 14, 20219 while knowing that Arogant Hollywood had a disabled lady who Perrette's first attack put the safety of Fairchild in jeopardy.

352.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by conspiring with Christine Marie Perrette and other Evergreen Inn tenants to physically harm Fairchild with the goal of ending her life or hospitalizing her.

353.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by failing to apply for a workplace violence temporary restraining order against Christine Perrette after her second attack on an Evergreen Inn tenant in less than ten calendar days.

354.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

355.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

356.    Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and sent her to the hospital physically injured.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 100 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

357. Defendants Nitin Solanki, Evergreen Inn, Sobi Investments LLC, and Mrs. Solanki violated many state and federal laws by denying and blocking her access to her physical health and life essential medications.

358. Defendants Room 110 and Room 205A violated many state and federal laws by watching her get attacked and then laughing about it.

359. Defendants Room 110 and Room 205A violated many state and federal laws by instigating the attack on Fairchild.

360. Defendants Room 110 and Room 205A violated many state and federal laws by indirectly participating to the violent attack on Fairchild.

361. Defendants Room 110 and Room 205A violated many state and federal laws by conspiring with Christine Marie Perrette to physically harm Fairchild.

362. Defendant Christine Marie Perrette violated many state and federal laws by violently pepper spraying the face and body of Plaintiff Fairchild on March 24, 2019.

363. Defendant Christine Marie Perrette violated many state and federal laws by conspiring to physically harm Alison Helen Fairchild.

364. Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated many state and federal laws by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

365.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated many state and federal laws by intentionally discriminating against Plaintiff Fairchild.

366.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated many state and federal laws by interfering with Fairchild's 14th amendment rights to not be denied real property without due process of law.

367.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated many state and federal laws by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

368.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated many state and federal laws by discriminated against Fairchild by ignoring Fairchild and Hollywood's email sent in March 2019.

369.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated many state and federal laws by failing to act against Christine Marie Perrette prior to her attack on the disabled Fairchild on March 24, 2019.

370.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway violated many state and federal laws by intentionally discriminated against Fairchild by their GrubHub employee Christine Marie Perrette violently pepper spraying the face and body of Fairchild on March 24, 2019.

371.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated many state and federal laws by ignoring her email sent to them in March 2019.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 102 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

372. Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated many state and federal laws by ignoring her email sent to them in September 2020.

373. Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated many state and federal laws by deliberately failing to save the Wyze cloud video footage of Defendant Nitin Solanki and his maintenance employee Michael breaking into the apartment of Alison Helen Fairchild on March 24, 2019.

374. Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated many state and federal laws by intentionally discriminating against Fairchild under federal and California state law.

375. From January 25, 2019 until her illegal lockout on March 24, 2019 Plaintiff Alison Helen Fairchild lived at Defendant Nitin Solanki, Sobi Investments LLC, and Mrs. Solanki's Evergreen Inn. At that said time, Defendants Nitin Solanki, Sobi Investments LLC, and Mrs. Solanki (a) owned, operated, and managed the Evergreen Inn located at 20022 East Arrow Highway, Covina, CA 91724; (b) operated or supervised Evergreen Inn business functions and activities and/or Evergreen Inn tenants and employees; or (c) otherwise was legally responsible for the activities and business functions of the Evergreen Inn and the safety and well-being of all Evergreen Inn guests and tenants. Defendants Nitin Solanki, Sobi Investments LLC, Evergreen Inn, and Mrs. Solanki owed a duty to Plaintiff Alison Helen Fairchild to conduct Evergreen Inn business functions and activities with reasonable care.

376. From January 25, 2019 until her illegal lockout on March 24, 20219 Plaintiff Alison Helen Fairchild resided at the Evergreen Inn. At that said time, Defendant Perrette was a tenant residing at Evergreen Inn. (a) Defendant Perrette owed a duty to all Evergreen Inn tenants to not negligently assault them with toxic pepper spray.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 103 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

377.    From January 25, 2019 until her illegal lockout on March 24, 2019 Plaintiff Alison Helen Fairchild resided at the Evergreen Inn. At that said time, Defendant Perrette was a tenant residing at Evergreen Inn. (a) Defendant Perrette owed a duty to all Evergreen Inn tenants to not negligently battery them with toxic pepper spray.

378.    In choosing to operate online restaurant ordering companies open to the public, Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees and delivery 1099 contractors.

379.    Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway operated and supervised United States, California business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. employees; AND (c) otherwise was legally responsible for the activities and business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their employees. Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway owed a duty to Plaintiff Alison Helen Fairchild to conduct GrubHub Inc.  business functions, operations, and activities with reasonable care.

380.    In choosing to operate legal and attorney services businesses that were open to the public, Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, paralegals, attorneys, clients, appearance attorneys and civil legal process servers.

381.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 operated and supervised United States, California business functions of A Plus Eviction Service and the law offices of William Edward Windham and their employees, affiliates, appearance attorneys,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 104 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

attorneys; AND (c) otherwise was legally responsible for the activities and business functions of the law offices of William Edward Windham and A Plus Eviction Service and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their employees, affiliates, appearance attorneys, attorneys, etc. Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 owed a duty to Plaintiff Alison Helen Fairchild to conduct law offices of William Edward Windham and A Plus Eviction Service business functions, operations, and activities with reasonable care.

382.    In choosing to operate an online consumer electronics business that was open to the public, Defendants Yun Zhang, Dave Crosby, and Wyze Labs undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, cofounders, and company executives.

383.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs operated and supervised United States, California business functions of Wyze Lab Inc., and its employees; AND (c) otherwise was legally responsible for the activities and business functions of Wyze Labs, its executives and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their Wyze Labs Inc employees. Defendants Yun Zhang, Dave Crosby, and Wyze Labs owed a duty to Plaintiff Alison Helen Fairchild to conduct Wyze Labs business functions, operations, and activities with reasonable care.

384.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Plaintiff Fairchild being violent pepper sprayed by Evergreen Inn residential tenant Christine Marie Perrette on March 24, 2019.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 105 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

385.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing the attack.

386.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally and deliberately failing to physically help her by providing her with milk, a wet towel, etc.

387.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally discriminating against Fairchild by failing to legally act against Christine Perrette on or about March 14, 20219 while knowing that Arogant Hollywood had a disabled lady who Perrette's first attack put the safety of Fairchild in jeopardy.

388.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring with Christine Marie Perrette and other Evergreen Inn tenants to physically harm Fairchild with the goal of ending her life or hospitalizing her.

389.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants failing to apply for a

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 106 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

workplace violence temporary restraining order against Christine Perrette after her second attack on an Evergreen Inn tenant in less than ten calendar days.

390.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally discriminating against Fairchild by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

391.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants by deliberately and intentionally failing to tell law enforcement that they had just witnessed Christine Marie Perrette pepper spray their tenant Alison Helen Fairchild in an unprovoked physical attack.

392.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and sent her to the hospital physically injured.

393.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally discriminating against Fairchild by denying and blocking her access to her physical health and life essential medications.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 107 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

394.    Defendants Room 110 and Room 205A breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants watching her get attacked and then laughing about it.

395.    Defendants Room 110 and Room 205A breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants intentionally discriminating against Fairchild by instigating the attack on Fairchild.

396.    Defendants Room 110 and Room 205A breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants indirectly participating to the violent attack on Fairchild.

397.    Defendants Room 110 and Room 205A breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants conspiring with Christine Marie Perrette to physically harm Fairchild.

398.    Defendant Christine Marie Perrette breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendant intentionally discriminated against Fairchild by violently pepper spraying her face and body on March 24, 2019.

399.    Defendant Christine Marie Perrette breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendant conspiring with Christine Marie Perrette by conspiring to physically harm Alison Helen Fairchild.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 108 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

400.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

401.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants interfering with the ADA rights of Fairchild by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

402.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants interfered with the ADA rights of Fairchild by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

403.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 breached their duty to Plaintiff Fairchild by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 109 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

404.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to to Plaintiff Fairchild being intentionally discriminated against by Defendants ignoring Fairchild and Hollywood's email sent in March 2019.

405.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants failing to act against Christine Marie Perrette prior to her attack on the disabled Fairchild on March 24, 2019.

406.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to their GrubHub employee Christine Marie Perrette violently pepper spraying the face and body of Fairchild on March 24, 2019.

407.    Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist by failing to take action against employee Christine Marie Perrette after they were informed of their employees' misconduct and dangerous behavior.

408.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants ignoring her email sent to them in March 2019.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 110 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

409.     Defendants Yun Zhang, Dave Crosby, and Wyze Labs breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants ignoring her email sent to them in September 2020.

410.     Defendants Yun Zhang, Dave Crosby, and Wyze Labs breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Defendants deliberately failing to save the Wyze cloud video footage of Defendant Nitin Solanki and his maintenance employee Michael breaking into the apartment of Alison Helen Fairchild on March 24, 2019.

411.     All Defendants breached their duty to Plaintiff Fairchild by failing to exercise ordinary care and due diligence in negligently permitting the circumstances to exist that led to Plaintiff Alison Helen Fairchild experiencing emotional distress, anxiety, and physical pain from the civil rights violations of all Defendants alleged herein.

412.     Defendant Perrette was negligent by violently pepper spraying Plaintiff Alison Helen Fairchild on March 24, 2019.

413.     Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

414.     Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 111 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

415.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

416.    Defendants Room 110 and Room 205A executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

417.    Defendant Christine Marie Perrette executed negligence by her deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

418.    Defendants Maloney, GrubHub LLC, Grubhub Inc., Maloney, and Just East Takeaway executed negligence by her deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

419.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs executed negligence by her deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations and federal laws.

420.    As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Alison Helen Fairchild sustained injuries and damages including, without limitation, embarrassment, humiliation, anxiety, depression, a complete disruption of life, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, and mental anguish.

421.    Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 112 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

recklessness, gross negligence, willfulness, and wantonness.

422. Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

423. Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 executed negligence by their deliberate, willful, and intentional tortious actions that violated city ordinances, state law regulations, and federal laws.

424. Defendant Perrette is liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given her negligence, recklessness, gross negligence, willfulness, and wantonness.

425. Defendants Room 110 and Room 205A are both liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

426. Under the doctrine of respondeat superior, Defendants Nitin Solanki, Sobi Investments LLC, Mrs. Solanki, and Evergreen Inn are all liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their Evergreen Inn tenants, managers, owners, co-owners, guests, visitors, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

427. Under the doctrine of respondeat superior, Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their GrubHub Inc.'s employee Christine Marie Perrette's, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 113 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

aforesaid.

428.    Under the doctrine of respondeat superior, William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their William Windham, Ray Galindo, A Plus Eviction employees and attorneys, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

429.    Pursuant to California state Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort negligence.

430.    **WHEREFORE**, Plaintiffs Arogant Hollywood and Alison Helen Fairchild demands judgment against Defendants Christine Marie Perrette, Nitin Bhanubhai Solanki, Mrs. Solanki, sobi Investments LLC, Evergreen Inn, Jane Doe Room 110, Jane Doe Room 205A, Matt Mayer Maloney, GrubHub LLC, GrubHub Inc., Just Eat Takeaway.com N.V., Yun Zhang, Dave Crosby, Wyze Labs, Inc., Randy Galindo, A Plus Eviction Service, William Edward Windham, and DOES 1-10 on the seventh claim for relief of the Plaintiffs' civil rights complaint in the amount that will justly compensate both Plaintiffs for their damages,
together with costs and attorneys' fees in this action.

**EIGHTH CLAIM FOR RELIEF--- GROSS NEGLIGENCE AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CHRISTINE MARIE PERRETTE, NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS, LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, MATT MAYER MALONEY, GRUBHUB LLC, GRUBHUB LLC, JUST EAT TAKEAWAY.COM N.V., YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY**

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 114 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, & DOES 1-10.**

431.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-430.

432.    From January 25, 2019 until her illegal lockout on March 24, 2019 Plaintiff Alison Helen Fairchild lived at Defendant Nitin Solanki, Sobi Investments LLC, and Mrs. Solanki's Evergreen Inn. At that said time, Defendants Nitin Solanki, Sobi Investments LLC, and Mrs. Solanki (a) owned, operated, and managed the Evergreen Inn located at 20022 East Arrow Highway, Covina, CA 91724; (b) operated or supervised Evergreen Inn business functions and activities and/or Evergreen Inn tenants and employees; or (c) otherwise was legally responsible for the activities and business functions of the Evergreen Inn and the safety and well-being of all Evergreen Inn guests and tenants. Defendants Nitin Solanki, Sobi Investments LLC, Evergreen Inn, and Mrs. Solanki owed a duty to Plaintiff Alison Helen Fairchild to conduct Evergreen Inn business functions and activities with reasonable care.

433.    From January 25, 2019 until her illegal lockout on March 24, 20219 Plaintiff Alison Helen Fairchild resided at the Evergreen Inn. At that said time, Defendant Perrette was a tenant residing at Evergreen Inn. (a) Defendant Perrette owed a duty to all Evergreen Inn tenants to not negligently assault them with toxic pepper spray.

434.    From January 25, 2019 until her illegal lockout on March 24, 2019 Plaintiff Alison Helen Fairchild resided at the Evergreen Inn. At that said time, Defendant Perrette was a tenant residing at Evergreen Inn. (a) Defendant Perrette owed a duty to all Evergreen Inn tenants to not negligently battery them with toxic pepper spray.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 115 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

435.    In choosing to operate online restaurant ordering companies open to the public, Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees and delivery 1099 contractors.

436.    Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway operated and supervised United States, California business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. employees; AND (c) otherwise was legally responsible for the activities and business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their employees. Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway owed a duty to Plaintiff Alison Helen Fairchild to conduct GrubHub Inc.  business functions, operations, and activities with reasonable care.

437.    In choosing to operate legal and attorney services businesses that were open to the public, Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, paralegals, attorneys, clients, appearance attorneys and civil legal process servers.

