UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALISON HELEN FAIRCHILD, | CASE NO. 21-cv-397 |
| Plaintiff, | ORDER ON DEFENDANTS' MOTION TO DISMISS |
| v. | |
| WYZE LABS INC., et al., | |
| Defendant. | |

This matter comes before the Court on Defendant Grubhub LLC's Motion to Dismiss (Dkt. No. 17), Defendants Dave Crosby, Wyze Labs Inc., and Yun Zhang's Motion to Dismiss (Dkt. No. 23), and Defendants Los Angeles County, Los Angeles County District Attorney's Office, Los Angeles County Sheriff's Department, and Sheriff Alex Villanueva's Motion to Dismiss (Dkt. No. 57). The Court having reviewed the Motions, Plaintiff's Response to Grubhub's Motion to Dismiss (Dkt. No. 30), the Replies (Dkt. Nos. 20, 32, 33, and 68), and all relevant materials, GRANTS Defendants' Motions to Dismiss.

|   |   |
|---|---|
| 1 | The Court also considers Plaintiff's Ex-Parte Motion to Order One Hearing Date for All |
| 2 | Motions to Dismiss (Dkt. No. 27), Plaintiff's Motion for Leave to File an Over-length Brief |
| 3 | (Dkt. No. 31), and Plaintiff's Motion for Extension of Time to File Response (Dkt. No. 36). The |
| 4 | Court GRANTS Plaintiff's motions to file an overlength brief and for extension of time (Dkt. |
| 5 | Nos. 31, 36); but DENIES Plaintiff's Motion to Order One Hearing as the Court does not find a |
| 6 | hearing is warranted. |

### BACKGROUND

Plaintiff Alison Fairchild seeks redress for a violation of the Americans with Disabilities Act, 42 U.S.C. § 12203; Violation of California Civil Codes §§ 51.7, 52.1; Conspiracy to interfere with Fairchild's civil rights in Violation of 42 U.S.C. § 1985; Violation of 42 U.S.C. § 1983; and various tort violations including, civil conspiracy, negligence, gross negligence, negligence per se, intentional infliction of emotional distress, assault and battery. All of these claims stem from Fairchild and her fiancé's interpersonal conflicts with another resident and their landlord at their California apartment complex in the Spring of 2019. (See Complaint at 41-42, 44-52.)

Fairchild filed this lawsuit against thirty-six Defendants, and many unidentified "Does." (Pl. Complaint at 1 (Dkt. No. 3).) The Court previously dismissed thirty-nine Defendants for failing to identify all defendants identified as "Doe" and for failure to prosecute. (See June 29, 2021 Order; Dkt. Nos. 60, 69, 70.) The remaining Defendants filed the respective motions to dismiss now before the Court. (Dkt. Nos. 17, 23, 57.)

**A.   Alleged Facts against Grubhub LLC**

Grubhub Inc.'s involvement in this case arises from Fairchild's belief that her neighbor, whom she has the underlying dispute with, is a Grubhub employee. (Pl. Compl. ¶ 114). Fairchild

allegedly emailed Grubhub twice to assert that it was responsible for the actions of its employee, Fairchild's neighbor, and that both the neighbor and Grubhub were violating her rights. (Id. at ¶¶ 114, 116.) The initial violation appears to stem from the neighbor parking in front of Fairchild's apartment, which blocked her access to the Uber vehicles Fairchild utilized to get around. (Id. at ¶ 14.) Fairchild claims that Grubhub failed to intervene or otherwise take corrective action for its employee after Fairchild alerted Grubhub to the neighbor's behavior, which resulted in the neighbor pepper spraying Fairchild and her fiancé on separate occasions. (Id.) Fairchild now brings claims alleging Grubhub violated her rights under the Americans with Disabilities Act ("ADA"), conspired to interfere with her civil rights in Violation of 42 U.S.C. § 1985, violated California Civil Code §§ 51.7, 52.1, and committed several torts including civil conspiracy, negligence, gross negligence and negligence per se, and intentional infliction of emotional distress.

**B.     Alleged Facts against Defendants Crosby, Zhang, and Wyze Labs Inc.**

Defendants Wyze Labs, Inc., Chief Executive Office Yun Zhang, and Chief Marketing Officer Dave Crosby (collective "Wyze") manufacture and sell smart-home products, including cameras. (Wyze Motion to Dismiss at 1 (Dkt. No. 23). One of these products is the "Wyze Cam Pan," an indoor camera that detects and tracks motion within its field of view. (Id.) Consumers are able to view the video footage in real time using the "Wyze App" and are also able to record twelve second videos upon the detection of motion or sound. (Id. at 1-2.) These videos are uploaded to the cloud where they remain accessible to consumers for fourteen days. (Id. at 2.)