438.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 operated and supervised United States, California business functions of A Plus Eviction Service and the law offices of William Edward Windham and their employees, affiliates, appearance attorneys, attorneys; AND (c) otherwise was legally responsible for the activities and business functions of the law offices of William Edward Windham and A Plus Eviction Service and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their employees, affiliates, appearance attorneys, attorneys, etc.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 116 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 owed a duty to Plaintiff Alison Helen Fairchild to conduct law offices of William Edward Windham and A Plus Eviction Service business functions, operations, and activities with reasonable care.

439.    In choosing to operate an online consumer electronics business that was open to the public, Defendants Yun Zhang, Dave Crosby, and Wyze Labs undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees, cofounders, and company executives.

440.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs operated and supervised United States, California business functions of Wyze Lab Inc., and its employees; AND (c) otherwise was legally responsible for the activities and business functions of Wyze Labs, its executives and the safety and well-being of all United States citizens, including their customers, employees, and any person that may encounter any of their Wyze Labs Inc employees. Defendants Yun Zhang, Dave Crosby, and Wyze Labs owed a duty to Plaintiff Alison Helen Fairchild to conduct Wyze Labs business functions, operations, and activities with reasonable care.

441.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally discriminated against Fairchild by allowing Evergreen Inn tenant Christine Marie to physically harm Fairchild by pepper spraying her in the face, neck, and chest area.

442.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing the attack.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 117 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

443.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by deliberately and intentionally failing to call 911 emergency number on their mobile and landline phones after witnesses Christine Perrette attack her with pepper spray.

444.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally discriminating against Fairchild by intentionally and deliberately failing to physically help her by providing her with milk, a wet towel, etc.

445.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally discriminating against Fairchild by intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing Defendant Perrette attack Fairchild with pepper spray.

446.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally discriminating against Fairchild by failing to legally act against Christine Perrette on or about March 14, 20219 while knowing that Arogant Hollywood had a disabled lady who Perrette's first attack on put the safety of Fairchild in jeopardy.

447.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by intentionally discriminating against Fairchild by conspiring with Christine Marie Perrette and other Evergreen Inn tenants to physically harm Fairchild with the goal of ending her life or hospitalizing her.

448.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by failing to apply for a workplace violence temporary restraining order against Christine Perrette after her second attack on an Evergreen Inn tenant in less than ten calendar days.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 118 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

449.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

450.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by deliberately and intentionally failing to tell law enforcement that they had just witnessed Christine Marie Perrette pepper spray their tenant Alison Helen Fairchild in an unprovoked physical attack.

451.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they eye witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and send her to the hospital physically injured.

452.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by denying and blocking her access to her physical health and life essential medications.

453.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by not taking legal action against Christine Perrette after she was criminal charged for violently pepper spraying Arogant Hollywood on March 15, 2019, which led to Christine Perrette having the opportunity to violently pepper spray ADA protected Alison Helen Fairchild on March 24, 2019. Defendant Perrette would not have had this opportunity if Defendants Solanki, Mrs. Solanki, Sobi and Evergreen had of proper legally acted against Christine Perrette on or shortly after March 14, 2019.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 119 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

454.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn were grossly negligent by their actions on March 24, 2019 only, and the actions of Evergreen Inn employees, tenants, guests, and visitors causing intentional infliction of emotional distress upon a disabled and physically fragile Alison Helen Fairchild also on March 24, 2019.

455.    Defendants GrubHub LLC, GrubHub Inc., Maloney and Just Takeaway were grossly negligent by intentionally discriminating against Fairchild by ignoring Fairchild and Hollywood's email sent in March 2019.

456.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway were grossly negligent by failing to act against employee Christine Marie Perrette after they were informed of their employees' misconduct and behavior.

457.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway were grossly negligent by intentionally discriminating against Fairchild by failing to act against Christine Marie Perrette prior to her attack on the disabled Fairchild on March 24, 2019.

458.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway were grossly negligent by their actions, and the actions of Grubhub Inc. employee Christine Marie Perrette's pepper spray attack causing intentional infliction of emotional distress and physical pain and suffering upon a disabled and physically fragile Alison Helen Fairchild.

459.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway were grossly negligent by intentionally discriminated against Fairchild by their GrubHub employee Christine Marie Perrette violently pepper spraying the face and body of Fairchild on March 24, 2019.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 120 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

460.   Defendant Perrette was grossly negligent by violently pepper spraying Plaintiff Fairchild on March 24, 2019. The attack caused emotional distress and physical pain and suffering to Fairchild, and afterwards she was constantly in fear of her life and personal safety.

461.   Defendants Room 110 and Room 205A were grossly negligent by intentionally discriminating against Fairchild by watching her get attacked and then laughing about it.

462.   Defendants Room 110 and Room 205A were grossly negligent by intentionally discriminating against Fairchild by instigating the attack on Fairchild.

463.   Defendants Room 110 and Room 205A were grossly negligent by intentionally discriminating against Fairchild by indirectly participating to the violent attack on Fairchild.

464.   Defendants Room 110 and Room 205A were grossly negligent by intentionally discriminating against Fairchild by conspiring with Christine Marie Perrette to physically harm Fairchild.

465.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were grossly negligent by intentionally discriminating against Fairchild by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

466.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were grossly negligent by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

467.   Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 121 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

were grossly negligent by intentionally discriminating against Fairchild by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

468.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were grossly negligent by interfered with the ADA rights of Fairchild by lying in an ex-parte application hearing in which the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

469.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were grossly negligent by interfering with the ADA rights of Fairchild by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

470.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were grossly negligent by interfering with the ADA rights of Fairchild by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

471.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 were grossly negligent by intentionally discriminating against Fairchild by ignoring her email sent to them in March 2019.

472.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 were grossly negligent by intentionally discriminating against Fairchild by ignoring her email sent to

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 122 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

them in September 2020.

473.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs violated U.S.C. § 12203 were grossly negligent by intentionally discriminating against Fairchild by deliberately failing to save the Wyze cloud video footage of Defendant Nitin Solanki and his maintenance employee Michael breaking into the apartment of Alison Helen Fairchild on March 24, 2019.

474.    All Defendants were grossly negligent by causing Plaintiff Alison Helen Fairchild emotional distress, anxiety, and physical pain and suffering based upon all facts and allegations made from paragraphs 432-474.

475.    Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

476.    Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway's are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

477.    Defendants Room 110, Room 205A, and Christine Marie Perrette are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

478.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 123 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

479.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

480.    Under the doctrine of respondeat superior, Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their Evergreen Inn's tenants, guests, employees, and visitors', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

481.    Under the doctrine of respondeat superior, Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway's are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

482.    Under the doctrine of respondeat superior, Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

483.    Under the doctrine of respondeat superior, Defendants Yun Zhang, Dave Crosby, and Wyze Labs are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

484.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 124 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

negligence.

485.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, GrubHub Inc. GrubHub LLC, Just Eat Takeaway.com N.V., Matt Mayer Maloney, Yun Zhang, Dave Crosby, Wyze Labs Inc., William Windham, Ray Galindo, A Plus Eviction and DOES 1-10   and DOES 1-10 on the eighth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**NINTH CLAIM FOR RELIEF---NEGLIGENCE PER SE AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS CHRISTINE MARIE PERRETTE, NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS, LLC, EVERGREEN INN, JANE DOE ROOM 110, JANE DOE ROOM 205A, MATT MAYER MALONEY, GRUBHUB LLC, GRUBHUB LLC, JUST EAT TAKEAWAY.COM N.V., YUN ZHANG, DAVE CROSBY, WYZE LABS, INC, RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, & DOES 1-10.**

486.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-485.

487.    'The negligence per se doctrine is codified in Evidence Code section 669, subdivision (a), under which negligence is presumed if the plaintiff establishes four elements: (1) the defendant violated a statute, ordinance, or regulation; (2) the violation proximately caused death or injury to person or property; (3) the death or injury resulted from an occurrence the nature of which the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 125 of 210         *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

statute, ordinance, or regulation was adopted.' 'The burden is on the proponent of a negligence per se instruction to demonstrate that these elements are met.' " (*Taulbee v. EJ Distribution Corp.* (2019) 35 Cal.App.5th 590, 596 [247 Cal.Rptr.3d 538], internal citations omitted.)

488.    As alleged herein, between January 23, 2019 and March 24, 2019 and until the very present-day Plaintiff Fairchild was residing at Defendants Nitin Solanki, Mrs. Solanki, and Sobi Investments LLC's Evergreen Inn. At that time Defendants were operating a residential hotel where Plaintiff Fairchild was intentionally discriminated at by Evergreen Inn owners allowing tenants to violent pepper spray Plaintiff, by failing to call 991 to help Plaintiff after she was physically injured, by failing to apply for a workplace violent restraining order against Christine Perrette, among too many other intentional discrimination acts to list herein but state therefor throughout this civil rights complaint.

489.    Defendants Nitin Solanki, Mrs. Solanki, and Sobi Investments LLC's negligent operation of Evergreen Inn, without otherwise adhering to the requirements of the law, constituted violations of 42 U.S.C. §§ 12203, 1985, California Civil Code § 51.7, and California Civil Code § 52.1.

490.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway's gross negligence of their employee violently pepper spraying Alison Helen Fairchild on March 24, 2019 was negligent per se because Christine Marie Perrette's criminal conduct was in direct violation of California Penal Code § 22810 (g) (1).

491.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway's gross negligence of their employee violently pepper spraying Alison Helen Fairchild on March 24, 2019 was negligent per se because Christine Marie Perrette's criminal conduct was in direct violation of California Penal Code § 242.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery

−Page 126 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

492.    Defendants Room 110, Room 205, and Christine Perrette's deliberate and intentional interference with the protected rights of Fairchild were negligence per se because their actions were in direct violation of 42. U.S.C. §§ 12203, 1985, and Title III of the American Disabilities Act of 1990.

493.    Defendants Christine Marie Perrette's gross negligence of pepper spraying Alison Helen Fairchild on March 24, 2019 was negligent per se because Christine Marie Perrette's criminal conduct was in direct violation of California Penal Code § 22810 (g) (1).

494.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 deliberate and intentional interference with the protected rights of Fairchild were negligence per because their actions were in direct violation of 42. U.S.C. §§ 12203, 1985, and Title III of the American Disabilities Act of 1990.

495.    Defendants Yun Zhang, Dave Crosby, Wyze Labs and DOES 1-10's deliberate and intentional interference with the protected rights of Fairchild were negligence per because their actions were in direct violation of 42. U.S.C. §§ 12203, 1985, and Title III of the American Disabilities Act of 1990.

496.    Defendants Yun Zhang, Dave Crosby, Wyze Labs and DOES 1-10's deliberate and intentional discrimination of Fairchild was negligence per because their actions were in direct violation of 42. U.S.C. §§ 12203, 1985, and Title III of the American Disabilities Act of 1990.

497.    The injuries suffered by Plaintiff Fairchild at the hands of Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC's in this case was an occurrence of which the state statutes, federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 127 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

protect.

498.    The injuries suffered by Plaintiff Fairchild at the hands of Defendants Room 110, Room 205A, and Christine Perrette in this case were an occurrence of which the state statutes, federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to protect.

499.    The injuries suffered by Plaintiff Fairchild at the hands of Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway's in this case were an occurrence of which the state statutes, federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to protect.

500.    The injuries suffered by Plaintiff Fairchild at the hands of Defendants Yun Zhang, Dave Crosby, and Wyze Labs in this case were an occurrence of which the state statutes, federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to protect.

501.    The injuries suffered by Plaintiff Fairchild at the hands of Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 in this case were an occurrence of which the state statutes, federal statutes, and state regulations were designed to prevent, and Plaintiff Fairchild is within the class of persons whom such statutes and regulations are intended to protect.

502.    As a direct and proximate result of Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC's negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 128 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

503.   As a direct and proximate result of Defendants Room 110, Room 205A and Christine Perrette negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

504.   As a direct and proximate result of Defendants GrubHub Inc., Maloney, GrubHub LLC, and Just Eat Takeaway's negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

505.   As a direct and proximate result of Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

506.   As a direct and proximate result of Defendants Yun Zhang, Dave Crosby, and Wyze Labs and DOES 1-10 negligence per se, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

507.   As alleged herein, Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC's, in an amount according to proof.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 129 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

508.    As alleged herein, Defendants Room 110, Room 205A, and Christine Perrette were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants Room 110, Room 205A, and Christine Perrette, in an amount according to proof.

509.    As alleged herein, Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants GrubHub Inc., Maloney, GrubHub LLC, and Just Eat Takeaway, in an amount according to proof.

510.    As alleged herein, Defendants Yun Zhang, Dave Crosby, and Wyze Labs were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants Yun Zhang, Dave Crosby, and Wyze Labs, in an amount according to proof.

511.    As alleged herein, Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants Yun Zhang, Dave Crosby, and Wyze Labs, in an amount according to proof.

512.    Under the doctrine of respondeat superior, Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, and Evergreen Inn are liable to Plaintiff Alison Helen Fairchild for actual and

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 130 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

punitive damages given their Evergreen Inn's tenants, guests, employees, and visitors', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

513.    Under the doctrine of respondeat superior, Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

514.    Under the doctrine of respondeat superior, Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees' and attorneys, and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

515.    Under the doctrine of respondeat superior, Defendants Yun Zhang, Dave Crosby, and Wyze Labs are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

516.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort negligence.

517.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, Sobi Investments LLC, Room 110, Room 205A, Michael Doe, Christine Perrette, GrubHub Inc. GrubHub LLC, Matt Mayer Maloney, Just Eat Takeaway, Yun Zhang, Dave Crosby, Wyze Labs, Inc., Randy Galindo, A Plus Eviction

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 131 of 210                    *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Service, William Edward Windham, and DOES 1-10 on the ninth claim for relief of the Plaintiff Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**TENTH CLAIM FOR RELIEF---NEGLIGENCE SUPERVISION and/or RETENTION--ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS GRUBHUB LLC, GRUBHUB INC., MATT MAYER MALONEY, JUST TAKEAWAY.COM N.V., & DOES 1-10.**

518.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-517.