Fairchild apparently owned two Wyze Cam Pan's, which were located on the seal of her apartment's only window. (Pl. Compl. ¶ 140.) Fairchild claims that on or around March 27, 2019, now dismissed Defendant Nitin Solanki, Fairchild's landlord, and his maintenance

1 employee, entered her apartment to evict her and emptied her apartment of all her belongings

2 when she was not there. (Id.) Fairchild states that at the time her Wyze cameras had the cloud

3 recording feature enabled and should have recorded Solanki's entry. (Id.) However, Fairchild

4 was unable to find any videos of the entrance on her cloud account. (Id. at ¶ 142.) Because of her

5 inability to find the videos, Fairchild emailed Wyze asking them to preserve any video footage

6 from her account, as she believed they would have access. (Id.) Fairchild claims that Wyze never

7 responded to this email. (Id.) Fairchild emailed Wyze again on August 19, 2020, asking it to turn

8 over the video footage she had previously requested Wyze preserve. (Id. at ¶ 151.) Again, Wyze

9 did not respond. (Id.)

10       As a result of Wyze's failure to respond and inability to produce the alleged footage,

11 Fairchild brings claims against Wyze for violation of the ADA, Conspiracy to Interfere with

12 Civil Rights in Violation of 42 U.S.C. § 1985, violation of California Civil Code §§ 51.7, 52.1,

13 along with civil conspiracy, negligence, gross negligence and negligence per se, and intentional

14 infliction of emotional distress.

15 **C.      Alleged Facts Against Los Angeles County**

16       Fairchild brings claims against Los Angeles County, Los Angeles County Sheriff's

17 Department, Los Angeles County Sheriff Alex Villanueva, and Los Angeles County District

18 Attorney's Office. Fairchild claims that after her neighbor pepper sprayed her, the Los Angeles

19 County Sheriff's Department violated her rights by not taking her neighbor into custody and by

20 failing to investigate, and that the District Attorney's office failed by not charging her neighbor.

21 (Pl. Compl. ¶¶ 127, 150.) Fairchild also claims the Sheriff's Department failed to secure her

22 apartment from eviction and prevented her from reentering her home. (Id. at ¶¶130, 138.)  As a

23 result, Fairchild brings for violation of the ADA, Conspiracy to Interfere with Civil Rights in

24

ORDER ON DEFENDANTS' MOTION TO DISMISS - 4

Violation of 42 U.S.C. § 1985, violation of California Civil Code §§ 51.7, 52.1, along with civil conspiracy, negligence, gross negligence and negligence per se, and intentional infliction of emotional distress.

**ANALYSIS**

**1.    Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted**

Defendants Grubhub and Wyze bring individual motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Grubhub also asserts lack of personal jurisdiction and improper venue. Defendant Los Angeles County's Motion to Dismiss argues improper venue under 28 U.S.C. §§ 1391 and 1406. Because the Court finds that Fairchild has failed to state a claim upon which relief can be granted against all Defendants, it addresses the motions to dismiss on that issue alone.

The question for the Court on a motion to dismiss under Rule 12(b)(6) is whether the facts alleged in the complaint sufficiently state a "plausible" ground for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Court must "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted). And because Fairchild is pro se, the Court must construe her Complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed.").

To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege "enough facts tot state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Under the Federal Rule of Civil Procedure 8(a)(2), a party must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff need not give "detailed factual allegations," but must plead sufficient facts that, if true, "raise a right to

relief above the speculative level." Twombly, 550 U.S. at 545. To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Courts have previously found that Rule 8(a) is violated when a pleading is needlessly long, highly repetitious, confused, or consisted or incomprehensible rambling. Cafasso, U.S. ex rel. v. Gen Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011). And while the Ninth Circuit has previously held that "verbosity or length is not by itself a basis for dismissing a complaint," Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 1996) dismissal is proper when the complaint is confusing and conclusory. See Cafasso, 637 F.3d at 1058-59 (collecting cases).

Fairchild's complaint is 210 pages long and alleges sixteen causes of action. The complaint is at times confusing, contains irrelevant details and is highly argumentative. All of the claims appear to stem from Fairchild's issues with her landlord and neighbor, neither of which are current defendants to this action. Fairchild's allegations as to the current Defendants are highly conclusive, especially in light of the Defendants ancillary involvement in the underlying dispute. For instance, Fairchild claims Grubhub is liable for her neighbor's actions without proof that her neighbor is in fact a Grubhub employee or that she was working at the time of the incidents. (Pl. Compl. at ¶ 114.) It is unclear how Defendants are liable for any of the claims asserted by Fairchild or even the legal basis for Fairchild's claims. Even liberally construed,

1  Fairchild's allegations do not state a claim to relief that is plausible on its face as it applies to
2  these Defendants. For these reasons, the Court DISMISSES the Complaint with prejudice.
3       The clerk is ordered to provide copies of this order to all counsel.
4       Dated August 11, 2022.

*(signature)*

Marsha J. Pechman
United States Senior District Judge