519.    At all relevant times, all the above stated Christine Marie Perrette was employed by Defendants Maloney, GrubHub LLC, GrubHub Inc., Just Takeaway, and were fully involved with the interest of having Plaintiff Alison Helen Fairchild discriminated against, injured, and pepper sprayed in the face.

520.    In choosing to operate online restaurant ordering companies open to the public, Defendants Maloney, GrubHub LLC, GrubHub Inc., and Just Takeaway undertook the duty to exercise reasonable care to operate and maintain the safety of the public who used their services and encountered their employees and delivery 1099 contractors.

521.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway operated and supervised United States, California business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. employees; and (c) otherwise was legally responsible for the activities and business functions of GrubHub LLC, GrubHub Inc., and Just Takeaway.com N.V. and the safety and well-being of all United States citizens, including their customers, employees, and

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 132 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

any person that may encounter any of their employees. Defendants GrubHub LLC, GrubHub Inc., and Just Takeaway owed a duty to Plaintiff Alison Helen Fairchild to conduct GrubHub Inc.  business functions, operations, and activities with reasonable care.

522.    California case law recognizes the theory that an employer can be liable to a third person for negligently hiring, supervising, or retaining an unfit employee. See *Doe v. Capital Cities* (1996) 50 Cal. App.4th 1038, 1054 [58 Cal. Rptr. 2d 122].

523.    Liability for negligent hiring and supervision is based upon the reasoning that if an enterprise hires individuals with characteristics which might pose a danger to customers or other employees, the enterprise should bear the loss caused by the wrongdoing of its incompetent or unfit employees. The tort has developed in California in factual settings where the plaintiff's injury occurred in the workplace, or the contact between the plaintiff and the employee was generated by the employment relationship. See *Mendoza v. City of Los Angeles* (1998) 66 Cal. App. 4th 1333, 1339-1340 [78 Cal. Rptr. 2d 525].

524.    If an employee acts under the direction of his or her employer, the employer participates in the act, and the employer's liability is based on the employer's own fault, rather than on respondeat superior or vicarious liability. See *Jensen v. Southern Pac. Co.* (1954) 129 Cal. App. 2d 67, 70, 276 P.2d 703.

525.    Greater damages against employer than against the supervisory employees could be made when evidence supports a finding that the employer participated in the discriminatory conduct through the ratification of its employee's conduct. See *Roberts v. Ford Areospace & Commc'ns Corp.* (1990) 224 Ca. App. 3d 793, 800-802.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 133 of 210                    *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

526.   Where an employer ratifies his or her employee's negligent or intentional tort, the employer is subject to direct liability. By ratifying the employee's tortious conduct, the employer makes the conduct his or her own. See *Jameson v. Gavett* (1937) 22 Cal. App. 2d 646, 651-652, 71 P.2d 937.

527.   The doctrine of respondeat superior provides that the employer, as the employee's master, is called to answer for the tortious acts of his servant, the employee, when those acts occur in the course and scope of the employee's employment. Such liability is not predicated on the negligence of the employer, but upon the acts of the employee, whether those acts occurred while the employee was going about the employer's business, and the agency principles that characterize the employer-employee relationship.

528.    Each Defendant named in this cause of action and claim for relief had the authority to supervise, prohibit, control, and/or regulate the other Defendants to prevent these acts and omissions from occurring, ie. Michael Doe and Christine Marie Perrette.

529.   Plaintiff Alison Helen Fairchild avers that Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway were negligent, reckless, grossly negligent, willful, and wanton, and malicious, and breached their duty with respect to Plaintiff Alison Helen Fairchild by:

    a.  Failing to exercise due care under the circumstances.

    b.  Failing to sufficiently monitor Plaintiff's interaction with GrubHub Inc employee Christine Perrette.

    c.  Failing to professionally train GrubHub Inc. staff to ensure the safety of Plaintiff Alison Helen Fairchild.

    d.  Failing to institute and/or enforce adequate policy and procedure to protect Alison Helen Fairchild from abuse by GrubHub Inc. employees, and all other JOHN DOE and/or JANE DOE Defendants.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 134 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

e.  Failing to act against employee Christine Perrette after executives were warned to do and warned of the misconduct of Defendant Perrette.

f.  Condoning all wrongful acts alleged throughout this complaint done by employees of GrubHub Inc.

g.  Negligently hiring Christine Perrette as based upon the allegations made herein Defendant Perrette was very unfit, mentally unstable, emotionally insecure, and had many other issues of competency to carry out a job description of being a GrubHub Inc. delivery driver.

h.  Any other particulars which may be shown at trial.

530.    Plaintiff Alison Helen Fairchild avers that that Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway knew or reasonably should have known that unless they intervened to protect Plaintiff Fairchild, and properly supervise, prohibit, control and/or regulate the conduct of the other Defendants, those Defendants would perceive their acts and omissions as being ratified and condoned.

531.    Plaintiff Alison Helen Fairchild aver that Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway failed to exercise due care by failing to supervise, prohibit, control, or regulate the remaining Defendants and/or by failing to protect Plaintiff Alison Helen Fairchild. As a direct and proximate result of the negligence, recklessness, gross negligence, willfulness, and wantonness as aforesaid, Plaintiff Alison Helen Fairchild suffered and continues to suffer injuries and damages including, without limitations, embarrassment, humiliation, physical pain and suffering, emotional pain and suffering, inconvenience, frustration, mental anguish, and attorney's fees, all in the amount to be determined at trial.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 135 of 210                    *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

532.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway failed to exercise due care by failing to supervise, prohibit control, or regulate the remaining Defendants, i.e., Christine Perrette, and/or by failing to protect Alison Helen Fairchild.

533.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway failed to exercise due care by hiring an unfit employee that violently pepper sprayed Fairchild because she is mentally unstable. As the allegations of the complaint state about Perrette screaming and throwing legal documents at Fairchild's apartment door. This was behavior of an unfit employee, and Defendants are grossly negligent for hiring Christine Marie Perrette in the first place.

534.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway failure to supervise GrubHub Inc. employee Christine Perrette led to the physical and emotional injuries Fairchild suffered after Defendant Perrette violently pepper sprayed Fairchild on March 24, 2019.

535.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their negligence, recklessness, gross negligence, willfulness, and wantonness.

536.    Under the doctrine of respondeat superior, Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway's are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their employees', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 136 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

537.   Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort negligence supervision/retention.

538.   **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants GrubHub Inc. GrubHub LLC, Maloney, and Just Eat Takeaway on the tenth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**ELEVENTH CLAIM FOR RELIEF---NEGLIGENT INTENTIONAL INFLICTION OF EMOTION DISTRESS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANTS NITIN BHANUBHAI SOLANKI, MRS. SOLANKI, SOBI INVESTMENTS LLC, EVERGREEN INN, GRUBHUB LLC, GRUBHUB INC., JUST TAKEAWAY.COM N.V., MATT MALONEY, YUN ZHANG, DAVE CROSBY, WYZE LABS, INC., RANDY GALINDO, A PLUS EVICTION SERVICE, WILLIAM EDWARD WINDHAM, & DOES 1-10**

539.   Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-538.

540.   Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct, including, but not limited to, discriminating against Plaintiff Alison Helen Fairchild, and failing to take action against Christine Perrette which led to her violent attack on Plaintiff.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 137 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

541.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by allowing Evergreen Inn tenant Christine Marie Perrette to physically harm Fairchild by pepper spraying her in the face, neck, and chest area.

542.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by deliberately and intentionally failing to call 911 emergency number on their mobile and landline phones after witnesses Christine Perrette attack her with pepper spray.

543.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by intentionally and deliberately failing to personally inquire regarding her physical well-being after witnessing the attack.

544.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by intentionally discriminated against Fairchild by intentionally and deliberately failing to physically help her by providing her with milk, a wet towel, etc.

545.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by intentionally discriminated against Fairchild by failing to legally act against Christine Perrette on or about March 14, 20219 while knowing that Arogant Hollywood had a disabled lady who Perrette's first attack put the safety of Fairchild in jeopardy.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 138 of 210        ALISON HELEN FAIRCHILD, v. wyze labs, inc.

546.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by conspiring with Christine Marie Perrette and other Evergreen Inn tenants to physically harm Fairchild with the goal of ending her life or hospitalizing her.

547.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by failing to apply for a workplace violence temporary restraining order against Christine Perrette after her second attack on an Evergreen Inn tenant in less than ten calendar days

548.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by intentionally discriminated against Fairchild by indirectly participating in the physical pepper spray attack upon her on March 24, 2019.

549.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by deliberately and intentionally failing to tell law enforcement that they had just witnessed Christine Marie Perrette pepper spray their tenant Alison Helen Fairchild in an unprovoked physical attack.

550.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by their interference with the ADA rights of an ambulatory Alison Helen Fairchild by physically changing the locks on the apartment of Plaintiff Fairchild just approximately two hours after they witnessed Evergreen Inn tenant Christine Marie Perrette violently pepper spray Fairchild and sent her to the hospital physically injured.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 139 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

551.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC committed acts that constituted extreme and outrageous conduct by intentionally discriminated against Fairchild by denying and blocking her access to her physical health and life essential medications.

552.    Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway committed acts that constituted extreme and outrageous conduct by intentionally discriminating against Fairchild by ignoring Fairchild and Hollywood's email sent in March 2019

553.    Defendants GrubHub LLC, Maloney, GrubHub Inc., and Just Takeaway committed acts that constituted extreme and outrageous conduct by intentionally discriminated against Fairchild by failing to act against Christine Marie Perrette prior to her attack on the disabled Fairchild on March 24, 2019.

554.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs committed acts that constituted extreme and outrageous conduct by intentionally discriminating against Fairchild by ignoring her email sent to them in March 2019.

555.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs committed acts that constituted extreme and outrageous conduct by intentionally discriminating against Fairchild by ignoring her email sent to them in September 2020.

556.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs committed acts that constituted extreme and outrageous conduct by deliberately failing to save the Wyze cloud video footage of Defendant Nitin Solanki and his maintenance employee Michael breaking into the apartment of Alison Helen Fairchild on March 24, 2019.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 140 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

557.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

558.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

559.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

560.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

561.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 141 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

562.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 committed acts that constituted extreme and outrageous conduct by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

563.    Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC were the only cause of Plaintiff Fairchild's severe emotional distress.

564.    Defendants GrubHub LLC, Maloney, GrubHub Inc., and Just Takeaway's employees were the only cause of Plaintiff Fairchild's severe emotional distress.

565.    Defendants Yun Zhang, Dave Crosby, and Wyze Labs were the only cause of Plaintiff Fairchild's severe emotional distress.

566.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 were the only cause of Plaintiff Fairchild's severe emotional distress.

567.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC. Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, loss of her real property, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery

−Page 142 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

568.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants GrubHub LLC, Maloney, GrubHub Inc., and Just Takeaway. Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

569.    As a direct, foreseeable, and proximate result of said wrongful acts by William Windham, Ray Galindo, A Plus Eviction and DOES 1-10. Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

570.    As a direct, foreseeable, and proximate result of said wrongful acts by Defendants Yun Zhang, Dave Crosby, and Wyze Labs. Plaintiff Alison Helen Fairchild suffered, and will continue to suffer humiliation, shame, despair, embarrassment, depression, anxiety, physical pain and suffering, tightness in her chest, heart palpitations, panic attacks, a complete disruption of her life, insomnia emotional pain and suffering, and mental pain and anguish, all to Plaintiff Fairchild's damages in an amount to be proven at the time of trial.

571.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, and Sobi Investments LLC, Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 143 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

572.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway, Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

573.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants Yun Zhang, Dave Crosby, and Wyze Labs., Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

574.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10. Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

575.    The conduct of Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, Sobi Investments LLC and their employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Fairchild's civil rights, and done by managerial employees of Evergreen Inn and maintenance employee Michael Doe. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants Nitin Solanki, Mrs. Solanki, Evergreen Inn, Sobi Investments LLC in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

576.    The conduct of Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway and their employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Fairchild's civil rights, and done by managerial employees of GrubHub LLC, GrubHub Inc., and Just Takeaway, specifically

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 144 of 210              *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

employee Christine Marie Perrette. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants GrubHub LLC, GrubHub Inc., Maloney, and Just Takeaway in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

577.    The conduct of Defendants Yun Zhang, Dave Crosby, and Wyze Labs and their employed agents and employees as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Fairchild's civil rights, and done by managerial employees of Yun Zhang, Dave Crosby, and Wyze Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants Yun Zhang, Dave Crosby, and Wyze Labs in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

578.    The conduct of Defendants a William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 and their employed agents and attorneys as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Fairchild's civil rights, and done by managerial employees of William Windham, Ray Galindo, A Plus Eviction and DOES 1-10. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

579.    All Defendants' harmful acts alleged in paragraphs 1-578. were all the only cause of Alison Helen Fairchild's severe emotional distress.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 145 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

580.    Under the doctrine of respondeat superior, all Defendants are liable to Plaintiff Alison Helen Fairchild for actual and punitive damages given their Evergreen Inn's tenants, guests, employees, attorneys, executives, and visitors', and possibly others', infliction of damages upon Plaintiff Alison Helen Fairchild as aforesaid.

581.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional acts of the California Tort negligence supervision/retention.

582.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants Nitin Solanki, Mrs. Solanki, Sobi Investments LLC, Evergreen Inn, GrubHub Inc. GrubHub LLC, Matt Mayer Maloney, Just Eat Takeaway.com N.V., Ray Galindo, A Plus Eviction Service, William Edward Windham, Yun Zhang, Dave Crosby, Wyze Labs, Inc., and DOES 1-10, on the eleventh claim for relief of the Plaintiff Fairchild's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.


**TWELFTH CLAIM FOR RELIEF---BATTERY ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANT CHRISTINE MARIE PERRETTE**

583.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-582.

584.    The essential elements of a cause of action for battery are: (1) defendant touched plaintiff , or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 146 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

reasonable person in plaintiff's position would have been offended by the touching." See *So v. Shin* (2013) 212 Cal. App. 4th 652, 669 [151 Cal.Rptr.3d 257]

585.   Defendant Perrette touched Plaintiff Fairchild by spraying toxic mace and/or pepper spray in her face, chest, and body area.

586.   Defendant Perrette caused the toxic pepper spray to touch Plaintiff Fairchild's face, chest, and body area.

587.   Defendant Perrette caused the toxic pepper spray to touch Plaintiff Fairchild's face, chest, and body area with the intent to physically harm Fairchild.

588.   Defendant Perrette caused the toxic pepper spray to touch Plaintiff Fairchild's face, chest, and body area with the intent to physically offend Fairchild.

589.   Plaintiff Fairchild never consented to Defendant Perrette pepper spraying her face, chest, and body.

590.   Plaintiff Fairchild was physically harmed by the unlawful physically battery that was done by Perrette intentionally touching her face, chest, and body by spraying toxic pepper spray onto Plaintiff's face, body, and chest.

591.   Plaintiff Fairchild was physically offended by the unlawful physically battery that was done by Perrette intentionally touching her face, chest, and body by spraying toxic pepper spray onto Plaintiff's face, body, and chest.

592.    Any reasonable person in Plaintiff Fairchild's situation would have been offended by being touched in the face with toxic mace and/or pepper spray.

593.    As a direct and proximate result of Defendant Christine Marie Perrette's physical battery, Plaintiff Fairchild has suffered physical pain and suffering, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

594.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant Christine Marie Perrette Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

595.    As alleged herein, Defendant Christine Marie Perrette was guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants, in an amount according to proof.

596.    The conduct of Defendant Christine Marie Perrette as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendant Perrette, in an amount appropriate to punish and make an example of Defendant, and in an amount to conform to proof.

597.    Pursuant to California state Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendant Perrette's intentional acts of the California Tort battery.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
–Page 148 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

598.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant Christine Marie Perrette and DOES 1-10, on the twelfth claim for relief of the Plaintiff Fairchild's complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**THIRTEENTH CLAIM FOR RELIEF---ASSAULT-- ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD AS AGAINST DEFENDANT CHRISTINE MARIE PERRETTE ONLY**

599.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-598.

600.    The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed she was about to be touched in a harmful or offensive manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's harm. See *So v. Shin* (2013) 212 Cal. App. 4th 652, 669 [151 Cal.Rptr.3d 257]

601.    Defendant Perrette assaulted Fairchild by point a can of toxic pepper and/or mace at her face, chest, and body.

602.    Defendant Perrette pointed the toxic pepper spray at the face, chest, and body area of Plaintiff Fairchild with the intent to physically harm Plaintiff.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 149 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

603.    After Defendant Perrette pointed the toxic pepper spray and/or mace can at the face of Fairchild Plaintiff reasonably believed that she was about to be assaulted with the pepper spray.

604.    Plaintiff Fairchild never consented to Defendant Christine Marie Perrette pointing toxic pepper spray and/or mace at her face, chest, and body.

605.    Defendant's criminal and evil conduct of assault Fairchild with toxic pepper spray and/or mace was the substantial factor in causing Plaintiff to be physically harmed and physically injured.

606.    As a direct and proximate result of Defendant Christine Marie Perrette's assault, Plaintiff Fairchild has suffered physical pain and suffering, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

607.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendant Christine Marie Perrette Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

608.    As alleged herein, Defendant Christine Marie Perrette was guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants, in an amount according to proof.

609.    The conduct of Defendant Christine Marie Perrette as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendant Perrette, in an amount appropriate to punish and make an example of

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 150 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

Defendant, and in an amount to conform to proof.

610.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendant Perrette's intentional acts of the California Tort assault.

611.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendant Christine Marie Perrette on the thirteenth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**FOURTEENTH CLAIM FOR RELIEF**

**42 U.S.C. § 1983**

**Fourteenth Amendment—Denial of Equal Protections of Laws**

**(Against Defendants William Edward Windham, Ray Galindo, A Plus Eviction Service, JANE DOE Court Clerk 1-2, John Doe Court Clerk & (DOES 1-10)**

612.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-611.

613.    The United States Constitution Amendment XIV, Section 1 provides:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges and immunities of citizens of the United States, nor shall any state deprive any person of life, liberty, or property, without due process of law, nor deny any person within jurisdiction the equal protection of the laws.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 151 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

614.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

615.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

616.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

617.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

618.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 152 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

619.    Defendants Jane Doe Court Clerk 1-2, and John Doe Court Clerk violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by voluntarily dismissing Evergreen Inn's unlawful detainer complaint after Hollywood told the West Covina Superior Court civil clerk's office not to do so.

620.    Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10 violated Plaintiff Alison Helen Fairchild's 14th Amendment rights by voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

621.    As a direct and proximate result of Defendants William Windham, Ray Galindo, A Plus Eviction, Jane Doe Court Clerk 1-2, John Doe Court Clerk, and DOES 1-10 violation of Alison Helen Fairchild's 14th Amendment constitutional rights, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

622.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants William Windham, Ray Galindo, Jane Doe Court Clerk 1-2, John Doe Court Clerk, A Plus Eviction, and DOES 1-10, Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

623.    As alleged herein, Defendants William Windham, Jane Doe Court Clerk 1-2, John Doe Court Clerk, Ray Galindo, A Plus Eviction, and DOES 1-10 were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants William Windham, Ray Galindo, A Plus Eviction and DOES 1-10, in an amount

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 153 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

according to proof.

624.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of Fairchild's 14th Amendment rights.

625.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, Jane Doe Court Clerk 1-2, John Doe Court Clerk, A Plus Eviction Service, Ray Galindo, and DOES 1-10 on the fourteenth for relief of the Plaintiff Fairchild's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

**FIFTEENTH CLAIM FOR RELIEF---VIOLATION OF 42 U.S.C. § 1983 (Under the Color of State Law)—AS ALLEGED BY PLAINTIFF ALISON HELEN FAIRCHILD---AS AGAINST DEFENDANTS WILLIAM EDWARD WINDHAM, A PLUS EVICTION SERVICE, RAY GALINDO, & DOES 1-10**

626.    Plaintiff Alison Helen Fairchild re-allege and incorporate by reference paragraphs 1-625.

627.    The Reconstruction Civil Rights Acts, enacted during the 1800s and 1870s, provide the right to bring an action in federal court for violations of federal civil rights by state or local officials, by private persons acting in concert with the state, or, in more limited situations, by private parties acting alone. The most important of these statutes is Section 1983. Section 1983 creates no substantive rights. Rather, it creates a vehicle for enforcing existing federal rights.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 154 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

628.    A deprivation of Alison Helen Fairchild's federal rights by private citizens and private business entities Ray Galindo, A Plus Eviction Service, William Edward Windham constituted state action because the government had (1) participated in joint activity to a degree that the actions of Defendants could be attributed to the actions of the Los Angeles Superior Court, and the County of Los Angeles Superior Court clerks assisting and (3) the local government Los Angeles County compelled Defendants' attorneys, clients, paralegals and others to act a certain way.

629.    The joint activity by private individuals and business entities Ray Galindo, A Plus Eviction Service, William Edward Windham, and government agency the Los Angeles County Superior Court, transformed all private Defendants into state actors.

630.    Defendants Ray Galindo, A Plus Eviction Service, William Edward Windham, and others established a conspiracy against Plaintiff Alison Helen Fairchild by reaching an understanding to deny Alison Helen Fairchild her constitutional civil rights. This understanding was done and conspired by Defendants lying in an ex-parte application hearing that the outcome of motion denial caused Fairchild to not be able to gain access to her apartment again.

631.    Defendants Ray Galindo, A Plus Eviction Service, William Edward Windham, and others established a conspiracy against Plaintiff Alison Helen Fairchild by reaching an understanding to deny Alison Helen Fairchild her constitutional civil rights. This understanding was done and conspired by Defendants conspiring to interfere with Fairchild's 14th amendment rights to not be denied real property without due process of law.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 155 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

632.    Defendants Ray Galindo, A Plus Eviction Service, William Edward Windham, and others established a conspiracy against Plaintiff Alison Helen Fairchild by reaching an understanding to deny Alison Helen Fairchild her constitutional civil rights. This understanding was done and conspired by Defendants voluntarily dismissing Evergreen Inn's frivolous unlawful detainer after learning that Hollywood had properly served his ex-parte application to ask the judge to let him and Fairchild back into an apartment, they had been tenants of for sixty days.

633.    Defendant William Edward Windham, and others established a conspiracy against Plaintiff Alison Helen Fairchild by reaching an understanding to deny Alison Helen Fairchild her constitutional civil rights. This understanding was done and conspired by Defendant Windham hanging up the phone in the face of Fairchild's fiancé Arogant Hollywood so that he could tell the court that he did not receive ex-parte notice.

634.    Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo and DOES 1-10's goal and objective was to force Fairchild out of her apartment without due process in a court of law pursuant to federal and state law real property rights.

635.    Plaintiff Alison Helen Fairchild hereby allege a conspiracy to violate her constitutional civil rights because an agreement was made between Defendants and local government officials.

636.    Defendants and government officials were actors in conspiracy, and all actors were all in a mutual agreement that they would block the pathway of Plaintiff Fairchild regaining possession of her apartment located at 20022 E. Arrow Highway, Covina, California, 91724 after March 24, 2019.

637.    Defendants and government officials were all in agreement that they would wrongfully evict Plaintiff Alison Helen Fairchild without due process of law.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 156 of 210             ALISON HELEN FAIRCHILD, v. wyze labs, inc.

638.   Therefore, the involvement of Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 with a planned, conspired, and executed abuse of process and malicious prosecution of Plaintiff Fairchild, and with the cooperation of the Los Angeles County Superior Court, demonstrated a mutual agreement, and a meeting of minds to violate Alison Helen Fairchild's constitutional rights, and all of these actions and plans of Defendants constituted a federal rights violation conspiracy under 42 U.S.C. § 1983.

639.   Private Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 violated the constitutional rights of Plaintiff Alison Helen Fairchild by meeting and conferring with the County of Los Angeles court clerk's concerning and regarding the unconstitutional voluntary dismissal, with led to the court essential evicting Fairchild without due process of law after her only pathway was blocked. In doing so, Defendants William Edward Windham, Ray Galindo, A Plus Eviction Service, and DOES 1-10 acted under the color of state law and violated 42 U.S.C. § 1983.

640.   Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 violated the constitutional rights of Plaintiff Alison Helen Fairchild by encouraging the County of Los Angeles Superior Court to assist with a voluntarily dismissal after the West Covina Superior court clerk's office was told that a judicial officer said that Evergreen Inn could not lock Hollywood and Fairchild out of their home. This was done to remove Fairchild from her apartment without due process of law and was done with conspired judicial state court approval from the West Covina Superior Court.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 157 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

641.    Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 violated the constitutional rights of Plaintiff Alison Helen Fairchild by collaborating and acting in concert with the Los Angeles County Superior Court, which was all part of a conspiracy to falsely have Plaintiff Fairchild wrongfully evicted from a residence she and her fiancé Arogant Hollywood were peacefully in possession of at the time of Defendants' planned, conspired and then executed forceful entry and detainer on March 24, 2019, and for which the residence Plaintiff Fairchild had occupied peacefully since or after January 25, 2019.

642.    Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 acted under the color of state law by denying Plaintiff Fairchild her constitutional 14th Amendment rights to not be denied "real property" without due process of law as Defendants planned, conspired and then voluntarily dismissed their frivolous unlawful detainer action for the sole purpose of blocking a judicial officer from hearing Hollywood's ex-parte application to restore possession of said premises.

643.    Plaintiff Fairchild has proven a prima facie case for all private Defendants' joint participation with the Los Angeles County West Covina Superior Court to deny her real property without due process of law.

644.    Defendants have proven that they have a long history of collaborating and working in concert with the Los Angeles County Superior courts to evict California tenant without due process of law by filing frivolous unlawful detainer related court documents that are accepted by the West Covina Superior Court no matter how fraudulent and frivolous that they are. Thus, Defendants' conduct and behavior implies joint participation with the Los Angeles County Superior courts, and a long history of being in concert with local government employees.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 158 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

645.    As a direct and proximate result of Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10's violation of Alison Helen Fairchild's 14th Amendment constitutional rights, Plaintiff Fairchild has suffered numerous violations to her constitutional civil rights, and she is therefore hereby entitled to recover compensatory damages in an amount according to proof.

646.    As a further direct, foreseeable, and proximate result of said wrongful acts by Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10's, Plaintiff Fairchild has incurred attorney's fees in an amount to be determined, for which Plaintiff claims a sum to be established according to proof.

647.    As alleged herein, Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10's were guilty of oppression, fraud, and/or malice as defined in Cal Civ Code § 3294, and Plaintiff Fairchild should recover, in addition to actual damages, exemplary and punitive damages to make example of and to punish Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10's, in an amount according to proof.

648.    The conduct of Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10 as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10's, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 159 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

649.    Pursuant to California state law Plaintiff Alison Helen Fairchild hereby prays for and demands that the court award her compensatory damages, special damages, and general damages for all of the above stated Defendants' intentional violations of Fairchild's 14th Amendment rights.

650.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against private citizen Defendants William Edward Windham, A Plus Eviction Service, Ray Galindo, and DOES 1-10, on the fifteenth claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

### SIXTEENTH CLAIM FOR RELIEF
**42 U.S.C. § 1983—Deliberate Indifferent Policies, Practices, Customs, Training, and Supervision in violation of the Fourth and Fourteenth Amendment and in violation 42 U.S.C. § 1983 *Monell* Claim Against the Municipal Defendant Los Angeles County, Defendant Alejandro Villanueva, and Defendant Jacquelyn Lacey**

651.    Plaintiff Alison Helen Fairchild hereby incorporates all other paragraphs of this civil rights complaint as if fully set forth herein.

652.    42 U.S.C. § 1983 provides that:

**Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law**

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 160 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

**shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress.**

653.    Plaintiff in this action is a citizen of the United States and Defendants are a California local government municipality.

654.    Plaintiff Alison Helen Fairchild had the following clearly established rights at the time of Defendants' illegal self-help eviction, and deliberate failure to secure the real property of Fairchild.

a. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation.

b. the right to be free from discrimination by law enforcement under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

c.  the right to be free from discrimination by the Los Angeles County District Attorney's office under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

d.  the right to be free from discrimination by law enforcement pursuant to Title II of the American Disabilities Act of 1990.

e.  the right to be free from discrimination by Los Angeles District Attorney's office pursuant to Title II of the American Disabilities Act of 1990.

f.  the right to arrest and prosecute United States citizens that physically harmed Plaintiff Fairchild.

655.    Defendants Alejandro Villanueva and County of Los Angeles knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

656.    Defendants Jacquelyn Lacey and County of Los Angeles knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

657.    The acts or omissions of these Defendants, as described herein, deprived Plaintiff Fairchild of her constitutional and statutory rights and caused her other damages.

658.    Defendants Alejandro Villanueva and County of Los Angeles are not entitled to qualified immunity for the complained of conduct.

659.    Defendants Jacquelyn Lacey and County of Los Angeles are not entitled to qualified immunity for the complained of conduct.

660.    Defendants Alejandro Villanueva and County of Los Angeles were, at all times relevant, policymakers for the County of Los Angeles and the Los Angeles County Sheriff's Department, and in that capacity established policies, procedures, customs, and/or practices for the same.

661.    Defendants Jacquelyn Lacey and County of Los Angeles were, at all times relevant, policymakers for the County of Los Angeles and the Los Angeles County District Attorney's Office, and in that capacity established policies, procedures, customs, and/or practices for the same.

662.    Defendants Alejandro Villanueva and County of Los Angeles developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of U.S. citizens, which were the moving forces behind and proximately caused the violations of Plaintiff Alison Helen Fairchild's constitutional and federal rights as set forth

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 162 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

663.   Defendants Jacquelyn Lacey and County of Los Angeles developed and maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of U.S. citizens, which were the moving forces behind and proximately caused the violations of Plaintiff Alison Helen Fairchild's constitutional and federal rights as set forth herein and in the other claims, resulted from a conscious or deliberate choice to follow a course of action from among various available alternatives.

664.   Defendant Alejandro Villanueva and the Municipal Defendant County of Los Angeles have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, practices, and/or failed to properly and professionally train and/or supervise their peace officers in a manner that has consistently amounted to deliberate indifference to the constitutional rights of Plaintiff Fairchild and of the public for at least the past decade.

665.   Defendant Jacquelyn Lacey and the Municipal Defendant County of Los Angeles have created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, criminal prosecution related policies, procedures, customs, practices, and/or failed to properly and professionally train and/or supervise their attorneys and civilian employees in a manner that has consistently amounted to deliberate indifference to the constitutional rights of Plaintiff Fairchild and of the public for at least the past decade.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 163 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

666.    In light of the duties and responsibilities of those Los Angeles County Sheriff's Department peace officers who participant in the unconstitutional discrimination of disabled Americans, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

667.    In light of the duties and responsibilities of those Los Angeles County District Attorney's office attorneys who participant in the unconstitutional discrimination of disabled Americans, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

668.    The deliberately indifferent training and supervision provided by Defendants Alejandro Villanueva and County of Los Angeles resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Municipal Defendant County of Los Angeles and its acting sheriff Alejandro Villanueva, and these deliberately indifferent choices and decisions were the moving forces behind the underlying constitutional and federal violation injuries complained of by Plaintiff Alison Helen Fairchild.

669.    The deliberately indifferent training and supervision provided by Defendants Jacquelyn Lacey and County of Los Angeles resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to the Municipal Defendant County of Los Angeles and its acting Los Angeles District Attorney in 2019 and 2020 Jacquelyn Lacey, and these deliberately indifferent choices and decisions were the moving forces behind the underlying constitutional and federal violation injuries complained of by Plaintiff Alison Helen Fairchild.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 164 of 210        *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

670.    We conclude, therefore, that a government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity, is responsible under § 1983. Since this case unquestionably involves official policy as the moving force of the constitutional violation found by the District court, see *supra* at 436 U.S. 660-662, we must reverse the judgment below. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 694-695 (1978). See also 2020 Ninth Circuit case *Nunes v. Arata, Swingle, Van Egmond & Goodwin*, No. 19-16815 (9th Cir. Dec. 29, 2020) at page 7, footnote 3, quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978) at page 691, footnote 55.

671.    Plaintiff Alison Helen Fairchild had the following clearly established rights at the time of the complained conduct:

   a. the right to exercise his constitutional rights of free speech under the First Amendment without retaliation.

   b. the right to be free from discrimination by law enforcement under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

   c.  the right to be free from discrimination by the Los Angeles County District Attorney's office under the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

   d.  the right to be free from discrimination by law enforcement pursuant to Title II of the American Disabilities Act of 1990.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 165 of 210             *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

e.   the right to be free from discrimination by Los Angeles District Attorney's office pursuant to Title II of the American Disabilities Act of 1990.

f.   the right to arrest and prosecute United States citizens that physically harmed Plaintiff Fairchild.

672.   Defendant County of Los Angeles, through its Los Angeles County Sheriff's Department and Sheriff Alejandro Villanueva, had in effect, both before and at the time of the events alleged in this civil rights complaint, several interrelated *de facto* policies, practices, and customs, including *inter alia*:

a.   a policy, practice, and custom of discriminating against disabled persons in violation of the Equal Protection Clause of the Fourteenth Amendment and under 42 U.S.C. § 1981.

c.   a policy, practice, and custom of failing to professionally train or supervise peace officers who engaged in illegal and unconstitutional failures to arrest law breakers at the request of private citizens.

d.   a policy, practice, and custom of discriminating against disabled persons protected under Title II of the American Disabilities Act of 1990.

e.   a policy, practice, and custom of discriminating against disabled persons by failing to arrest U.S.A. citizens that violent pepper spray them.

f.   a policy, practice, and custom of discriminating against disabled persons by giving out a citation for a. second unprovoked pepper spray attack on an U.S. citizen in ten days

g.    a policy, practice, and custom of discriminating against disabled persons by deliberately failing to arrest U.S. citizens for violation of California Penal Code § 853.6(i)(6) and (7) after they had committed a second pepper spray attack on an individual in ten calendar days.

h.    a policy, practice, and custom of discriminating against disabled persons by conducting and completing an inadequate criminal investigation of pepper spray attacks on disabled persons who cannot walk or defend themselves.

i.    a policy, practice, and custom of discriminating against disabled persons by deliberately and intentionally failing to recommend that the district attorney of Los Angeles charge citizens for felony violation of Cal Pen Code § 22810 based upon multiple violent unprovoked peppery spray attack on United States citizens.

j.    a policy, practice, and custom of its head Sheriff [Alejandro Villanueva] condoning, downplaying, accepting, consenting to, ratifying, and never acting against Los Angeles County Sheriff's Department peace officers who on a nearly hourly basis violate the civil rights of many United States citizens.

k.   a policy, practice, and custom of violating Title II of the American Disabilities Act of 1990 while acting under the color of state law.

l.   a policy, practice, and custom of failing to properly discipline Los Angeles County Sheriff's Department peace officers who violate the United States Constitution or law, or otherwise transgress the rights of disabled United States citizens during their interactions with such individuals.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 167 of 210        ALISON HELEN FAIRCHILD, v. wyze labs, inc.

m.  a policy, practice, and custom of intentionally and deliberately failing to provide reasonable public accommodations to fragile disabled women that were protected under Title II of the American Disabilities Act of 1990.

n.  a policy, practice, and custom of intentionally and deliberately failing to secure the apartment of disabled U.S. citizens protected under the American Disabilities Act of 1990.

o.  a policy, practice, and custom of intentionally and deliberately failing to prosecute and arrest real property landlords who criminally trespassed and feloniously broke into the apartments of disabled women.

p.  a policy, practice, and custom of advising U.S. citizens that they would be arrested for legally breaking back into an apartment in which a landlord illegally locked them out of.

q.  a policy, practice, and custom of failing to prosecute and arrest United States citizens for a felony when they intentionally pepper spray the face of another U.S. citizen in violation of California Penal Code § 22810.

s.  a policy, practice, and custom of failing to prosecute, arrest and imprison United States citizens pursuant to California Penal Code § 853.6 (i)(7) when those U.S. Citizens violently attack other U.S. citizens with dangerous pepper spray unprovoked attacks

t.    a policy, practice, and custom of intentionally and deliberately acting under the color of state law while violating the due process of disabled United States citizens.

u.    a policy, practice, and custom of intentionally and deliberately covering up and conspiring to violate the civil rights of Alison Helen Fairchild.

v.    a policy, practice, and custom of intentionally and deliberately failing to provide reasonable public accommodations to fragile and disabled United States citizens.

673.    These interrelated policies, practices, and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of Plaintiff Alison Helen Fairchild's constitutional civil rights violations and injuries, as set forth above.

674.    These interrelated policies, practices, and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiff Fairchild, and violated her civil rights guaranteed by the United States Constitution.

675.    The existence of these interrelated policies, practices and customs can be inferred from numerous incidents reflecting a pattern of Los Angeles County Sheriff's Department's misconduct like that alleged herein.

676.    The existence of these interrelated policies, practices and customs can be inferred from the fact that the incidents of Los Angeles Sheriff's Department misconduct alleged herein were authorized by individuals with policymaking authority in the Los Angeles County Sheriff's Department.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 169 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

677.    Defendant County of Los Angeles, through its Los Angeles County Sheriff's Department and Sheriff Alejandro Villanueva, had in effect, both before and at the time of the events alleged in this civil rights complaint, several interrelated *de facto* policies, practices, and customs, including *inter alia*:

678.    Plaintiff Alison Helen Fairchild's request for punitive damages under the *Monell* legal doctrine is warranted based upon the previous incidents of Defendant County of Los Angeles, and its law enforcement agency Los Angeles County Sheriff's Department, violating the civil rights of many United States citizens.

679.    Defendant County of Los Angeles, through its Los Angeles County District Attorney's Office and District Attorney Jacquelyn Lacey, had in effect, both before and at the time of the events alleged in this civil rights complaint, several interrelated *de facto* policies, practices, and customs, including *inter alia*:

a.    a policy, practice, and custom of discriminating against disabled persons by deliberately and intentionally failing to charge citizens for felony violation of Cal Pen Code § 22810 based upon them attacking multiple citizens on different days.

b.    a policy, practice, and custom of discriminating against disabled persons by deliberately and intentionally failing to charge U.S. citizens for felony violation of Cal Pen Code § 22810 based upon them violently attacking a disabled citizen that could have been killed from the intentional attack based upon

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 170 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

c.   a policy, practice, and custom of discriminating against disabled persons by rejecting the criminal case of U.S. citizens who intentionally and violently pepper spray attack disabled persons suffering from autoimmune illness multiple sclerosis.

c.   a policy, practice, and custom of discriminating against disabled persons by refusing to charge citizens for a felony violation of Cal Pen Code § 22810 after seeing an internet video of them violently pepper spraying another U.S. citizen just days prior to the second pepper spray attack.

680.   These interrelated policies, practices, and customs, separately and/or together, were implemented with deliberate indifference, and were a direct and proximate cause of Plaintiff Alison Helen Fairchild's constitutional civil rights violations and injuries, as set forth above.

681.   These interrelated policies, practices, and customs, separately and/or together, were the direct and proximate cause of the injury and damage to Plaintiff Fairchild, and violated her civil rights guaranteed by the United States Constitution.

682.   The existence of these interrelated policies, practices and customs can be inferred from numerous incidents reflecting a pattern of Los Angeles County District Attorney office's misconduct like that alleged herein.

683.   The existence of these interrelated policies, practices and customs can be inferred from the fact that the incidents of Los Angeles County District Attorney's office's misconduct alleged herein were authorized by individuals with policymaking authority in the Los Angeles County District Attorney's office.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 171 of 210                ALISON HELEN FAIRCHILD, v. wyze labs, inc.

684. Defendant County of Los Angeles, through its Los Angeles County District Attorney's Office and its District Attorney Jacquelyn Lacey, had in effect, both before and at the time of the events alleged in this civil rights complaint, several interrelated *de facto* policies, practices, and customs, including *inter alia*:

685. Plaintiff Alison Helen Fairchild's request for punitive damages under the *Monell* legal doctrine is warranted based upon the previous incidents of Defendant County of Los Angeles, and its criminal prosecution agency Los Angeles County District Attorney's Office, violating the civil rights of many United States citizens.

## VIII.  ALLEGATIONS & FACTS IN SUPPORT OF PUNITIVE DAMAGES AGAINST COUNTY OF LOS ANGELES DEFENDANT PURSUANT TO *MONELL* LEGAL DOCTRINE

(1)    In March 2011 Plaintiff Fairchild's significant other Arogant Hollywood was arrested by L.A.S.D. sheriff deputies in West Los Angeles on Wilshire Blvd. Despite being falsely arrested Hollywood was never taken to court and was placed in an involuntarily mental health department on the 7th floor of LASD's Twin Towers Correctional Facility. While in custody Hollywood was placed in a cell with no mattress and denied meals several times a day. Hollywood was released several days later into a 72-hour hold. Where an ignorant and incompetent psychiatrist decided to have Hollywood drugged and kept longer in custody because Hollywood stated that he was going to sue the doctor.

(2)    In February 2012 L.A.S.D. Altadena detectives and deputies falsely arrested Arogant Hollywood for felony possession of stolen property. The alleged stolen property all belonged to Hollywood himself. The case was rejected by the County of Los Angeles Pasadena district

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 172 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

attorney's office criminal division. In this false arrest Hollywood was arrested on a Friday afternoon, and was then not released until the following Tuesday, as Monday was President's Day. After getting out of jail Altadena sheriffs refused to return Hollywood's property to him and he had to contact Bank of America to obtain receipts and bank statements to prove that the property belonged to him.

(3)   In the spring of 2012 Hollywood was arrested at the Los Angeles County Union Station in downtown for criminal threats. The L.A.SD. deputies even knew the charges were false. Hollywood overheard the arresting deputy telling another that Hollywood had done nothing wrong and that he was creating a false police report to teach Hollywood a lesson about coping an attitude with law enforcement. After nearly four days in custody Hollywood was freed and never charged with a crime.

(4.)    In 2013 L.A.S.D. responded to Hollywood's motel room located at 3474 East Colorado Blvd., Pasadena, CA, to conduct a welfare check on his fiancée Alison Helen Fairchild. After arriving L.A.S.D. peace officer became evil and vindictive after Hollywood refused to open the door for law enforcement. When Hollywood finally opened his motel room door deputies entered, searched his room, and detained Hollywood by placing him in the back of L.A.S.D. marked vehicle. A female sheriff deputy present told Alison to get up and walk. When Fairchild told this unidentified sheriff deputy that she could not walk the sheriff's deputy grabbed her by the arm yanked her up. Fairchild's arm was nearly broken by the gross negligence of this sheriff deputy.

(5.)    From late March 2014 until mid-June 2014 Arogant Hollywood was incarcerated at the both the Men's Central Jail and Twin Towers Correctional Facility. During his incarceration for a three strikes case Fairchild was Hollywood's legal runner. L.A.S.D. deputies' mistreatment Fairchild by calling her homeless, stupid, and subjecting her to many unnecessary searching of

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 173 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

her person and property that invaded her privacy and constitutional 4th Amendment rights.

(6.)    In March 2014, the Los Angeles District Attorney's office made the horrible decision to charge Arogant Hollywood with felony criminal threats. No plea deal was initially offered. After Hollywood fired his public pretender and then later represented himself the deputy D.A. on the case offered Hollywood a plea bargain on the case of five years in state prison. Hollywood was facing 28 years to life in prison because he was on felony probation at the time for a crime he also never committed. Hollywood declined the D.A.'s offer despite his bail being 1.1 million. In June 2014, the case was dismissed after Hollywood filed a criminal demurrer with stated that pursuant to County of Riverside v, McLaughlin, 500 U.S. 44 (1991) his arrest and imprisonment was invalid. The DA kept pursuing the bogus case and this resulted in Hollywood being incarcerated for nearly 75 days for a crime he did not commit.

(7.)   From September 2014 to February 2015 Hollywood was incarcerated at the L.A.S.D. Twins Tower Correctional Facility. While in custody sheriff deputies created false incident reports that landed Hollywood in solitary confinement for thirty or more days. While in custody Hollywood's visitation was denied, his property damaged or lost by deputies and Hollywood was involuntarily placed in mental health housing despite not having any history mental health illness. In violation of *Rosas v. McDonnell* Hollywood's many grievances forms were never answered and/or destroyed.

(8.)    In May 2015 L.A.S.D. deputies assisted residential hotel Golden Motel [located in the unincorporated city limits of San Gabriel] with completing a forceful entry and forceful detainer of Arogant Hollywood and Alison Helen Fairchild's residential hotel room. Pursuant to California Civil Code 1865 Golden Motel could not have legally locked Plaintiff Fairchild and Hollywood out because Golden Motel was a residential hotel under the California Health and Safety Code Section § 50519. Arogant Hollywood

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 174 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

and Alison Helen Fairchild jointly sued Golden Motel in state court in 2015, and additionally sued the motel ownership in federal district court in 2017. See now *Arogant Hollywood, et al v. Wang Golden Enterprises, Inc.* et al 2:17-cv-03519.

(9.)    In April or May 2015 L.A.S.D. nearly shot Fairchild's fiancé Arogant Hollywood to death inside of a Valu Mart grocery store after the assistant manager lied that Hollywood had a gun on him. Despite Hollywood not having a gun on him and the deputies could clearly see that this as Hollywood was shopping in the store when encountered. In addition, L.A.S.D. peace officers took Hollywood out of the store in handcuffs and detained him despite Hollywood being unarmed and done nothing at all wrong.

(10.)    In either June 2015 or July 2015 L.A.S.D. peace officers physically arrested Arogant Hollywood for trespassing at the Valu Mart grocery store located at 6340 Rosemead Blvd., San Gabriel, CA 91775 [address is awfully close to the city of Temple City]. The arrest was bogus because Hollywood was arrested for trespassing on the sidewalk adjacent to the Valu Mart which was owed by city of San Gabriel not the city of Temple City. Despite Hollywood having camera glasses recording of the entire incident L.A.S.D. deputies created a false report that stated that at one point Hollywood was physically on the property of Valu Mart but was found on the sidewalk after deputies arrived. No trespassing ever occurred, and Arogant Hollywood was standing on the sidewalk the entire time of the alleged incident.

(11.)    In March 2016 Arogant Hollywood and his fiancée Alison Helen Fairchild were deboarding Los Angeles County Metropolitan Transportation Authority's Gold Line Metro Light Rail station at the Fillmore Station in Pasadena, CA. Two 2. deputies approached Hollywood and Fairchild. These two L.A.S.D. deputies requested that both Hollywood and Fairchild produce proof of fare. Hollywood explained to the male sheriff-

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 175 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

deputy that Fairchild had misplaced her ACCESS card and was in the process of getting a new one. Nevertheless, this cold and evil L.A.S.D. peace officer still cited Fairchild with a criminal citation! Hollywood and Fairchild were able to retrieve her wrongfully confiscated ACCESS transit pass by visiting Los Angeles County Metropolitan Transportation Authority's headquarters located in downtown Los Angeles.

(12.)    From March 2016 to May 2016 Hollywood was in the custody of L.A.S.D. sheriff deputies. While in custody Hollywood was placed in solidarity confinement, and involuntarily placed him in mental health house when Hollywood had no history of mental health illnesses.

(13.)    In September 2016 judicial officer Darrell Mavis ignored Hollywood's removal of his case from state court to federal court and allowed the Pasadena state court Plaintiff to place Hollywood in default of the unlawful detainer action filed against him. When Hollywood timely filed a motion to set aside default judgment that motion was denied, and the writ of possession could proceed against him. Both Hollywood and Fairchild were wrongfully evicted based upon the unconstitutional actions of the County of Los Angeles.

(14.)    In June 2017 Hollywood was sentenced to the county of Los Angeles after being remanded for violating his misdemeanor probation. While in custody Hollywood had a verbal confrontation with sheriff deputies while being housed on the 7th floor involuntarily. Hollywood stated that he would sue these individual deputies and custody assistants for violating his rights. These LA.S.D. employees responded by placing labels on Hollywood's 7th floor cell that read: COMBATIVE, AGGRESSIVE, DISRUPTIVE. Because of these signs on Hollywood's door deputies would leave his food in front of his cell but not open his cell door. Hollywood did not eat for almost 48 hours before his door was finally opened so that he could get his food. The sheriff deputies and custody's

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 176 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

assistants' actions were cruel and unusual punishment, and in direct violation of Hollywood's 8th Amendment constitutional civil rights. LASD's unconstitutional actions also violated The County of Los Angeles and Los Angeles Sheriff's Department's federal court agreement made in *Rosas v. McDonnell*. See Case No. 2:15-cv-05903.

(15.)   On or about March 15, 2019 L.A.S.D. sheriff deputies falsely arrested Arogant Hollywood after he was the victim of a violent pepper spray attack. The alleged victim Christine lied and stated that Hollywood had attacked her. Hollywood had a video that showed that Christine was the aggressor and attacked him. Hollywood was taken to the hospital and signed a citation to avoid going to jail. A few months later criminal charges were dropped against Hollywood. The county of Los Angeles will be sued under the *Monell* legal doctrine for this incident in late February 2021. Since the attack was unprovoked and during the attack, after the attack, and before the attack Christine Marie Perrette called Hollywood a *"nigger"* The criminal conduct of Christine Perrette should have been charged as a hate crime.

(16.)   On or about March 17, 2019 L.A.S.D. sheriff deputies arrested Arogant Hollywood for allegedly violating a frivolous restraining order filed by Christine **[yes, the same lady that pepper sprayed Hollywood]**. Hollywood was arrested for placing ex-parte application court legal documents on Christine's vehicle. After Hollywood was arrested, he requested that sheriff deputies watch out for his residential hotel room and not allow the landlord Nitin Solanki to illegally lock him out. After Hollywood got out of jail, he immediately noticed that his locks had been changed on his motel room's front door. Hollywood stayed in jail for approximately three days and had to plead no contest to avoid sitting in jail for several months. Shortly after Hollywood was released from custody, he had his restraining order hearing with Christine at the Pomona superior court. Elected Judicial officer Sarah J. Heidel told Christine that Hollywood had not broken the

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 177 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

restraining order by leaving court papers on top of her car! After twenty minutes of cross examination Judge Heidel dissolved Christine's temporary restraining order and denied her request for a permanent one. L.A.S.D. sheriff department will face multiple lawsuits against individuals for this incident shortly, as well as be charged for Monell violations.

(17.)   On the night of March 24, 2019 LASD sheriff deputies failed to take Christine Marie Perrette into custody pursuant to California Penal Code § 853.6 subsection (i) and subparagraphs (6) and (7) as Christine Perrette had violently pepper sprayed Hollywood in an unprovoked attack on March 14, 2019. In addition, since Fairchild was a disabled woman in a wheelchair Perrette's attack should have been charged as a hate crime. Since this was the second time in less than two weeks that Christine Marie Perrette had violated California Penal Code Section 22810 Perrette should have been charged with a felony!

(18.)   On the early morning of March 18, 2020 Alison Helen Fairchild arrived back at her residential hotel room to find that she was locked out by corrupt and evil slumlord Nitin Solanki. On or about March 20, 2020 Hollywood got out of jail and when home to his residential hotel room to find that the locks on his front door had been changed. Hollywood then immediately contacted the L.A.S.D. substation of San Dimas. The sergeant and deputies responding told Hollywood that they could not let him back in after Nitin Solanki had locked him out. When Hollywood told him that by law he could break back into his apartment. L.A.S.D. Sergeant White told Hollywood that if he broke back into his apartment that he would be arrested for a felony. These cold L.A.S.D. refused to help a disabled woman protected under the American Disabilities Act of 1990 after a cold and heartless slum lord had changed her locks while she was in the hospital because an Evergreen Motel tenant had pepper sprayed her. Sergeant White also told Hollywood that his agency spoke to the Los Angeles district attorney's office and had been told that what Nitin Solanki had done was not criminal. It absolutely was criminal!

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 178 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

(19.)  In late January or early February 2020 L.A.S.D. deputies falsely arrested Hollywood at CVS Pharmacy for trespassing. Hollywood was a paying customer and did not break any law on the day of his false arrest at the hands of L.A.S.D. sheriff's department.

(20.)  On March 14, 2020 at approximately 12:30 p.m. L.A.S.D. Temple City sheriff deputies responded to a false police report filed by a Caucasian man and his Caucasian wife. Deputies entered Hollywood's motel front door which was opened at the time. Hollywood told deputies that he had a video that showed that he was innocent and had not threatened anyone. Nevertheless, Hollywood was taken to jail and not allowed to show his video to law enforcement. Once at the station the watch commander also refused to allow Hollywood to show his video to prove his innocent. After being in custody for around 24 hours Hollywood was released and never charged as the Los Angeles County Alhambra district attorney's office rejected LA.S.D. sheriff's felony police report and charging documents. County of Los Angeles and individual sheriff deputies will be sued in federal district court in early March 2020 based on this incident.

(21.)  On June 18, 2020 Los Angeles County Sheriff deputies from the Compton substation shot and killed 18-year-old Andres Guardado in cold blood. The business owner of the store where the incident unfolded reported that several cameras at the scene, including a digital video recorder that stored surveillance footage, were taken and destroyed by L.A.S.D. At a press event Defendant Alejandro Villanueva spoke out against an independent investigation of the cold-blooded homicide. An independent autopsy released by Guardado's family shoed that he had been shot in the back five times. According to a sworn testimony of a whistle blower. Andres Guardado was murdered as part of an initiation into a violent police gang within the Los Angeles Sheriff's Department called the Executioners. The same whistle blower had previously filed a complaint regarding the existence of this "gang".

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 179 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

(22.)   On August 31, 2020 Los Angeles County Sheriff's Department deputies shot and killed 29-year-old Dijon Kizzee, who was African American. Caucasian and Anglo allegedly pulled over Kizzee because he had violated the law while riding his bicycle. A confrontation occurred and then Dijon Kizzee was shot around twenty times, and then handcuffed as he bled on the street to death. After four days of violent protests. The Los Angeles County Board of Supervisors announced that they would consider a motion to seek options to remove Sheriff Alex Villanueva on October 27, 2020 after weeks of a call for him to step down over concerning of his resistance to oversight and transparency. Additional concerns were raised after Villanueva had blocked independent investigations into a string of police shootings, which included the death of Dijon Kizzee. It is no wonder Defendant Alex ignored Fairchild's letters of legal warnings!

(23.)   On June 11, 2020 heartless, cold, and racist Los Angeles County Sheriff's Department peace officers shot and killed Michael Blu Thomas, an unarmed African American male in his sixties. This man was protected by the American Disabilities Act of 1990 because he was on disability from the federal government, only had partial use of his arm, and he had bad eyesight. Like the Kizzee and Guardado killings sheriff Villanueva downplayed the killings. In all three law enforcement homicides L.A.S.D. peace officers claim so kind of self-defense to warrant killing innocent men.

(24.)   On September 17, 2020 Kobe Bryant's widow Vanessa Bryant sued Los Angeles County Sheriff's Department and its sheriff Alejandro Villanueva. The lawsuit alleged that on the day of helicopter crash, Mrs. Bryant personally asked Sheriff Alex Villanueva to designate a no-fly zone over the crash site and to secure it from photographers to protect the families' privacy. Shortly after the Kobe Bryant and seven others crash, one of the L.A.S.D. deputies who had responded shared graphic images from the site with a woman a Norwalk, California bar. The lawsuit alleges that no fewer than 8 sheriff's deputies at the crash site, pulled out their personal cell phones and snapped photos of the dead children, parents and coaches. The law. The lawsuit alleges that these L.A.S.D. deputies took these photos for their own personal gratification. The lawsuit alleges that rather than

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 180 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

informing the victims' families or opening an investigation after learning of the deputies' actions. Sheriff Villanueva instead directed a cover-up by telling the deputies that they would not face discipline if they deleted the horrific and disturbing photographs.

(25.)  In November 2020 Defendant County of Los Angeles was sued after sheriff deputies locked Fairchild out of her self-storage unit based upon a bogus and invalid writ possession. See now case *Fairchild v. Los Angeles County*, 3:21-cv-00291.

## IX. FEDERAL COURT AMERICAN DISABILITIES CIVIL RIGHTS LAWSUITS FILED AGAINST DEFENDANT COUNTY OF LOS ANGELES IN SUPPORT OF *MONELL* CLAIM

Donovan L Haley v. Los Angeles County (2:12-cv-00391) Ivan Galvez v. County of Los Angeles et al (2:16-cv-03979) Hilda Alvarez v. County of Los Angeles et al (2:15-cv-09065) Michael Lopez v. County of Los Angeles, et al (2:15-cv-09153) Andre Baldwin et al v. Los Angeles Sheriff's Department et al (2:13-cv-00089) Chad B Scott v. County of Los Angeles et al (2:13-cv-02498) Thomas Paradiso v. Los Angeles Sheriffs Department et al (2:13-cv-00437) Greater Los Angeles Agency on Deafness, Inc. v. County of Los Angeles (2:14-cv-04269) Charlsa Tina James v. County of Los Angeles et al (2:14-cv-09519) Kenny J Shiloh v. County of Los Angeles (5:15-cv-00207) Jennie Santillan v. City of Los Angeles et al (2:11-cv-07859) Daniel Lopez v. County of Los Angeles et al (2:12-cv-06709) Caleche Ranae Manos et al v. County of Los Angeles et al (2:12-cv-07274) Bernadine Harris et al v. County of Los Angeles et al (2:17-cv-08293) Gabriela Cabrera v. County of Los Angeles et al (2:18-cv-00279) Terry Alexander v. County of Los Angeles et al (2:18-cv-05139) Bernard Williams v. County of Los Angeles et al (2:18-cv-04758) Gabriela Cabrera v. County of Los Angeles et al (2:16-cv-09419) Maryam Mnasakanyan et al v. County of Los Angeles et al (2:18-cv-10376) Antonio Fernandez v. County of Los Angeles et al (2:19-cv-01077) Oliver Coleman v. County of Los Angeles (2:19-cv-02959) Jovany Munoz v. County of Los Angeles et al (2:20-cv-10110) Carlo Maniquez v. County of Los Angeles, et al (2:20-cv-06158) Vaughn Dorsey III et al v. County of Los Angeles et al (2:21-cv-00366) Fred Johnson v. Los Angeles County (2:06-cv-05768) Jeffrey C Robinson v. Los Angeles Superior Court (2:12-cv-01592)

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 182 of 210                    *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

686.    The many above cited and mentioned incidents of Alison Helen Fairchild, Arogant Hollywood, Andres Guardado, Dijon Kizzee, Michael Blu Thomas, Vanessa Bryant, *Amador v. Baca*, 299 F.R.D. 618 (C.D. Cal. 2014), *Rosas v. McDonnell*, Case No. CV 12 -00428-DDP (MRW), and countless more unconstitutional actions of L.A.S.D. and the County of Los Angeles over the past decades show a deliberately indifferent law enforcement agency.

687.    Based upon the many and countless ADA and other civil rights violations of Los Angeles County Sheriff's Department peace officers and the Municipal Defendant County of Los Angeles, the *Monell* legal doctrine must apply here, and the federal district court must hold Defendant County of Los Angeles and its sheriff Alejandro Villanueva liable for punitive damages.

688.    Alejandro Villanueva, A Head Sheriff of L.A.S.D. since 2018, was, by operation of law and a matter of fact, the final decision-maker for Los Angeles County Sheriff's Department with regards to investigative, arrest, custodial, and administrative acts, omissions, and decisions which he made or participated in, as alleged above.

689.    The acts by Defendants angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg  JOHN DOES, & JANE DOES local law enforcement officers directly and proximately caused the constitutional civil rights violations and injury to Plaintiff Alison Helen Fairchild and are directly chargeable to the Defendant County of Los Angeles.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 183 of 210              *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

690.    Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, JOHN DOES, & JANE DOES are not entitled to immunity for the complained of conduct.

691.    Defendant County of Los Angeles were at all times relevant to this civil rights complaint, policymakers for the County of Los Angeles and the Los Angeles Sheriff's Department, and in that capacity established policies, procedures, customs, and/or practices for the Los Angeles Sheriff's Department.

692.    Defendant County of Los Angeles has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and/or practices for the Los Angeles County Sheriff's Department, and/or failed to properly and professionally train and/or supervise its peace officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff Alison Helen Fairchild and of the public.

693.    In light of the duties and responsibilities of those law enforcement peace officers that participate in violating the civil rights of disabled persons, and also non handicapped U.S. citizens, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal civil rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

694.    Former Sheriff Leroy David Baca, and Defendant County of Los Angeles were responsible for Arogant Hollywood's March 11, 2011 false arrest, and jail confinement. The arrest was made

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 184 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were never filed by criminal prosecutors handling the case.

695.    Former Sheriff Leroy David Baca Boca and Defendant County of Los Angeles were responsible for Arogant Hollywood's February 2012 false arrest, malicious prosecution, and jail confinement. The arrest was made only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were never filed by criminal prosecutors handling the case.

696.    Former Sheriff Leroy Baca and Defendant County of Los Angeles were responsible for Arogant Hollywood's Spring of 2012 false arrest, malicious prosecution, and jail confinement. The arrest was made only by Anglo, Hispanic, and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were never filed by criminal prosecutors handling the case.

697.    Former Sheriff Leroy David Baca and Defendant County of Los Angeles were responsible for the unconstitutional acts of mistreatment to Arogant Hollywood and Alison Helen Fairchild in the summer of 2013.

698.    Former Interim Sheriff John L. Scott and Defendant County of Los Angeles were responsible for the unconstitutional L.A.S.D. deputies' mistreatment of Fairchild by calling her homeless, stupid, and subjecting her to many unnecessary searching of her person and property that invaded her privacy and constitutional 4th Amendment rights.

699.    Former Interim Sheriff John L. Scott, Former Sheriff James McDonnell, and Defendant County of Los Angeles were responsible for the mistreatment of Arogant Hollywood from

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 185 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

September 2014 until February 2015. The mistreatment led to Fairchild suffering from intentional infliction of emotional distress.

700.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unlawful and unconstitutional actions of L.A.S.D. deputies assisting residential hotel Golden Motel with completing a forceful entry and forceful detainer of Arogant Hollywood and Alison Helen Fairchild's residential hotel room.

701.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unlawful and unconstitutional actions of L.A.S.D. deputies who nearly shot and killed an unarmed Arogant Hollywood as he was shopping at the Valu Mar grocery store for his fiancée Alison Helen Fairchild. L.A.S.D. peace officers falsely detained Hollywood without reasonable suspicion and/or probable cause.

702.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unlawful and unconstitutional actions of L.A.S.D. deputies who falsely arrested Alison Helen Fairchild's fiancé Arogant Hollywood for remaining on a public sidewalk that was by the County of Los Angeles, as it was the unincorporated city section of San Gabriel.

703.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unconstitutional L.A.S.D. deputies' mistreatment of Alison Helen Fairchild in late March 2016. Which led to Fairchild being falsely detained and issued a bogus criminal citation that has since been dismissed by a judge of the Pasadena Superior Court.

704.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unlawful and unconstitutional actions of L.A.S.D. Twin Towers Correctional Facility personnel who from March 2016 until May 2016 placed Hollywood in solidarity confinement and

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 186 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

involuntarily placed him in mental health housing when Hollywood had no history of mental health illnesses.

705.    Former Sheriff James McDonnell and Defendant County of Los Angeles were responsible for the unlawful and unconstitutional actions of L.A.S.D. Twin Towers Correctional Facility personnel who in early June 2017 conspired to starve Hollywood for nearly 48 hours and created a frustrating, hostile, and emotionally distressful environment for Hollywood to complete his jail sentence.

706.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for Arogant Hollywood's March 15, 2019 false arrest, and jail confinement. The arrest was made only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were never filed by criminal prosecutors handling the case.

707.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for Arogant Hollywood's March 17, 2019 false arrest, and jail confinement. The arrest was made only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were filed against Hollywood, and Hollywood spent time in jail for doing nothing wrong whatsoever.

708.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for ADA violations when L.A.S.D. peace officer sergeant White refused to assist a disabled Fairchild with getting back into her residential hotel room after corrupt and evil slumlord Nitin Solanki had locked her out of her residential hotel room of the past two months without due process of law.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 187 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

709.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for Arogant Hollywood's late January 2020 or early February 2020 false arrest, and jail confinement. The arrest was made only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were filed against Hollywood, and Hollywood spent time in jail for doing nothing wrong whatsoever.

710.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for Arogant Hollywood's March 14, 2020 false arrest, malicious prosecution, and jail confinement. The arrest was made only by Anglo and Caucasian Los Angeles County Sheriff's Department deputies and sergeants that were upset with Plaintiff Fairchild's fiancé Arogant Hollywood. These false criminal charges were never filed by criminal prosecutors handling the case.

711.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for the senseless and inhumane homicides of victims Andres Guardado, Dijon Kizzee, and Michael Blu Thomas.

712.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for the gross negligence of not securing the helicopter crash site of Kobe Bryant, his daughter and seven others even after requested to do so personally by Vanessa Bryant.

713.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for the gross negligence of not securing the home of a disabled woman while she was in the hospital for being violently pepper sprayed.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 188 of 210            ALISON HELEN FAIRCHILD, v. wyze labs, inc.

714.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for the gross negligence of failing to arrest Christine Marie Perrette for a felony after her second hate crime style pepper spray attack on a protected class of United States citizens.

715.    Defendant Alejandro Villanueva, and Defendant County of Los Angeles were responsible for the gross negligence of LASD sheriff deputies and sergeants preventing a disabled person access to her apartment after a slumlord had locked her out while she was hospitalized.

716.    The deliberate indifference to training and supervision by Defendant County of Los Angeles resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant County of Los Angeles and was the moving forces in the constitutional and federal violations complained of by Plaintiff Alison Helen Fairchild.

717.    Jacquelyn Lacey, District Attorney of Los Angeles County. From 2012 until her unseat in late 2020, was, by operation of law and a matter of fact, the final decision-maker for Los Angeles County District Attorney's Office with regards to investigative, arrest, custodial, and administrative acts, omissions, and decisions which he made or participated in, as alleged above.

718.    The acts by Defendants, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, JOHN DOES, & JANE DOES local law enforcement attorneys directly and proximately caused the constitutional civil rights violations and injury to Plaintiff Alison Helen Fairchild and are directly chargeable to the Defendant County of Los Angeles.

719.    Defendants deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, JOHN DOES, & JANE DOES are not entitled to immunity for the complained of conduct.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 189 of 210        ALISON HELEN FAIRCHILD, v. wyze labs, inc.

720.    Defendant County of Los Angeles were at all times relevant to this civil rights complaint, policymakers for the County of Los Angeles and the Los Angeles District Attorney's Office, and in that capacity established policies, procedures, customs, and/or practices for the Los Angeles District Attorney's Office.

721.    Defendant County of Los Angeles has created and tolerated an atmosphere of lawlessness, and have developed and maintained long-standing, department-wide customs, law enforcement related policies, procedures, customs, and/or practices for the Los Angeles County District Attorney's office, and/or failed to properly and professionally train and/or supervise its criminal attorneys in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff Alison Helen Fairchild and of the public.

722.    In light of the duties and responsibilities of those law enforcement criminal attorneys that participate in violating the civil rights of disabled persons, and also non handicapped U.S. citizens, the need for specialized training and supervision is so obvious, and the inadequacy of training and/or supervision is so likely to result in the violation of constitutional and federal civil rights such as those described herein that the failure to provide such specialized training and supervision is deliberately indifferent to those rights.

723.    Former District Attorney Jacquelyn Lacey, and Defendant County of Los Angeles were responsible for failing to charge Christine Marie Perrette for a hate crime after she violently pepper sprayed Plaintiff's fiancé Arogant Hollywood and then called him a *"nigger"*.

724.    Former District Attorney Jacquelyn Lacey, and Defendant County of Los Angeles were responsible for failing to charge Christine Marie Perrette for a felony violation of California Penal Code § 22810 after her second unprovoked pepper spray attack on a United States citizen in ten calendar days.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 190 of 210                 *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

725.    Former District Attorney Jacquelyn Lacey, and Defendant County of Los Angeles were responsible for failing to charge Christine Marie Perrette for a felony violation of California Penal Code § 22810 after she violently pepper sprayed a disabled woman in a wheelchair who suffered from autoimmune disease multiple sclerosis.

726.    As a direct result of Defendants' unlawful conduct, Plaintiff Fairchild has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling her to compensatory and special damages. Plaintiff Fairchild is further entitled to attorney's fees and costs pursuant to 42 U.S.C. § 1988., pre-judgment interest and costs as allowable by federal law.

727.    The deliberate indifference to training and supervision by Defendant County of Los Angeles of its criminal law enforcement attorneys resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant County of Los Angeles and was the moving forces in the constitutional and federal violations complained of by Plaintiff Alison Helen Fairchild.

728.    The deliberate indifference to training and supervision by Defendant County of Los Angeles of its criminal law enforcement peace officers resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to Defendant County of Los Angeles and was the moving forces in the constitutional and federal violations complained of by Plaintiff Alison Helen Fairchild.

729.    As a direct result of Defendants Alejandro Villanueva and County of Los Angeles' unlawful conduct, Plaintiff Fairchild has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 191 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

730.    As a direct result of Defendants Jacquelyn Lacey and County of Los Angeles' unlawful conduct, Plaintiff Fairchild has suffered actual physical and emotional injuries, and other damages and losses as described herein entitling him to compensatory and special damages, in amounts to be determined at trial.

731.    As a further result of the Defendants Alejandro Villanueva and County of Los Angeles' unlawful conduct, Plaintiff Fairchild has incurred special damages, including psychologically related expenses and may continue to incur further psychological or other special damages related expenses, in amounts to be established at trial.

732.    As a further result of the Defendants Jacquelyn Lacey and County of Los Angeles' unlawful conduct, Plaintiff Fairchild has incurred special damages, including psychologically related expenses and may continue to incur further psychological or other special damages related expenses, in amounts to be established at trial.

733.    The conduct of Defendants Alejandro Villanueva and County of Los Angeles as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants Alejandro Villanueva and County of Los Angeles, in an amount appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

734.    The conduct of Defendants Jacquelyn Lacey and County of Los Angeles as described herein was oppressive, fraudulent, and malicious, done in conscious disregard of Plaintiff Alison Helen Fairchild's constitutional rights. Plaintiff Fairchild is thereby entitled to an award of punitive damages against Defendants Jacquelyn Lacey and County of Los Angeles, in an amount

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 192 of 210                  ALISON HELEN FAIRCHILD, v. wyze labs, inc.

appropriate to punish and make an example of Defendants, and in an amount to conform to proof.

735.    **WHEREFORE**, Plaintiff Alison Helen Fairchild demands judgment against Defendants County of Los Angeles, Alejandro Villanueva, and Jacquelyn Lacey on the twenty-seventh claim for relief of the Plaintiff's civil rights complaint in the amount that will justly compensate Ms. Fairchild for her damages, together with costs and attorneys' fees in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Alison Helen Fairchild respectively prays for judgment on the above-alleged claims for relief against Defendants wyze labs, inc., dave crosby, los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, & DOES 1-10

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 193 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

1.    Pursuant to 42 U.S.C. § 1981, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, , jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, and DOES 1-10's misconduct alleged in this civil rights complaint.

2.    Pursuant to 42 U.S.C. § 1981, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, , jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex Villanueva and DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

3.    Statutory disbursements, costs, expert fees, and attorney's fees authorized under 42 U.S.C. § 1988(b), and such further and other relief as the court deems just and proper.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 194 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

4.    Pursuant to 42 U.S.C. § 18116, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Ms. Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4,  lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, , jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva and DOES 1-10's misconduct alleged in this civil rights complaint.

5.    Pursuant to 42 U.S.C. § 18116, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff  sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, , jane doe court clerk 1, jane doe court clerk 2, john doe court clerk 3, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex Villanueva, and DOES 1-10's  for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discrimination behavior.

6.    Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 195 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

caused by Defendants randy galindo, a plus eviction service, william edward windham, and DOES 1-10's misconduct alleged in this civil rights complaint.

7.     Pursuant to 42 U.S.C. § 1983, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, and DOES 1-10's misconduct alleged in this civil rights complaint.

8.     Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, and DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 196 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

deter Defendants from future discriminatory behavior.

9.    Pursuant to 42 U.S.C. § 1983, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants randy galindo, a plus eviction service, william edward windham, DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

10.    Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants wyze labs, inc., dave crosby, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham, & DOES 1-10's misconduct alleged in this civil rights complaint.

11.    Pursuant to 42 U.S.C. § 1985, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 197 of 210         *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva, & DOES 1-10's misconduct alleged in this civil rights complaint.

12.    Pursuant to 42 U.S.C. § 1985, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants wyze labs, inc., dave crosby, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham & DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

13.    Pursuant to 42 U.S.C. § 1985, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva & DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 198 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

deter Defendants from future discriminatory behavior.

14.    Pursuant to 42 U.S.C. § 12203(b), award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants wyze labs, inc., dave crosby, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham & DOES 1-10's misconduct alleged in this civil rights complaint.

15.    Pursuant to 42 U.S.C. § 12203(b), award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva & DOES 1-10's misconduct alleged in this civil rights complaint.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 199 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

16. Pursuant to 42 U.S.C. § 12203(b), award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants wyze labs, inc., dave crosby, christine marie perrette, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, jane doe (room 110), jane doe (room 205A), matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham & DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

17. Pursuant to 42 U.S.C. § 12203(b), award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva & DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 200 of 210            *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

18.    Pursuant to 42 U.S.C. § 12132, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva & DOES 1-10's misconduct alleged in this civil rights complaint.

19.    Pursuant to 42 U.S.C. § 12132, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants los angeles county sheriff deputy 1, los angeles county sheriff deputy 2, los angeles county sheriff deputy 3, los angeles county sheriff deputy 4, lieutenant doe, los angeles county sheriff detective doe, los angeles county sheriff sergeant doe, sergeant nicole davis, captain andy berg, los angeles county district attorney's office, jacquelyn lacey, deanne castorena, jane doe deputy district attorney 1, jane doe deputy district attorney 2, jane doe court clerk 1, jane doe court clerk 2, john doe court clerk, john doe court clerk, los angeles county, los angeles county sheriff's department, sheriff alex villanueva & DOES 1-10's for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 201 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

20.    Pursuant to California Civil Code § 51.7, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants nitin bhanubhai solanki, sobi investments, llc, evergreen inn motel, christine marie perrette mrs. solanki, jane doe (room 110), jane doe (room 205A). grubhub llc, grubhub inc., matt mayer maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10's misconduct alleged in this civil rights complaint.

21.    Pursuant to California Civil Code § 51.7, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants nitin bhanubhai solanki, sobi investments, llc, evergreen inn motel, christine marie perrette mrs. solanki, jane doe (room 110), jane doe (room 205A), grubhub llc, grubhub inc., matt mayer maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

22.    Pursuant to California Civil Code § 52.1, award compensatory damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury that would fully compensate Plaintiff Fairchild for the injuries, emotional harm, mental anguish, embarrassment, humiliation, and degradation caused by Defendants nitin bhanubhai solanki, sobi investments, llc, evergreen inn motel, christine marie perrette mrs. solanki, jane doe (room 110), jane doe (room 205A). grubhub llc, grubhub inc., matt mayer maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10's misconduct alleged in this civil rights complaint.

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 202 of 210          ALISON HELEN FAIRCHILD, v. wyze labs, inc.

23. Pursuant to California Civil Code § 52.1, award punitive damages to Plaintiff Alison Helen Fairchild in an amount determined by the jury, but no less than three times the amount of actual damages, that would punish Defendants nitin bhanubhai solanki, sobi investments, llc, evergreen inn motel, christine marie perrette mrs. solanki, jane doe (room 110), jane doe (room 205A), grubhub llc, grubhub inc., matt mayer maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10 for the intentional, willful, wanton, and reckless misconduct alleged in this civil rights complaint and that would effectively deter Defendants from future discriminatory behavior.

24. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of civil conspiracy as alleged against Defendants nitin bhanubhai solanki, sobi investments llc, christine marie perrette, evergreen inn, jane doe (room 110), jane doe room 205A, grubhub llc, grubhub inc., matt mayer Maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, dave crosby, randy galindo, william edward windham, a plus eviction service, wyze labs, inc.  & DOES 1-10.

25. Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence as alleged against Defendants nitin bhanubhai solanki, sobi investments llc, christine marie perrette, evergreen inn, jane doe (room 110), jane doe room 205A, grubhub llc, grubhub inc., matt mayer Maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, dave crosby, randy galindo, william edward windham, a plus eviction service, wyze labs, inc, & DOES 1-10.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 203 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

26.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of gross negligence as alleged against Defendants nitin bhanubhai solanki, sobi investments llc, christine marie perrette, evergreen inn, jane doe (room 110), jane doe room 205A, grubhub llc, grubhub inc., matt mayer Maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, dave crosby, randy galindo, william edward windham, a plus eviction service, wyze labs, inc & DOES 1-10.

27.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence per se as alleged against Defendants nitin bhanubhai solanki, sobi investments llc, christine marie perrette, evergreen inn, jane doe (room 110), jane doe room 205A, grubhub llc, grubhub inc., matt mayer Maloney, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, dave crosby, randy galindo, william edward windham, a plus eviction service, wyze labs, inc& DOES 1-10.

28.   Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence supervision as alleged against Defendants nitin bhanubhai solanki, sobi investments, llc, evergreen inn, matt mayer maloney, grubhub llc, grubhub inc., just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10.

29.    Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of negligence intentional infliction of emotional distress as alleged against Defendants wyze labs, inc., dave crosby, nitin bhanubhai solanki, mrs. solanki, sobi investments, llc, evergreen inn, matthew mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang,

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 204 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

randy galindo, a plus eviction service, william edward windham & DOES 1-10.

30.    Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of battery as alleged against Defendant christine marie perrette.

31.    Award Plaintiff Alison Helen Fairchild damages in an amount to be determined at trial to compensate her for the tort of assault as alleged against Defendant christine marie perrettee.

32.    Award Plaintiff statutory damages in an amount equal to no less than three times Plaintiff's damages, that would punish Defendants nitin bhanubhai solanki, sobi investments, llc, mrs. solanki, evergreen inn, wyze labs, inc., dave crosby , matt mayer maloney, grubhub llc, just eat takeaway.com n.v. (doing business in the united states as grubhub inc), yun zhang, randy galindo, a plus eviction service, william edward windham & DOES 1-10 for their malicious, willful, wanton, callous, and reckless conduct and effectively deter Defendants from engaging in similar conduct, including but not limited to, disability and racial discrimination, violations of Title II of the Civil Rights Act of 1964 and Title II of the American Disabilities Act of 1990, in the future.

33.    Award Plaintiff Alison Helen Fairchild compensatory and punitive damages against Defendants nitin bhanubhai solanki, sobi investments, llc, mrs. solanki, evergreen inn nitin bhanubhai solanki, christine marie perrette, evergreen inn, jane doe (room 110), jane doe room 205A, and DOES 1-10 including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 7,000,000** or such greater amount as may be set by a jury.

---

Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery
−Page 205 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

34. Award Plaintiff Alison Helen Fairchild compensatory and punitive damages against Defendants grubhub llc, matt mayer Maloney, grubhub inc., just eat takeaway.com n.v. (doing business in the united states as grubhub inc) & DOES 1-10, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 7,000,000** or such greater amount as may be set by a jury.

35. Award Plaintiff Alison Helen Fairchild compensatory and punitive damages against Defendants randy galindo, a plus eviction service, william edward windham & DOES 1-10 & DOES 1-10, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 7,000,000** or such greater amount as may be set by a jury.

36. Award Plaintiff Alison Helen Fairchild compensatory and punitive damages against Defendants wyze labs, inc., dave crosby, & DOES 1-10, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by the law in an amount of **$ 7,000,000** or such greater amount as may be set by a jury.

37. Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) award Plaintiff Fairchild damages against the Municipal Defendant Los Angeles County in the amount of $ **7,000,000** in order to deter similar conduct and civil rights violations in the future by Los Angeles County and its sheriff Alex Villanueva.

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**
−Page 206 of 210          *ALISON HELEN FAIRCHILD, v. wyze labs, inc.*

38.     Pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) award Plaintiff Fairchild damages against the Municipal Defendant Los Angeles County in the amount of $ **7,000,000** in order to deter similar conduct and civil rights violations in the future by Los Angeles County and its former Los Angeles County District Attorney Jacquelyn Lacey.

39.     Award Plaintiff Alison Helen Fairchild general damages for pain and suffering, mental and emotional trauma and anguish, as alleged herein according to proof.

40.     Award Plaintiff Alison Helen Fairchild prejudgment and post-judgement interest.

41.     Pursuant to 42 U.S.C. § 1981, *et seq*, 42 U.S.C. § 12101, *et seq.*, and 42 U.S.C. § 18116, and/or as otherwise allowable by statute or law, award Plaintiff Alison Helen Fairchild her reasonable attorneys' fees and costs.

42.     Award Plaintiff Alison Helen Fairchild their reasonable attorney fees, costs, and expenses pursuant to 42 U.S.C. § 1988 and other applicable law.

43.     Order all other and further relief as the Court may deem equitable, just, and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Plaintiff Alison Helen Fairchild demands a trial by jury for all issues triable by jury.

**Respectfully Submitted,**

**DATED:** March 23, 2021

**Alison Helen Fairchild**

---

**Verified Civil Rights Complaint for General Damages, Compensatory Damages, Special Damages and Declaratory Relief for Violation of the American With Disabilities Act of 1990 [42 U.S.C. §§ 12203, 12132, Violation of Cal Civ. Code §§ 51.7 & 52.1, 42 U.S.C. §§ 1983, & 1985, Civil Conspiracy, Negligence, Gross Negligence, Negligence Per Se, Negligent Intentional Infliction of Emotional Distress, Assault, & Battery**

## VERIFICATION OF PLAINTIFF ALISON HELEN FAIRCHILD

United States of America

State of California

City of San Diego, California, Within the County of San Diego

I, **ALISON HELEN FAIRCHILD**, being duly sworn, say:

I, **ALISON HELEN FAIRCHILD**, am the lead Plaintiff in the above-entitled action and proceeding. I have read the foregoing**:**

**VERIFIED COMPLAINT FOR GENERAL DAMAGES, COMPENSATORY DAMAGES, & SPECIAL DAMAGES for: VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964 [42 U.S.C. §§ 1983, & 1985; VIOLATION OF [42 U.S.C. § 12203(b)] (retaliation, intimidation, threats, and interference of civil rights); VIOLATION OF CALIFORNIA CIVIL CODE § 51.7; VIOLATION OF CALIFORNIA CIVIL CODE §§ 51.7, & 52.1; VIOLATION OF 14TH AMENDMENT CONSTITUTIONAL RIGHTS; NEGLIGENCE; NEGLIGENCE PER SE; CIVIL CONSPIRACY; NEGLIGENT INTENTIONAL INFLICTION OF EMOTIONAL OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, ASSAULT, BATTERY, & GROSS NEGLIGENCE.**

and know the contents thereof. The facts stated therein are true and within my personal knowledge, [except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true], and if called upon to testify I would competently testify as to the matters stated herein.

**I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

DATED:   **March 23, 2021**

**Alison Helen Fairchild, Plaintiff in Lawsuit**